*Exh #3*
*pages 1-12*

# OFFICE OF THE CIRCUIT COURT CLERKS OF COOK COUNTY
## 2650 S, CALIFORNIA – 5TH FLOOR
### CHICAGO ILLINOIS 60608
#### (773) 869-3143

DATE: __FEBRUARY 28,2005__

|                                          |   |
|------------------------------------------|---|
| PETITIONER                               | ) |
|                                          | ) |
| VS.                                      | ) |
|                                          | ) |
| THE PEOPLE OF THE STATE OF ILLINOIS      | ) |
| RESPONDENT                               | ) |

CASE NO: __98CR30064-01__

TO:   __KEVIN PATTERSON A-83515__

ADDRESS:   __P.O. BOX 900__

CITY & STATE:   __TAYLORVILLE,ILLINOIS 62568__

## NOTICE

Pursuant to Illinois Supreme Court Rule 651, as Amended and Adopted on January 25, 1996, and effective the same day to read as follows:

"You are hereby notified that on __FEBRUARY 25,2005__ the court entered an order, a copy of which is enclosed herewith. You have a right to appeal. In the case of an appeal from a post-conviction proceeding involving a judgment imposing a sentence of death, the appeal is to the Illinois Supreme Court. In all other cases, the appeal is to the Illinois Appellate Court in the district in which the circuit court is located. If you are indigent, you have a right to a transcript of the record of the post-conviction proceedings and to the appointment of counsel on appeal, both without cost to you. To preserve your right to appeal you must file a notice of appeal in the trial court within 30 days from the date the order was entered."

Clerk of the Circuit Court

2,

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT – CRIMINAL DIVISION

PEOPLE OF THE STATE OF ILLINOIS )
)
VS. )          CASE NO. 98CR30064-01
)
KEVIN PATTERSON )
)

### CERTIFIED REPORT OF DISPOSITION

The following disposition was rendered before the Honorable Judge

DANIEL DARCY ON FEBRUARY 25, 2005 POST CONVICTION PETITION DENIED.

I hereby certify that the foregoing has been entered of record on the above-captioned case.

Date: FEBRUARY 28, 2005

_____
, Clerk of the Circuit Court

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILE:POSTCONVICTION1.WP

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CRIMINAL DIVISION

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, ) Plaintiff-Respondent, ) ) v. ) ) KEVIN PATTERSON, ) Defendant-Petitioner. ) | Post-Conviction No. 98 CR 30064 |

## ORDER

Petitioner, Kevin Patterson (hereinafter, "petitioner"), pursuant to the provisions of the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq. (West 2004), seeks relief from the judgment of conviction entered against him in the above-entitled cause. As grounds for post-conviction relief, petitioner claims that: 1) he was denied effective assistance of trial counsel; 2) the trial court failed to dismiss the indictment because there was perjured testimony given to the Grand Jury; and 3) he was denied effective assistance of appellate counsel for not raising numerous issues on direct appeal.

## BACKGROUND

Following a bench trial, petitioner was found guilty of three counts of attempted armed robbery and unlawful use of a weapon by a felon. This court imposed a Class X sentence of 18 years in the Illinois Department of Corrections.

## PROCEDURAL HISTORY

On direct appeal petitioner contended that there was a fatal variance between the indictment for attempted armed robbery and the proof; namely, the indictment charged

*4.*

taking property from the person of another while the proof showed taking property from the presence of another. He further contended that although he was in the presence of three victims, he did not commit attempted armed robbery. He also asserted and the State conceded that the petitioner was improperly sentenced under the Class X mandatory statute provision. He additionally contended that the three convictions for attempted armed robbery violate the one-act-one-crime doctrine. The Illinois Appellate Court, First Judicial District, affirmed the petitioner's three convictions for attempted armed robbery, vacated the 18-year sentence, and remanded for a new sentencing hearing. People v. Patterson, No. 1-02-0694 (2004)(unpublished order pursuant to Supreme Court Rule 23). Subsequently, this court resentenced the petitioner to 18 years, an extended term under 730 ILCS 5/5-8-4(2004).

## ANALYSIS

The instant petition was filed on December 2, 2004 and is before the court for an initial determination of its legal sufficiency pursuant to Section 2.1 of the Post-Conviction Hearing Act. 725 ILCS 5/122-2.1 (West 2004); People v. Holiday, 313 Ill. App. 3d 1046, 1048, 732 N.E.2d 1, 2 (2000). A post-conviction petition is a collateral attack on prior judgment, People v. Simms, 192 Ill. 2d 348, 359, 736 N.E.2d 1092, 1105 (2000), and is limited to constitutional issues which were not and could not have been raised on direct appeal. People v. King, 192 Ill. 2d 189, 192, 735 N.E.2d 569, 572(2000). Where the petitioner raises non-meritorious claims, the court may summarily dismiss them. People v. Richardson, 189 Ill. 2d 401, 407, 727 N.E.2d 362, 367 (2000).

Under the Act, a petitioner enjoys no entitlement to an evidentiary hearing. People v. Cloutier, 191 Ill. 2d 392, 397, 732 N.E.2d 519, 523 (2000). In order to obtain a

2

hearing, the petitioner has the burden of establishing that a substantial violation of his constitutional rights occurred at trial or sentencing. People v. Johnson, 191 Ill. 2d 257, 268, 730 N.E.2d 1107, 1111 (2000). However, a *pro se* post-conviction petition may be summarily dismissed as frivolous or patently without merit during the first stage of post-conviction review unless the allegations in the petition, taken as true and liberally construed, present the "gist" of a valid constitutional claim. People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001).

Further, a post-conviction proceeding is not a direct appeal, but rather is a collateral attack on prior judgment. People v. Barrow, 195 Ill. 2d 506, 519, 749 N.E.2d 892, 901 (2001). Therefore, the issues raised on post-conviction review are limited to those that could not or were not previously raised on direct appeal or in prior post-conviction proceedings. People v. McNeal, 194 Ill. 2d 135, 140, 742 N.E.2d 269, 272 (2001).

Petitioner first alleges numerous claims of ineffective assistance of trial counsel. In examining petitioner's claims of ineffective assistance of counsel, this court follows the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Under this standard, petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that but for this deficiency, there is a reasonable probability that counsel's performance was prejudicial to the defense. People v. Hickey, 204 Ill. 2d 585, 613, 792 N.E.2d 232, 251 (2001). "Prejudice exists when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" People v. Erickson, 183 Ill. 2d 213, 224, 700 N.E.2d 1027, 1032 (1998) (citations omitted). A

3

petitioner's failure to make the requisite showing of either deficient performance or sufficient prejudice defeats a claim of ineffectiveness. People v. Morgan, 187 Ill. 2d 500, 529-30, 719 N.E.2d 681, 698 (1999).

Significantly, effective assistance of counsel in a constitutional sense means competent, not perfect, representation. People v. Easley, 192 Ill. 2d 307, 344, 736 N.E.2d 975, 999 (2000). Notably, courts indulge in the strong presumption that counsel's performance fell within a wide range of reasonable professional assistance. Strickland, 466 U.S. at 690, 80 L. Ed. 2d at 695, 104 S. Ct. at 2066; People v. Edwards, 195 Ill. 2d 142, 163, 745 N.E.2d 1212, 1223 (2001). Moreover, "the fact that another attorney might have pursued a different strategy is not a factor in the competency determination." People v. Palmer, 162 Ill. 2d 465, 476, 643 N.E.2d 797, 802 (1994) (citing People v. Hillenbrand, 121 Ill. 2d 537, 548, 521 N.E.2d 900, 904 (1988)).

Further, counsel's strategic decisions will not be second-guessed. Indeed, to ruminate over the wisdom of counsel's advice is precisely the kind of retrospection proscribed by Strickland and its progeny. See Strickland, 466 U.S. at 689, 80 L. Ed. 2d at 694, 104 S. Ct. at 2065 ("[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight"); see also People v. Fuller, 205 Ill. 2d 308, 331, 793 N.E.2d 526, 542 (2002) (issues of trial strategy must be viewed, not in hindsight, but from the time of counsel's conduct, and with great deference accorded counsel's decisions).

First, petitioner claims that trial counsel was ineffective for not filing a motion to quash his arrest. Petitioner specifically states that his counsel should have filed the motion because he was held for six days prior to being brought before a judge for his first

appearance. However, an attorney's decision whether or not to move to suppress evidence is generally one involving trial strategy and is therefore outside the scope of review for purposes of establishing incompetence of counsel. People v. Martin, 236 Ill. App. 3d 112, 121, 603 N.E.2d 603 (1st Dist. 1992). Moreover, counsel's decision not to litigate this issue in the case at bar is understandable. The evidence presented at trial clearly demonstrates that the petitioner was found at the scene of the crime during the commission of the crime. Officer Campbell found the petitioner rummaging through a drawer of a desk at the scene before he took off and ran out the back door. This claim is without merit.

Next, petitioner alleges that counsel was ineffective for failing to address discrepancies in the police reports. Indeed, the petition is devoid of any facts supporting petitioner's contention. The Act requires that a petition be supported by affidavits, records or other evidence supporting its allegations. People v. Lemons, 242 Ill. App. 3d 941, 613 N.E.2d 1234 (4th Dist 1993). The failure to either include these necessary items or explain their absence is "fatal" to a petition for post-conviction relief and may alone justify the summary dismissal of the petition. People v. Collins, 202 Ill. 2d 59, 66, 782 N.E.2d 195, 198 (2002). Moreover, the petitioner bears the burden in a post-conviction proceeding to establish a substantial deprivation of his constitutional rights. People v. Coleman, 206 Ill. 2d 261, 277, 794 N.E.2d 275, 286 (2002). While a *pro se* petitioner seeking post-conviction relief is "not expected to construct legal arguments, cite legal authority, or draft [his] petition as artfully as would counsel," the *pro se* petitioner must plead sufficient facts to present the "gist" of a valid constitutional claim. People v. Edwards, 197 Ill. 2d 239, 244, 757 N.E.2d 442, 445 (2001). Here, petitioner's claim is

merely a bald, conclusory allegation, and thus, will not prevail on post-conviction review. See Collins, 202 Ill. 2d at 66, 782 N.E.2d at 198 (2002); People v. Jackson, 213 Ill. App. 3d 806, 811, 572 N.E.2d 475, 479 (2nd Dist. 1991) (summarily dismissing petitioner's post-conviction claims because no factual support). His alleged claims are without merit, he has not supported this claim.

Next, petitioner claims that his counsel denied him the opportunity to testify on his own behalf. Petitioner claims that trial counsel advised him not to testify on his own behalf. The right of a criminal defendant to testify on his own behalf is most assuredly a fundamental constitutional right. People v. Powers, 260 Ill. App. 3d 163, 168-69, 631 N.E.2d 862, 867 (2nd Dist. 1994); People v. Johnson, 151 Ill. App. 3d 1049, 1053-54, 504 N.E.2d 178, 181 (3rd Dist. 1987). Undue interference with a criminal defendant's right to testify may constitute ineffective assistance of counsel. People v. Seaburg, 262 Ill. App. 3d 79, 82-3, 635 N.E.2d 126, 129-30 (2nd Dist. 1994). The power to waive that right belongs to the defendant alone; it is not merely a matter of trial tactics to be left to trial counsel. Jones v. Barnes, 463 U.S. 745, 751, 77 L.Ed.2d 987, 993, 103 S.Ct. 3308, 3312 (1983); People v. Dredge, 148 Ill. App. 3d 911, 913, 500 N.E.2d 445, 447 (4th Dist. 1986).

However, to warrant an evidentiary hearing under the Act on a claim of deprivation of the right to testify on one's own behalf, a defendant must allege that "when the time came for [the defendant] to testify, [he] told his lawyer that he wanted to despite advice to the contrary." People v. Brown, 54 Ill. 2d 21, 24, 294 N.E.2d 285, 287 (1973); accord, People v. Thompkins, 161 Ill. 2d 148, 177-78, 641 N.E.2d 371, 384-85 (1994).

Significantly, trial counsel's pre-trial advice that a defendant not testify on his own behalf does not amount to an impingement of a defendant's right to testify. Brown, 54 Ill. 2d at 24, 294 N.E.2d at 287. In Brown, the court duly recognized the difficulty for reviewing courts in assessing whether trial counsel interfered with defendant's right to testify:

> The line between vigorous persuasion and coercion is a fine one ... By hypothesis, in every case in which [this] issue is raised, the lawyer's advice will in retrospect appear to the defendant to have been bad advice, and he will stand to gain if he can succeed in establishing that he did not testify because his lawyer refused to permit him to do so.

Brown, 54 Ill. 2d at 24, 294 N.E.2d at 287. Because trial counsel in Brown did not refuse to permit defendant to testify upon a contemporaneous assertion of that right by defendant, there was no substantial violation of defendant's constitutional right.

Similarly, in Thompkins, the defendant was not entitled to an evidentiary hearing on his claim that trial counsel unduly interfered with his right to testify. Thompkins, 161 Ill. 2d at 178, 641 N.E.2d at 385. There, the defendant maintained that before trial he told defense counsel of his desire to testify, but he was never given the opportunity to exercise that right. Thompkins, 161 Ill. 2d at 178, 641 N.E.2d at 385. However, because the defendant did not allege that he made a contemporaneous assertion of his right to testify when the time came for defendant and that his trial counsel refused to let him exercise that right, his claim was properly dismissed.

Likewise, in the instant matter, petitioner simply contends that trial counsel advised him to not testify. Nowhere does petitioner allege or is there any evidence that trial counsel refused to let petitioner testify upon a contemporaneous assertion by

*10.*

petitioner of that right. Therefore, petitioner's claim, as presented, is not cognizable under the Act.

Petitioner next claims that the trial court failed to dismiss the Grand Jury indictment because there was perjured testimony used to obtain the indictment. Again, this claim is without merit. Petitioner sets forth portions of the trial transcript but fails to show how the officer(s) committed perjury. This claim has no merit.

Lastly, petitioner alleges several claims of ineffective assistance of appellate counsel. It is axiomatic that a criminal petitioner is guaranteed the effective assistance of counsel on appeal. Evitts v. Lucey, 469 U.S. 387, 396-97, 83 L. Ed. 2d 821, 829-30, 105 S. Ct. 830, 836-37 (1985). However, effective assistance in a constitutional sense means competent, not perfect, representation. People v. Easley, 192 Ill. 2d 307, 344, 736 N.E.2d 975, 999 (2000). In assessing claims of ineffective assistance of appellate counsel, the court follows the two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064 (1984). Under this standard, the petitioner must show that counsel's representation fell below an objective standard of reasonableness, and that, but for this deficiency, there is a reasonable probability that counsel's performance was prejudicial to the defense. People v. Hickey, 204 Ill. 2d 585, 613, 792 N.E.2d 232, 251 (2001).

Petitioner's claims that appellate counsel failed to consult him before she filed her appellate brief and she failed to raise all the above issues. To succeed on a claim of ineffective assistance of appellate counsel, petitioner must show that the failure to raise a particular issue was objectively unreasonable and that his appeal was prejudiced by the omission. People v. Williams, 209 Ill. 2d 227, 243, 807 N.E.2d 448, 458 (2004).

8

"Appellate counsel is not obligated to brief every conceivable issue on appeal, and it is not incompetence of counsel to refrain from raising issues which, in his or her judgment, are without merit, unless counsel's appraisal of the merits is patently wrong." People v. Easley, 192 Ill. 2d 307, 329, 736 N.E.2d 975, 991 (2000).

Thus, petitioner has not suffered prejudice from appellate counsel's decision not to raise certain issues on appeal unless such issues were meritorious. Id. at 329, 736 N.E.2d at 991.

Here, the court declines to deem "patently erroneous" appellate counsel's assessment of the record and decision not to raise those issues now asserted by petitioner. Moreover, petitioner has failed to establish that had appellate counsel raised any or all of the above listed issues, his conviction or sentence would have been reversed. "A petitioner's failure to make the requisite showing of *either* deficient performance or sufficient prejudice defeats an ineffectiveness claim." People v. Palmer, 162 Ill. 2d 465, 475-76, 643 N.E.2d 797 (1994) (emphasis added) (citations omitted). Furthermore, because the court has determined that the underlying claims of ineffectiveness lack support, petitioner's claims of ineffective assistance of appellate counsel likewise are without merit. People v. Zambrano, 266 Ill. App. 3d 856, 865, 640 N.E.2d 1334, 1341 (1st Dist. 1994).

9

12.

## CONCLUSION

Based upon the foregoing discussion, the court further finds that the issues raised and presented by petitioner are frivolous and patently without merit. Accordingly, the petition for post-conviction relief shall be and is hereby dismissed. Petitioner's request for leave to proceed *in forma pauperis* is likewise denied.

ENTERED: 

Hon. Daniel P. Darcy
Judge, Circuit Court of Cook County
Criminal Division

DATED: 2-25-2005

ENTERED
TIME_____ AM
PM
FEB 25 2005
Judge Daniel Darcy
Dorothy Brown
Clerk of the Circuit Court
Criminal Division
Deputy Clerk Signature

10

# Exhibit 4

**NOTICE**

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

THIRD DIVISION
May 31, 2006

No. 1-05-0847

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 98 CR 30064 |
| | ) | |
| KEVIN PATTERSON, | ) | Honorable |
| | ) | Daniel P. Darcy, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Defendant Kevin Patterson appeals the circuit court's summary dismissal of his post-conviction petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 et seq. (West 2004)). On appeal, defendant contends that his petition sufficiently stated the gist of three separate constitutional claims: (1) trial counsel denied his right to testify after he made a timely request to testify at his trial; (2) trial counsel was ineffective for failing to present certain exculpatory evidence that would have supported his defense theory, and instead relied upon an untenable legal theory; and (3) appellate counsel was ineffective for failing to argue that defendant was deprived a fair trial by the trial court's bias. We affirm.

Following a bench trial, defendant was convicted of three

1-05-0847

counts of attempted armed robbery and unlawful use of a weapon by a felon.  The court sentenced defendant as a Class X offender to 18 years' imprisonment.

On direct appeal, this court affirmed defendant's convictions, vacated his 18-year Class X sentence because he was ineligible for a Class X sentence, and remanded for a new sentencing hearing.  People v. Patterson, No. 1-02-0694 (June 19, 2003) (unpublished order under Supreme Court Rule 23).  On remand, the trial court sentenced defendant to an extended-term sentence of 18 years' imprisonment and we affirmed the judgment.  People v. Patterson, No. 1-04-2140 (March 29, 2006) (unpublished order under Supreme Court Rule 23).

In December 2004, defendant filed a pro se post-conviction petition, alleging four different claims of ineffective assistance of trial counsel and multiple claims of ineffective assistance of appellate counsel.  In relevant part, defendant specifically contended that his trial attorney was ineffective by denying him the opportunity to testify after he asked to testify.

Defendant attached to his petition a detailed 45-page memorandum in support of his specific allegations.  In addition, defendant attached 54 "exhibits," including numerous police reports related to his case, various excerpts from his trial and appellate record, an affidavit from Theresa Smith (defendant's sister), and letters and other correspondence between defendant

1-05-0847

and the public defender's office and the circuit court clerk.
Defendant also attached his own affidavit.

In February 2005, the trial court summarily dismissed
defendant's petition, finding, in pertinent part, that defendant
contended simply that his trial counsel advised him not to
testify, but did not allege or present evidence that his trial
counsel refused to allow defendant to testify. The court further
found that defendant failed to establish that he was prejudiced
by any of his claims of ineffective assistance of appellate
counsel.

On appeal, defendant contends that his petition sufficiently
stated the gist of a three separate constitutional claims, which
we will consider separately.

We review *de novo* the summary dismissal of a post-conviction
petition. People v. Edwards, 197 Ill. 2d 239, 247 (2001). A
defendant's petition must present the gist of a constitutional
claim, which is a standard with a low threshold, or his petition
can be summarily dismissed. Edwards, 197 Ill. 2d at 244. Under
the gist standard, the defendant need only present in his
petition a limited amount of detail and does not need to set
forth the entire claim or include legal arguments. Edwards, 197
Ill. 2d at 244. In addition, the defendant's claims must be
taken as true and liberally construed. Edwards, 197 Ill. 2d at
244. A post-conviction petition may be summarily dismissed if

- 3 -

*4.*

1-05-0847

the allegations contained in the petition are contradicted by the record.   People v. Coulter, 352 Ill. App. 3d 151, 157 (2004)

First, defendant alleged in his petition that his trial counsel "was ineffective in denying [defendant] the opportunity to testify when [defendant] asked that he be put on the stand." Defendant appended to his petition portions of the trial transcript, which revealed that after the State rested, trial counsel successfully moved for a directed finding of not guilty for attempted first degree murder and was not successful for the charge of attempted armed robbery.  The trial court believed that the State had "established an armed robbery."  Defense counsel then stated, "All right.  One second to speak with my client."

In his affidavit attached to his petition, defendant attested as follows regarding the exchange after the State rested.  Defendant first explained that he had told his counsel "during consultation" that he wished "to testify once the case went to trial."  Before trial, defendant and his counsel "even went over questions that would be asked if [defendant] did testify," and counsel "re-iterated" that defendant "would testify if necessary."  After the State rested, defendant reaffirmed his desire to testify with his counsel, who then told defendant "'no' there was no need for [defendant] to testify because the State had not proven it's [sic] case."  According to defendant, defense counsel "then turned around and walked away" and "then rested and

5.

1-05-0847

argued for the defense."

A defendant has a fundamental right to testify at his own
trial.  People v. Brown, 336 Ill. App. 3d 711, 719 (2002).
Although the defendant may waive his right to testify, the
decision to testify ultimately belongs to the defendant, and that
decision is not a strategic or technical matter typically
reserved for defense counsel.  Brown, 336 Ill. App. 3d at 719.
Such a decision, however, should be made with the advice of
counsel.  E.g., People v. Smith, 176 Ill. 2d 217, 235 (1997).

In People v. Thompkins, 161 Ill. 2d 148, 177 (1994), our
supreme court reviewed a post-conviction petitioner's allegation
that his counsel denied his right to testify at trial.  The court
observed that the petitioner alleged he had discussed his
intention to testify with his counsel and the record revealed
that the petitioner failed to reaffirm that intention at trial
and also sat "silent" when counsel rested the case.  Thompkins,
161 Ill. 2d at 177.  Based on this record, the court concluded
that "it appears that the [petitioner] acquiesced in counsel's
view that the [petitioner] should not testify."  Thompkins, 161
Ill. 2d at 177.  Accordingly, the court found that the trial
court properly dismissed the petition in regard to this issue
because it lacked merit.  Thompkins, 161 Ill. 2d at 177-78.

Here, in his attached affidavit, defendant attested to a
specific exchange between him and his trial counsel after

- 5 -

1-05-0847

defendant told his counsel at trial that he wanted to testify.
Specifically, defendant's counsel told defendant that there was
"no need" for defendant to testify because the State failed to
prove its case.  After that conversation, defense counsel "turned
around," "walked away" and "argued for the defense."  In
addition, defendant's attestations revealed that he and his
counsel had discussed and prepared for his possible testimony,
assuming defendant "would testify if necessary."

Based on this record, it is apparent that after defendant
informed his trial counsel at trial that he wanted to testify,
his counsel advised him against doing so because counsel believed
that the State had failed to prove its case against him.  After
being so advised by counsel, defendant apparently accepted his
counsel's advice because he failed to reaffirm his intention to
testify and sat silent as defense counsel turned and walked away.
Therefore, in accordance with <u>Thompkins</u>, we find that defendant
failed to state the gist of a constitutional claim that his trial
counsel denied his right to testify.

We recognize that in <u>Thompkins</u> our supreme court found
acquiescence on the part of the defendant, in part, because the
defendant did not renew his request to testify at the appropriate
time at trial.  <u>Thompkins</u>, 161 Ill. 2d at 177.  However, in this
case, although defendant informed his counsel at trial that he
wanted to testify, there is absolutely no indication that he

1-05-0847

reaffirmed that desire _after_ his counsel told him that he should not testify.  Instead, as we have already determined, defendant's own affidavit indicates that he said nothing in response to his counsel's advice to refrain from testifying and sat silent as defense counsel proceeded to closing arguments.  See People v. Enis, 194 Ill. 2d 361, 399 (2000) (rejected the defendant's post-conviction claim regarding his right to testify where the "defendant failed to assert his right by informing the trial court that he wished to testify.")

Defendant's reliance on this court's decisions in Brown, 336 Ill. App. 3d 711, People v. Von Perbandt, 221 Ill. App. 3d 951 (1991), and People v. Dredge, 148 Ill. App. 3d 911 (1986) is misplaced.  Most notably, in Brown and Dredge, we explicitly determined that the defendants' allegations in their post-conviction petitions regarding their counsels' denial of their rights to testify were not rebutted by the record.  Brown, 336 Ill. App. 3d at 720; Dredge, 148 Ill. App. 3d at 913.  Similarly, in Von Perbandt, although we did not expressly articulate that the defendant's allegations in his petition were not rebutted by the record, we relied upon Dredge and People v. White, 152 Ill. App. 3d 404, 408 (1987), both of which based their holdings on the fact that the defendant's allegations were not rebutted by the record.  Von Perbandt, 221 Ill. App. 3d at 956.  Here, we find defendant's allegations rebutted by defendant's failure to

- 7 -

1-05-0847

assert his right to testify to the trial court and by the sworn testimony contained in his own affidavit.

Defendant next contends that his petition alleged a gist of a constitutional claim that his trial counsel was ineffective for failing to present certain exculpatory evidence to refute the intent element of the attempted armed robbery charges.

A defendant's post-conviction petition must clearly allege the manner in which the defendant's constitutional rights were violated, and failure to raise any such claim results in waiver of that claim.  People v. Jones, 211 Ill. 2d 140, 144-46 (2004).

Here, we find that defendant has waived this particular contention regarding the ineffectiveness of his trial counsel. The "exculpatory evidence" which defendant refers to on appeal is in fact his own proposed testimony regarding his version of the incident that led to his criminal convictions.  This asserted issue of ineffective assistance of counsel for failing to present "exculpatory evidence" is completely premised on defendant's allegations regarding his right to testify.  Defendant's attempt to metamorphose the actual allegation in the petition into a second unstated allegation on appeal is unpersuasive and disingenuous.

Most significantly, in his post-conviction petition, defendant clearly identifies three precise allegations of his trial counsel's ineffectiveness.  Specifically, defendant alleged

*9.*

1-05-0847

that his trial counsel was ineffective for (1) failing to file a
motion to quash arrest; (2) failing to highlight the
discrepancies between the conduct detailed in police reports
concerning a "flash message" used to apprehend defendant; and (3)
denying defendant the opportunity to testify. In addition,
defendant alleged that the trial court was incorrect in failing
to dismiss the indictment because it was based on the existence
of perjured testimony. Considering that none of defendant's
allegations in his petition make any reference to trial counsel's
failure to present exculpatory evidence to support his defense
theory, we find that defendant has waived this specific
contention by failing to include it in his petition.

We acknowledge that a *pro se* defendant is not required to
set forth his post-conviction claim in its entirety and is
allowed to present only a limited amount of detail in his
petition. Edwards, 197 Ill. 2d at 244. However, as our supreme
court has recognized, a defendant is required in his post-
conviction petition to clearly articulate the manner in which he
was deprived of a certain constitutional right. Jones, 211 Ill.
2d at 144. Here, defendant on appeal simply tries to recast one
clear allegation (right to testify) into an unstated second
allegation. We categorically reject this imprudent suggestion.

Finally, defendant contends that his appellate counsel was
ineffective for failing to argue that defendant was deprived a

10.

1-05-0847

fair trial by the trial court's bias.  Specifically, defendant
challenges eight of the trial court's comments regarding its
evaluation of the State's evidence and asserts that "[i]t is the
blatant display of bias in the court's comments that [defendant]
committed a full armed robbery and was undercharged that should
have been raised on direct appeal."

Initially, we note that this particular issue was not
included in defendant's post-conviction petition where he clearly
identified six different claims that his appellate counsel was
ineffective, including failing to raise on appeal trial counsel's
alleged ineffectiveness.  However, in defendant's memorandum of
support attached to his petition, he explicitly challenged one
particular statement by the trial court as being "so prejudicial
as to question the integrity of the fairness of the court's
conclusion."  Specifically, in his petition, defendant challenged
the court's following statement, "They proved to me beyond a
reasonable doubt that [defendant] is guilty of attempt armed
robbery, three counts, and felony possession of a weapon based on
a prior armed robbery conviction."

The State argues that we should address only this single
challenged statement on appeal because defendant waived any
challenge to other statements by the trial court by not including
them in his petition.

Even assuming that defendant's allegations in his petition

- 10 -

1-05-0847

constituted a challenge to the eight statements he challenges on appeal, we find that defendant has failed to state the gist of a claim that his appellate counsel was ineffective for failing to argue that he was denied a fair trial by the trial court's bias.

In order for a defendant to establish a claim for ineffective assistance of counsel that defendant must (1) show that his attorney's representation fell below an objective standard of reasonableness and (2) demonstrate a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-94, 80 L. Ed. 2d 674, 693-98, 104 S. Ct. 2052, 2064-68 (1984). A defendant is required to satisfy both prongs of the Strickland test to succeed on a claim of ineffective assistance of counsel. People v. Patterson, 217 Ill. 2d 407, 438 (2005), citing Strickland, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

The Strickland test applies to claims of ineffective assistance of appellate counsel. People v. Jones, 219 Ill. 2d 1, 23 (2006). There is no requirement that appellate counsel brief every conceivable issue on appeal. Jones, 219 Ill. 2d at 23. In addition, appellate counsel does not violate Strickland by refraining from raising nonmeritorious issues on appeal because the defendant suffers no prejudice unless the particular issue has merit. Jones, 219 Ill. 2d at 23.

12.

1-05-0847

Here, the trial court indisputably made a number of comments
which indicated that it considered the State's evidence
sufficient to convict defendant of armed robbery, even though
defendant was only charged with attempted armed robbery.
However, all of those allegedly biased comments were made after
the State presented its evidence.  Most notably, all of the trial
court's challenged comments were made either in response to
defense counsel's arguments regarding his motion for a directed
finding of not guilty or in response to the parties' closing
arguments.

In both of those situations, the trial court is undeniably
allowed to evaluate the evidence before it, which necessarily
includes an assessment of the strength of the State's case.
Although the trial court apparently considered the State's
evidence sufficient to convict defendant of armed robbery, the
court convicted him of the appropriate charged offense, which was
attempted armed robbery.  This record reveals that the trial
court properly evaluated the evidence and convicted defendant of
an appropriately charged offense.  Thus, the record rebuts
defendant's allegations of the trial court's bias, which are
based solely on the trial court's comments related to its
evaluation of the evidence.  Accordingly, we find that defendant
has failed to state in his petition the gist of a claim that his
appellate counsel was ineffective.

13.

1-05-0847

For the foregoing reasons, we affirm the circuit court's judgment.

Affirmed.

KARNEZIS, J., with THEIS and ERICKSON, J.J., concurring.

14.

No. 1-05-0847

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Respondent-Appellee, | ) | |
| | ) | |
| -vs- | ) | No. 98 CR 30064. |
| | ) | |
| KEVIN PATTERSON, | ) | Honorable |
| | ) | Daniel P. Darcy, |
| Petitioner-Appellant. | ) | Judge Presiding. |

PETITION FOR REHEARING FOR PETITIONER-APPELLANT

MICHAEL J. PELLETIER
Deputy Defender

DEBRA LOEVY-REYES
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

# PETITION FOR REHEARING FOR PETITIONER-APPELLANT

## KEVIN PATTERSON REQUESTS REHEARING OF HIS CONTENTION THAT HIS PETITION STATES THE GIST OF A CLAIM THAT HE WAS DEPRIVED OF HIS RIGHT TO TESTIFY BECAUSE THIS COURT'S RULING IMPOSES AN IMPROPER BURDEN ON DEFENDANTS AND IS CONTRARY TO THE DICTATES OF THE ILLINOIS SUPREME COURT, AS CLARIFIED IN A NEW OPINION ISSUED TWO DAYS AFTER THIS COURT'S RULING.

This Court's Order imposes an untenable new requirement on defendants that essentially reads the Illinois Supreme Court's guidance on the constitutional right to testify out of existence. The Illinois Supreme Court maintains that as long as a defendant contemporaneously tells defense counsel of his desire to testify, the decision of whether to testify is the defendant's alone to make, and his attorney cannot override that decision. *People v. Thompkins*, 161 Ill. 2d 148, 177 (1994). Here, the Order concedes that for the purposes of reviewing a first-stage post-conviction petition, it must presume the well pled facts to be true: during the defense's case, Mr. Patterson affirmatively told his attorney of his desire to testify, but his attorney told him "no. . . . then turned around and walked away. . . .[and] then rested and argued for the defense." (Order at 3-5). The situation described in the petition and Order epitomizes a denial of the right to testify. By imposing a greater burden on defendants, the Order diverges from well settled case law, is contrary to the Illinois Supreme Court's recent decision in *People v. Medina*, 2006 Ill. LEXIS 1085 (Docket No. 100437, June 2, 2006), and renders the right to testify virtually meaningless.

In *Thompkins*, the Illinois Supreme Court explained that when a petitioner acquiesces in defense counsel's decision that he should not testify, he has not been deprived of his right. 161 Ill. 2d at 177. According to the *Thompkins* court, acquiescence can be found when the petitioner does not assert his desire to testify at the appropriate time during the trial. *Id.* Similarly, in

-1-

*People v. Enis,* 194 Ill. 2d 361, 399-400 (2000), the court held that the petitioner did not properly invoke his right to testify because nothing in the post-conviction petition or record demonstrated that the defendant advised counsel of his desire to testify at any time during the trial, much less contemporaneously.

Here, however, Mr. Patterson specifically alleged a contemporaneous request to testify. (C. 120). He further asserted that in response to his request, defense counsel told him "no," walked away, and immediately rested the defense's case. (C. 120). Although the Order does not explicitly state what more a defendant wishing to testify can possibly do in that situation to preserve his rights, it alludes to two possibilities, both of which are unsupported by the law.

First, the Order suggests that a defendant faced with counsel who will not honor his right to testify is required to inform the court of his desire. (Opinion at 7-8) ("we find defendant's allegations rebutted by defendant's failure to assert his right to testify to the trial court. . . ."). This suggestion simply gets the law wrong. While the Illinois Supreme Court has indicated that one way a petitioner may show that he does not acquiesce to counsel's decision that he not testify is to inform the court of his desire, the court has been careful never to impose such a requirement. In fact, two days after this Opinion was issued, the Illinois Supreme Court explained why a defendant can never be required to discuss this decision with the trial court. *People v. Medina,* 2006 Ill. LEXIS 1085 (Docket No. 100437, June 2, 2006). In *Medina,* the court explained that the trial court need not advise a defendant of his right to testify because requiring a conversation between the trial court and the defendant about this right would interfere with the attorney-client relationship and might influence the defendant's decision about whether to invoke his right. *Slip Op.* at 9-10.

-2-

The reasoning in *Medina* is even more applicable here. To require a defendant to tell the court of his desire to testify, notwithstanding his attorney's advice not to testify and refusal to put him on the stand, would obviously interfere with the attorney-client relationship. Moreover, it would also be highly prejudicial. A defendant has no means to call a sidebar, and so he might be forced to assert this conflict between his desires and his attorney's advice in front of the trier of fact in order to establish a contemporaneous assertion of his right. Thus, the judge and jury may be privy to the attorney's confidential advice to the defendant that he should not testify, or at minimum, to the existence of a disagreement between the defendant and his attorney about whether the defendant should take the stand. It is clear from the recent analysis in *Medina* that such a requirement would be wholly improper.

The other suggestion in the Order is that a defendant faced with counsel who will not honor his right to testify must keep reasserting his right to counsel. The Order explains that after defense counsel told Mr. Patterson "no," he could not testify, and counsel "turned around and walked away," and immediately went into the court room to rest the defense's case, Mr. Patterson was required to somehow reaffirm his desire to testify. (Order at 4-5, 6-7) ("[here] there is absolutely no indication that he reaffirmed [his desire to testify] <u>after</u> his counsel told him that he should not testify."). But this requirement is without basis for a number of reasons.

First, it adds additional requirements beyond those required by the Illinois Supreme Court. That court has consistently indicated that a contemporaneous assertion of the right to testify is sufficient. *See, e.g., Thompkins*, 161 Ill. 2d at 177. There is no authority for deviating with the Supreme Court's settled law.

Second, it puts defendants in the same bind that *Medina* is concerned about. Where, as

-3-

*18.*

here, defense counsel refused to honor the defendant's right to testify, and then immediately returned to the court room and rested the defense's case, any reassertion of the right to testify would have been exposed to the trier of fact, revealing confidential attorney-client dealings.

Third, the Order's requirement creates an absurd result. If defense counsel persists in telling the defendant that he will not testify, must the defendant repeat his desire each time defense counsel tells him "no" and be the last one to speak on the subject in order to successfully assert his rights? And what about when, as happened here, defense counsel refuses to honor the request and then immediately walks into the court room to address the court? Must a defendant somehow catch his counsel, and make him listen to a reassertion of his rights in order to preserve his claim? According to the Order's logic, if the defendant does not have the last word, then he would be acquiescing to counsel's most recent advice not to testify. Surely, a defendant need not engage in such a futile, eternal exchange to preserve his rights.

Finally, even if the Order is correct in its imposition of a new obligation on defendants trying to assert their right to testify, Mr. Patterson has more than stated the gist of a claim, and the details of what was said between him and counsel and whether a reassertion of his rights was required is something more appropriately left for a second-stage evaluation. To survive first-stage consideration, a petitioner need only present the gist of a claim. *People v. Edwards*, 197 Ill. 2d 239, 244 (2001). The petition need not set forth the claim in its entirety. *Id.* Indeed, it need not present all of the factual details of a claim, and it must be liberally construed in petitioner's favor. *Id.*

Here, Mr. Patterson's petition alleged a contemporaneous assertion of his right to testify and a denial of that right. Such an allegation has traditionally been sufficient to merit second-

-4-

19.

stage consideration. *People v. Von Perbandt*, 221 Ill. App. 3d 951, 955 (1st Dist. 1991) (simple statement that defendant's trial counsel had deprived defendant of his right to testify was sufficient to survive the first stage of the post-conviction process, and thus, summary dismissal of post-conviction petition was improper); *People v. Brown*, 336 Ill. App. 3d 711, 720 (1st Dist. 2002) (where petitioner's allegation that he informed his attorney he wanted to testify but was never allowed to do so was uncontradicted by the trial record, first-stage dismissal of the post-conviction petition was erroneous); *People v. Dredge*, 148 Ill. App. 3d 911, 913 (4th Dist. 1986) (where defendant's verified allegation that she was deprived of her right to testify at her trial was uncontradicted by anything appearing in the trial record, it was sufficient to require appointment of counsel and further post-conviction consideration). Further consideration of the substance of Mr. Patterson's claims should be left for second stage post-conviction proceedings.

Mr. Patterson respectfully urges this Court not to deviate from well settled law to add new requirements for defendants asserting their right to testify. In light of the Illinois Supreme Court decision issued two days after the Opinion in this case, he asks this Court to reconsider his contention that his petition for post-conviction relief states the gist of a constitutional claim of deprivation of his right to testify. Ultimately, Mr. Patterson seeks a reversal of the lower court's dismissal of his petition and further relief in accordance with the Post-Conviction Act.

Respectfully submitted,

MICHAEL J. PELLETIER
Deputy Defender

-5-

20.

DEBRA LOEVY-REYES
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

*Lacuy Kupes*
*21.*

# IN THE APPELLATE COURT
## OF ILLINOIS
### FIRST JUDICIAL DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) |
| Plaintiff-Appellee, | ) |
| | ) |
| v. | ) No. 1-05-0847 |
| | ) |
| KEVIN PATTERSON, | ) |
| Defendant-Appellant. | ) |

## ORDER

This cause coming on to be heard on defendant-appellant's petition for rehearing, the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the petition for rehearing is ~~allowed~~/denied.

DATED: _____

ORDER ENTERED

JUN 2 7 2006

APPELLATE COURT, FIRST DISTRICT

RECEIVED

JUN 2 8 2006

DOCKETING DEPARTMENT
State Appellate Defender, 1st District

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

22.

No.

## IN THE

## SUPREME COURT OF ILLINOIS

| | |
|---|---|
| **PEOPLE OF THE STATE OF ILLINOIS,** | ) Petition for Leave to Appeal from the |
| | ) Appellate Court of Illinois, First District, |
| Respondent-Appellee, | ) No. 05-0847 |
| | ) |
| | ) There heard on Appeal from the Circuit |
| -vs- | ) Court of Cook County, Illinois, |
| | ) No. 98 CR 30064. |
| | ) |
| **KEVIN PATTERSON,** | ) Honorable |
| | ) Daniel P. Darcy, |
| Petitioner-Appellant. | ) Judge Presiding. |

## PETITION FOR LEAVE TO APPEAL

MICHAEL J. PELLETIER
Deputy Defender

DEBRA LOEVY-REYES
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

No.

IN THE

SUPREME COURT OF ILLINOIS

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Petition for Leave to Appeal from the |
| | ) | Appellate Court of Illinois, First District, |
| Respondent-Appellee, | ) | No. 05-0847 |
| | ) | |
| | ) | There heard on Appeal from the Circuit |
| -vs- | ) | Court of Cook County, Illinois, |
| | ) | No. 98 CR 30064. |
| | ) | |
| KEVIN PATTERSON, | ) | Honorable |
| | ) | Daniel P. Darcy, |
| Petitioner-Appellant. | ) | Judge Presiding. |

## PETITION FOR LEAVE TO APPEAL

### PRAYER FOR LEAVE TO APPEAL

Kevin Patterson, petitioner-appellant, petitions this Court for leave to appeal, under Supreme Court Rules 315 and 612, from the judgment of the Appellate Court, First District, affirming the summary dismissal of his petition for post-conviction relief.

### PROCEEDINGS BELOW

On May 31, 2006, the appellate court affirmed the trial court's summary dismissal of Kevin Patterson's petition for post-conviction relief. Mr. Patterson filed a petition for rehearing on June 19, 2006. The Appellate Court denied the Petition for Rehearing on June 27, 2006. A copy of the appellate court's judgment is appended to this petition.

*24.*

## COMPELLING REASON FOR GRANTING REVIEW

Kevin Patterson's *pro se* petition for post-conviction relief and supporting affidavit contain the quintessential allegations stating the gist of a claim of denial of the right to testify: after the State rested, but before the defense rested, Mr. Patterson informed defense counsel of his desire to testify, but counsel told him "no," "turned and walked away," and "then rested and argued for the defense." In holding that these allegations did not state the gist of a constitutional claim, the appellate court ignored well-settled appellate court law, disregarded the clear dictates of this Court, and imposed an illogical new pleading requirement. Review of this matter is, therefore, warranted.

## STATEMENT OF FACTS

Kevin Patterson was convicted at a bench trial of three counts of attempt armed robbery and one count of unlawful use of a weapon by a felon. (TR D26). This appeal involves the summary dismissal of Mr. Patterson's first *pro se* petition for post-conviction relief. The trial court dismissed the petition as frivolous and patently without merit, and the appellate court affirmed the dismissal. (C. 190; R. G2; *People v. Patterson*, No. 1-05-0847, May 31, 2006, unpublished Rule 23 Order ("Order")).

Mr. Patterson's petition and supporting affidavit allege that at the close of the State's case, before the defense rested, Mr. Patterson asked his attorney to let him testify, but counsel refused. (C. 35, 45-46, 120). The petition states: "Trial attorney was ineffective in denying the petitioner the opportunity to testify when petitioner asked that he be put on the stand to testify." (C. 35; *See also* C. 45-46). The supporting affidavit avers that after the State rested and before the defense rested, Mr. Patterson told his attorney he wanted to testify, but his attorney told him "no, there was no need for [him] to testify because the State had not proven [its] case," then "turned around and walked away," and "then rested and argued for the defense." (C. 120, ¶¶ 16-18; Order at 4-5). The record indicates that after the State rested, but before the defense rested, defense counsel did ask for a moment to speak with his client. (TR D15, D17-D18).

The appellate court held that Mr. Patterson did not state the gist of a constitutional claim that his trial counsel denied his right to testify. (Order at 6). Specifically, the appellate court held that in order to preserve his right to testify, Mr. Patterson either had to: (1) inform the trial court of his assertion of the right (Order at 7-8) ("we find defendant's allegations rebutted by defendant's failure to assert his right to testify to the trial court"); or (2) reaffirm his desire to testify to counsel after his counsel's refusal to allow it (Order at 6-7).

-3-

26.

Mr. Patterson filed a petition for rehearing, seeking reconsideration of the Order in light of *People v. Medina*, 2006 Ill. LEXIS 1085 (Docket No. 100437, June 2, 2006), which was decided two days after the Order was issued. The appellate court denied Mr. Patterson's petition for rehearing, and this timely petition for leave to appeal followed.

**ARGUMENT**

**REVIEW IS WARRANTED BECAUSE THE APPELLATE COURT'S RULING AFFIRMING THE DISMISSAL OF KEVIN PATTERSON'S PROPERLY PLED POST-CONVICTION PETITION IS CONTRARY TO WELL-SETTLED LAW, AS WELL AS THIS COURT'S RECENT DICTATES IN *PEOPLE v. MEDINA*, AND IMPOSED AN UNWORKABLE NEW REQUIREMENT ON PETITIONER.**

Kevin Patterson's petition for post-conviction relief alleged a contemporaneous assertion of his right to testify and a clear denial of that right – his attorney told him "no." (C. 35, 45-46, 120). Such allegations have traditionally been held sufficient to merit second-stage post-conviction consideration. *People v. Dredge*, 148 Ill. App. 3d 911, 913 (4th Dist. 1986) (summary dismissal of post-conviction petition was improper where petition alleged that defendant's trial counsel had deprived defendant of his right to testify); *People v. Von Perbandt*, 221 Ill. App. 3d 951, 955 (1st Dist. 1991) (summary dismissal was erroneous where petitioner's allegation that he informed his attorney he wanted to testify, but was never allowed to do so, was uncontradicted by the trial record); *People v. Brown*, 336 Ill. App. 3d 711, 720 (1st Dist. 2002) (same). Review here is necessary to halt the appellate court's unsupported deviation from well-settled law and its imposition of an unworkable new pleading requirement contrary to this Court's rulings.

Mr. Patterson's petition and supporting affidavit allege that at the close of the State's case, before the defense rested, Mr. Patterson asked his attorney to let him testify, but counsel refused. (C. 35, 45-46, 120). Specifically, after the State rested and before the defense rested, Mr. Patterson told his attorney he wanted to testify, but his attorney told him "no. . . . turned around and walked away," and "then rested and argued for the defense." (C. 120, ¶¶ 16-18; Order at 4-5). Under well-settled law, those allegations are more than sufficient to state the gist of a constitutional claim. *Von Perbandt*, 221 Ill. App. 3d at 955; *Brown*, 336 Ill. App. 3d at 720; *Dredge*, 148 Ill. App. 3d at 913.

-5-

But the appellate court here deviated from that well-settled law to impose additional pleading requirements. The appellate court held that Mr. Patterson's claims were rebutted by the record because: (1) he did not assert his right to testify directly to the trial court; and (2) he did not allege that he reasserted his right to testify to counsel, after counsel refused his request. (Order at 6-8). The appellate court's holding not only conflicts with *Von Perbandt, Brown,* and *Dredge,* but also with this Court's recent guidance in *People v. Medina,* 2006 Ill. LEXIS 1085 (Docket No. 100437, June 2, 2006), and with the clear requirements of *People v. Edwards,* 197 Ill. 2d 239, 244 (2001).

First, *Von Perbandt, Brown,* and *Dredge* each held that a post-conviction petition's simple allegation that the petitioner was denied his right to testify is sufficient to successfully allege the gist of a constitutional claim and survive summary dismissal. *Von Perbandt,* 221 Ill. App. 3d at 955; *Brown,* 336 Ill. App. 3d at 720; *Dredge,* 148 Ill. App. 3d at 913. None of those petitioners alleged, or was required to allege, that he informed the trial court of the denial of his right or that he reasserted the right to testify after counsel's refusal to honor it. *Von Perbandt,* 221 Ill. App. 3d at 953; *Dredge,* 148 Ill. App. 3d at 912; *Brown,* 336 Ill. App. 3d at 719. Indeed, in *Dredge,* the State complained that the simple allegation that counsel did not allow petitioner to testify was too conclusory and unsubstantiated. 148 Ill. App. 3d at 913. But the court explained that such simple allegations are enough because, "Requiring *pro se* petitioners to state their claims in greater detail than this would have the practical effect of depriving many such persons of their right of meaningful access to the courts." *Id.* Thus, the appellate court here diverged from well-settled law in imposing additional requirements beyond those universally accepted.

Second, the appellate court's order is contrary to this Court's ruling in *Medina.* In *Medina* this Court explained that it is impermissible to require a dialogue between the trial court

-6-

29.

and a defendant about the defendant's right to testify because such a discussion interferes with the attorney-client privilege and could improperly influence a defendant's decision about whether to testify. Slip Op. at 9-10. Nevertheless, in finding that Mr. Patterson's claim was rebutted by his failure to tell the trial court directly about his desire to testify, the appellate court's Order requires precisely what *Medina* forbids courts from requiring — a dialogue between the trial court and the defendant about the defendant's right to testify. *Medina* at 9-10; Order at 7-8.

In a petition for rehearing, Mr. Patterson informed the appellate court of the conflict between its holding and the subsequently decided *Medina*, but to no avail. The appellate court refused to alter its rejection of Mr. Patterson's claim on the basis that he did not assert his right to testify directly to the trial court. Yet, the concerns raised in *Medina* demonstrate the flaws of the appellate court's requirement. To require a defendant to tell the court of his desire to testify, notwithstanding his attorney's advice not to testify and refusal to put him on the stand, would obviously interfere with the attorney-client relationship and be highly prejudicial. According to the appellate court's reasoning here, to contemporaneously assert a rights violation, the defendant would have to inform the court during the defense's case of the attorney's confidential advice to the defendant that he should not testify, or at minimum, of the existence of a disagreement between the defendant and his attorney about whether the defendant should take the stand. (Order at 7-8). It is clear from the analysis in *Medina* that courts can never impose such a requirement. *Medina*, Slip Op. at 9-10.

Finally, the appellate court's finding that where defense counsel flatly refuses to honor a timely request to testify, the denial of the right to testify claim is nevertheless rebutted by the record unless the defendant alleges that he found someway to reassert his right to testify, is also contrary to this Court's dictates. (Order at 6-7). This Court has made it abundantly clear that at

-7-

*30.*

the first-stage of post-conviction proceedings, the requirement that a petitioner allege the "gist" of a constitutional claim is a low-threshold one. *Edwards*, 197 Ill. 2d at 244. A post-conviction petition "need only present a limited amount of detail" and need not set forth the claim in its entirety. *Id.*

Nevertheless, the appellate court rejected Mr. Patterson's petition because it omits a detail that has never heretofore been required: the court claimed Mr Patterson was required to allege that he reasserted his right to testify after his attorney told him "no." (Order at 6-7); *See, e.g., People v. Thompkins*, 161 Ill. 2d 148, 177 (1994) (allegation of a contemporaneous assertion of the right to testify is sufficient); *Von Perbandt*, 221 Ill. App. 3d at 955 (same); *Brown*, 336 Ill. App. 3d at 720 (same); *Dredge*, 148 Ill. App. 3d at 91 (same). The appellate court had no basis for deviating from well-settled law. Indeed, the deviation makes no sense. Here, Mr. Patterson alleged that he made a timely request to testify, and his attorney told him "no" and rested the case despite his request. Certainly, that is a clear and precise allegation of denial of the right to testify, more than sufficient to meet this Court's "gist" standard. *Edwards* at 244.

The appellate court's requirement that Mr. Patterson had to reassert his desire to testify to counsel would have put him in the same bind that *Medina* forbids. Where, as here, defense counsel refused to honor the defendant's right to testify, and then immediately returned to the court room and rested the defense's case, any reassertion of the right to testify would have been exposed to the trier of fact, revealing confidential attorney-client dealings. Moreover, the reassertion requirement would have created an absurd result. If defense counsel persisted in telling the defendant that he could not testify, must the defendant have repeated his desire each time defense counsel told him "no" and be the last one to speak on the subject in order to successfully assert his rights? And what about when, as happened here, defense counsel refused

-8-

to honor the request and then immediately walked into the court room to address the court? Must the defendant somehow have caught his counsel and made him listen to a reassertion of his rights in order to preserve his claim? According to the Order's logic, if the defendant did not have the last word, then he was acquiescing to counsel's most recent advice not to testify. In essence, the Order ruled that the defendant has to be the last one to say "will to" in answer to counsel's "will not." Surely, a defendant need not engage in such a futile, eternal exchange in order to preserve his rights.

The appellate court's order is impractical, without precedent, contrary to binding precedents, and diminishing of the important right at stake. Accordingly, review of this issue is warranted and Kevin Patterson respectfully requests that this Court grant him leave to appeal the summary dismissal of his petition for post-conviction relief.

Respectfully submitted,


MICHAEL J. PELLETIER
Deputy Defender


DEBRA LOEVY-REYES
Assistant Appellate Defender
Office of the State Appellate Defender
203 North LaSalle Street - 24th Floor
Chicago, Illinois 60601
(312) 814-5472

COUNSEL FOR PETITIONER-APPELLANT

32.

102994

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 27, 2006

Ms. Debra Loevy-Reyes
Assistant Appellate Defender
203 North LaSalle Street
24th Floor
Chicago, IL 60601

No. 102994 – People State of Illinois, respondent, v. Kevin
          Patterson, petitioner. Leave to appeal, Appellate
          Court, First District.

The Supreme Court today DENIED the petition for leave to appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on November 2, 2006.



SEP 2 8 2006

*DOCKETING DEPARTMENT*
*State Appellate Defender, 1st District*

# Exhibit 5

1.



# FREEDOM OF INFORMATION REQUEST

## STATE OF ILLINOIS    (1)

SS# 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

INSTRUCTIONS:

Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| Name of Agency office Proff-3 | City |
|---|---|
| Chicago Police Dept. | Chicago |

7

Address
10 W. 35th, Street, O.P.S. Director

| Requestor's Name (Or business name if applicable) | Date of Request | Phone Number |
|---|---|---|
| KEVIN PATTERSON #A-83515 | July 3rd, 2007 | Not Applicable |

Street Address East Moline Corr, Center
100 Hillcrest Road.

| City | State | Zip |
|---|---|---|
| East Moline | Illinois | 61244 |

CERTIFICATION REQUESTED    [ ] YES    [X] NO

Requestor's Signature

*Kevin Patterson*

DESCRIPTION OF RECORDS REQUESTED:

1.   Copy of O.P.S Complaint filed by Requester, filed on and or about the
     Date of November 1st thru 10th,1998 (Filed after my release on bond on
     October 20th,1998, my Police CB#. #14010-873, my R.D.# C-530222 and my
     arrest date was 10-1-1998, my arrest was initiated by C.P.officers named
     B. McDermott #8852 and P. Greenan #19169

2.   Copy of official summary reports submitted and completed by O.P.S. staff
     whom were assigned to the investigation of said complaint.

3.   Any and all documentation in connection to said complaint that can be
     released   [X] REQUESTING COPIES        [ ] TO INSPECT RECORDS

AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)

**APPROVED**

[ ] The documents requested are enclosed.

[ ] The documents will be made available upon payment of copying costs . . . . . . . . . . . . . . . . . . . . . . . . . $ _____

[ ] You may inspect the records at _____

on the date of _____

**DENIED**

[ ] The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act, and we are unable to negotiate a more reasonable request.

[ ] The materials requested are exempt under Section 7 _____ of the Freedom of Information Act for the following reasons:

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
|---|---|
| _____ <br> _____ | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: |

**DEFERRED**

[ ] Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

| The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center. | FOIA Officer | Date of Reply |
|---|---|---|

IL 001-0005 (8/84)

2.



**City of Chicago**
**Department of Police**
3510 South Michigan Avenue
Chicago, Illinois 60653

Unit 163-FOI
FOIA File No.: 07-0912

8*SBL\\ 61244

Mr. Kevin Patterson A-833515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244

PRESORTED
FIRST CLASS

02 1M
000429047    JUL 25 2007
MAILED FROM ZIP CODE 60653

UNITED STATES POSTAGE
$ 00.37³

3-19



**Richard M. Daley**
Mayor

**Department of Police • City of Chicago**
3510 S. Michigan Avenue • Chicago, Illinois 60653

**Philip J. Cline**
Superintendent of Police

Date: July 20, 2007

Mr. Kevin Patterson A-83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244

Re:    NOTICE OF DENIAL OF PUBLIC RECORDS
       REQUEST DATE:   July 9, 2007
       **FOIA FILE NO.:     07-0912**

Dear Mr. Patterson:

The Chicago Police Department is in receipt of your Freedom of Information Act request for a copy of the OPS complaint you filed on or about the 1st through 10th of November 1998. You also request copies of the official summary reports submitted and completed by the OPS staff who investigated the complaint, and any and all documents related to the complaint that can be released.

Your  request was reviewed by the undersigned as well as the Internal Affairs Division. Your request is denied. Your denial is based on the following exemptions found in the Illinois Freedom of Information Act:

   5 ILCS 140/7 (1)(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

      (ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions;

   5 ILCS 140/7 (1)(c) Records compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:

      (ii) interfere with pending administrative enforcement proceedings conducted by any public body;

      (iii) deprive a person of a fair trial or an impartial hearing;

(vi) constitute an invasion of personal privacy;

You may file a written appeal of this denial with the Superintendent of Police at the following address:

Superintendent of Police
Chicago Police Department
3510 S. Michigan Avenue
Chicago, IL 60653

If I can be of further assistance, you may contact me at (312) 745-5308 or the below listed address:

Chicago Police Department
Attn.: Freedom of Information Officer
Records Inquiry & Customer Service Section, Unit 163
3510 S. Michigan Ave.
Chicago, IL 60653

Sincerely,

P.O. Rory P. O'Brien #7818
Assistant Freedom of Information Officer
Department of Police
Record Services Division

5.



## FREEDOM OF INFORMATION APPEAL
### STATE OF ILLINOIS **(2)**

| Date Appeal Received in State Agency |
| --- |

**INSTRUCTIONS:**

Requestor should fill out sections — DESCRIPTION OF RECORDS, and REASONS FOR APPEALING. Send copies 1 and 2 to the Director of the Agency which original request was sent to. Unless notified otherwise the Agency's response will be within 7 working days after receipt of appeal.

| Requestor's Name (Or business name if applicable) | Send Appeal To: (Director and Agency) |
| --- | --- |
| KEVIN PATTERSON #A-85915 | Superintendent Chicago Police Dept. |
| Street Address East Moline Corr. Center 100 Hillcrest Road. | Street Address Chicago Police Department 3510 S. Michigan Avenue. |

| City | State | Zip | City | State | Zip |
| --- | --- | --- | --- | --- | --- |
| East Moline | Illinois | 61244 | Chicago | Illinois | 60653 |

DESCRIPTION OF RECORDS THAT APPEAL IS BEING MADE FOR:

1. Copy of O.P.S. Complaint filed by requestor, between 1st and 10th, of November 1998 (Filed after my release on bond on October 20th, 1998) my Police C.B. # 14010-873, my R.D. # C-630222, arrest date was 10-1-1998 Arresting officers, CPO-B. McDermott #8852 and P. Greenan, #19169
2. Copy of official summary reports submitted and completed by O.P.S. Staff whom were assigned to the investigation of said complaint.
3. Any and all documentation in connection to said complaint that can be released concerning said complaint. (FOIA file No. #07-0912)
   **This is an appeal of the denial of said first F.O.I.A. request of 7-3-07**

REASONS FOR APPEALING

My reason for appealing the denial of said request iddt brought for any other than the fact that said request involved me personally and the items which ae requested, the actual complaint, doesnt contain any information that would cause improper privacy concerns, Im requesting a copy of the complaint that was filed, and the results of said complaint, I have a due right to the results of the investigation, and whether one was conducted at all, precluding me from information that concerned whether or not the police officers whom Violated my Constitutional Rights were investigated causes a undue burden on me to seek further remedies, remedies that cant be persued unless I am informed of the results and findings of the OPS, I have been wrongfully denied information needed for court purposess

DIRECTOR'S RESPONSE TO APPEAL

Noted below is the action I have taken on your appeal from the denial of your request for the above captioned records

[  ] I hereby approve your appeal to the following extent and for the following reasons:

[  ] I affirm the denial of your request made by the Freedom of Information Officer.

Note: You are entitled to judicial review of any denial pursuant to Section II of the Freedom of Information Act.

| The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center. | Director's Signature | Date of Reply |
| --- | --- | --- |

IL 301-0006 (6/84)

LEGEND FOR REQUESTOR:   1st copy (white) – send to Agency;   2nd copy (canary) – send to Agency;   3rd copy (pink) – Requestor's copy

6.



**City of Chicago**
**Department of Police**
3510 South Michigan Avenue
Chicago, Illinois 60653

3-19

Mr. Kevin Patterson A-83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244



PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
$ 00.37³
02 1M
000422 9C47    AUG 20 2007
MAILED FROM ZIP CODE 60653

*M.*



| Richard M. Daley | Department of Police • City of Chicago | Dana V. Starks |
|---|---|---|
| Mayor | 3510 S. Michigan Avenue • Chicago, Illinois 60653 | Interim Superintendent of Police |

August 17, 2007

Mr. Kevin Patterson A-83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244

### Re: Appeal from Freedom of Information Denial
### File No.: 07-0912

Dear Mr. Patterson:

Your appeal under the Illinois Freedom of Information Act to Interim Superintendent Dana V. Starks has been referred to me for review and response. I regret to inform you that your appeal has been denied. Information that your requested is exempt from disclosure under the following statute from the Illinois Freedom of Information Act:

5 ILCS 140/7(1)(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions;

In closing, pursuant to 5 ILCS 140/11, you have the statutory right to file suit for injunctive or declaratory relief.

Sincerely,

James P. McCarthy
Attorney-at-Law
Office of Legal Affairs

Cc:   Jennifer Hoyle- Department of Law
      Records Division

8.

CASE# 98 CR 30064
SS# 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
IR# 207100
DOB, 1-16-51

DATE: 7/11/07

TO: DOROTHY BROWN - CLERK, CIRCUIT COURT

FROM: KEVIN PATTERSON - PRO-SE

SUBJECT: O.P.S. REPORT / COMPLAINT

DEAR MS. BROWN,

I am currently preparing a appeal petition pro-se and I am in need of a copy of the complaint and finding from the office of Professional Standards (OPS) that was filed by me in October or November, 1998. It was made a part of the record by the States Attorney office, and is therefore a part of the court file.

Thank you for your assistance....

Kevin Patterson
KEVIN PATTERSON - A83515
100 HILLCREST Rd.
EAST MOLINE, IL
61244 - 1159

**9.**

To

(773) 869-3140
FAX (773) 869-4444

OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

Date:

RE: Your Correspondence

Dear    *M. Patterson*

Thank you for contacting the Office of Dorothy Brown Clerk of the Circuit Court of Cook County. In response to your inquiry received on ___7-18-07___, we will require additional information to process your request. We are returning your correspondence so that you may resubmit your request with the additional information identified below:

## More Information Needed:

☐ A case number is required.

☐ The case number provided does not match the name provided, corrected case number or corrected name required.

☐ The information provided is incorrect or inconsistent, specifically;

☐ If no case number is available, you must provide an I.R. (Individual Record) Number, a date of birth, the correct spelling of name used upon arrest and the date of arrest.

☐ We are unable to determine your request. Please resubmit with a specific request.

## Alternately, please note the specific information checked below:

**If you require Legal Advice or Trial Information:**

The Clerk of the Circuit Court is prohibited from giving legal advice, preparing the forms, or advising the parties on how to complete required forms. 705 ILCS 110/1; 705 ILCS 205/10; Illinois Supreme Court Rule 756(b).

☐ The service(s) you have requested is not within the scope of the Clerk's statutory authority, you may contact one of the agencies indicated below:

☐ Cook County State's Attorney's Office
Civil Actions
Richard J. Daley Center
Room 500
50 W. Washington
Chicago, Illinois 60602
312-603-5440

☐ Cook County State's Attorney's Office
Criminal Prosecutions
2650 S. California 11th Floor
Chicago, Illinois 60608
773-869-2700

☐ Cook County Public Defender's Office
Felony Trial Division
2650 S. California, 7th Floor
Chicago, Illinois 60608
773-869-3217

☐ Office of the Official Court Reporters
Court Reporting Services (Transcripts)
2650 S. California, 4th Floor
Chicago, Illinois 60608
312-869-6065

**If you require Information on an Appeal:**

If your request involves specific matters of the case or the reasoning of a court order, please contact your attorney, your appellate public defender, or the appointed state appellate defender at:

☐ Office of the State Appellate Defender
203 North LaSalle, 24th Floor
Chicago, Illinois 60601
312-814-5472

☐ Cook County Public Defender's Office
Legal Resources (formerly Appeals and Post Conviction)
69 West Washington, 15th Floor
Chicago, Illinois 60602
312-603-0600

**If your request is for calculation of Credit for Time Served:**

The Cook County Department of Corrections maintains the actual records of incarceration. Address all inquiries regarding this information to:

☐ Records Office
Cook County Department of Corrections
2700 S. California
Division Five – Floor 1
Chicago, Illinois 60608

*Note: The Office of the Clerk of the Circuit Court does not determine the amount of time for credit served in custody.*

(Over for Additional Information)

Side 1

# 10. What are they hiding?

## CHICAGO POLICE | List of officers with more than 10 complaints remains a secret

BY FRANK MAIN AND ABDON M. PALLASCH
Staff Reporters

Records involving cops with more than 10 complaints against them will remain secret until a federal appeals court decides whether to make them public.

The city is trying to keep the potentially embarrassing documents under wraps. They include a list of 662 Chicago Police officers — one of every 20 cops on the 13,200-member force — with more than 10 civilian complaints lodged against them between 2001 and 2006.

A week ago, U.S. District Judge Joan Lefkow ordered the city to release the list, but the city appealed. On Monday, just before the 5 p.m. deadline that Lefkow imposed for the documents to be released, the city a stay that keeps them secret until the court can decide if they are public.

"The city of Chicago spends unprecedented resources fighting to keep from the public the data about how the Police Department polices itself — while at the same time, they publicly profess the virtues of openness and transparency," said Jon Loevy, an attorney seeking to bring the documents to light.

### Some have more than 30 complaints

The list will show if a complaint against an officer was "sustained" and if it resulted in discipline — or if the department deemed it to be "unsustained" or "unfounded" or determined the officer was "exonerated."

The records will identify some officers who have received more than 30 complaints but who did not face any "meaningful" discipline, Loevy said. The documents also will identify the police units with the highest concentrations of cops with 10 or more complaints against them.

"Most police officers do their jobs without attracting any complaints," Loevy said. "It's this tiny portion that cause most of the problems."

Critics of the department hoped the documents would surface before Thursday, when the City Council is scheduled to con-



"Most police officers do their jobs without attracting any complaints. It's this tiny portion that cause most of the problems," said Jon Loevy, an attorney seeking to bring the list to light.

sider a proposed ordinance that would change the office that investigates complaints against cops.

Under the measure, the head of the Office of Professional Standards would report to the mayor and not to the police superintendent; summaries of the investigations would become public, and OPS investigators would receive subpoena power. Loevy called those changes "window dressing" and a "P.R. stunt."

The information on complaints against cops was gathered by attorneys for Diane Bond, who sued the city claiming she was abused by officers working in a Chicago Public Housing building on the South Side in 2003. She received a $150,000 settlement from the city, records show.

Loevy represents Jamie Kalven, a writer who entered the case as a third party to make the documents public.

"We're at a kind of historic moment in the city in terms of real and meaningful police reforms, and the information in the disputed documents is directly relevant to the public debate that's going on right now," Kalven said.

A spokeswoman for the city's Law Department did not return a call, but in court papers the city argues that the documents should not be released because they did not become part of the court proceedings in Bond's lawsuit and would invade the officers' privacy.

On July 9, Lefkow ruled that the documents were still presumed to be public, writing "the public has a significant interest in monitoring the conduct of its police officers and a right to know how allegations of misconduct are being investigated and handled."



The records allegedly will identify some Chicago Police officers who have received more than 30 complaints but who have not faced any "meaningful" discipline. | BRIAN JACKSON/SUN-TIMES

# Appeals court to decide if cops' names disclosed

**POLICE | 662 have at least 10 complaints in the last 5 years**

BY FRAN SPIELMAN
City Hall Reporter
fspielman@suntimes.com

U.S. District Judge Joan Lefkow on Thursday handed off to a federal appeals court the hot potato of whether to release the names of Chicago Police officers most often accused of excessive force.

All of Lefkow's rulings have directed the city to identify the 662 officers with 10 or more complaints over the last five years — and she reiterated Thursday that the names should be released.

But now that the 7th Circuit Court of Appeals is considering the city's appeal, Lefkow said her hands are tied. Citing a lack of jurisdiction, she refused a request from 28 aldermen to issue a new order directing the city to release the names.

**Federal judge Joan Lefkow has ordered the city to give up the names.**

Corporation Counsel Mara Georges was pleased. She's hopeful the appeals court will allow the city to keep the names secret to protect the officers and their families.

Aldermen Toni Preckwinkle (4th), Ricardo Munoz (22nd), Ed Smith (28th) and Joe Moore (49th) were equally optimistic the appeals court would rule in their favor.

"Why would the city, in a sense, move to hide information that should be made available to the general public," Smith said.

In July, the city released a list of the 662 officers with the names blacked out. That infuriated aldermen, who insist they need the names to "uncover 'patterns' of abu-

sive behavior.

A disproportionate number of the complaints were filed against members of the since-disbanded Special Operations Section, which was at the center of a burgeoning scandal that includes allegations of theft, kidnapping and murder-for-hire. But the complaints resulted in just one 15-day suspension and three reprimands.

Earlier this week, Daley and interim Police Supt. Dana Starks argued that making the names public would endanger officers and their families, make them potential targets for "baseless lawsuits" and unfairly taint those falsely accused.

"Hogwash. Don't believe that. The people out there who have levied these charges are already in the community . . . walking around out there every day. Their families are out there every day," Smith said.

Contributing: Abdon M. Pallasch

12.

SATURDAY, NOVEMBER 10, 2007
CHICAGO SUN-TIMES | **METRO** | 5

# OPS takes over role of police spokesman

**WATCHDOG** | Agency will give media the 'undisputed facts'

### BY FRANK MAIN

Crime Reporter/fmain@suntimes.com

For years, dapper police spokesman Pat Camden was on TV giving reporters the department's version of events in shootings by officers.

No more.

The Office of Professional Standards, which investigates shootings by Chicago Police officers, is taking over the job.

Reporters typically were told such shootings appeared to comply with state law and department guidelines, based on a preliminary police inquiry called a "roundtable."

Now, OPS will discuss "undisputed facts" but will not give any "conclusionary statements" until the end of the OPS investigation, which can take years.

"It is important that everyone recognizes that there will be no prejudgment of an investigation," said OPS chief administrator Ilana Rosenzwieg, hired this year to reform the agency.

In the future, the Police Department will discuss only shootings in which an officer was hit.



Chicago Police at a shooting scene in 1999. The OPS will now address the media about such shootings. | CHICAGO CRUSADER

Shootings by officers rarely result in discipline. But every year, many of those same shootings cost the city millions of dollars in legal payouts.

**Prosecutors may be pulled**

OPS will take a second look at shootings and other police misconduct cases that result in legal payouts by the city, Rosenzwieg said. She said she is trying to "build public trust and bolster the accountability of the Chicago Police Department."

One focus of hers is the roundtable — a panel that includes police brass, detectives, prosecutors and OPS. They question the officer hours after a shooting.

Sometimes they also interview witnesses before giving an initial opinion about whether a shooting was proper.

The questioning is often cursory, records show.

"There is room for improvement," Rosenzwieg said.

The Cook County state's attorney's office is considering pulling prosecutors from roundtables because of questions about the integrity of the process, a source said. No decision has been made, said John Gorman, a spokesman for the office.

Rosenzwieg said she hopes the prosecutors stay.

"I think the state's attorney is a valuable complement with OPS as the other independent agency that reviews shootings on a regular basis," she said.

13.

Thursday, May 9, 2002

Chicago Sun-Times

**INSURANCE EXEC**
*Near North manager*
*'doesn't hate state*
*license; Page 12*

# METRO

**FEUD PUT ASIDE**
*Gidwitz won't block*
*Vallas' bid to head*
*state schools; Page 16*

# Judge to get help with anger

## Fellow jurists will be Himel's mentors

By **ABDON M. PALLASCH**
AND **CARLOS SADOVI**
STAFF REPORTERS

Bombastic Cook County Judge Ronald Himel will undergo "mentoring" by some of his fellow judges in an effort to improve his judicial temperament.

He will also undergo anger management counseling.

"He recognizes he needs help," Chief Judge Timothy Evans said.

Himel lost his temper with prosecutors trying to convict three sheriff's deputies of beating to death jail inmate Louis Schmude. Himel called testimony from the prosecutors' witnesses inconsistent and unreliable. He told prosecutors they had a "s—— case," prosecutors said.

That's why prosecutors appealed all the way up to the state Supreme Court to get Himel yanked from the case. But the court did not remove Himel. As prosecutors predicted, Himel acquitted the three deputies, who cannot be retried.

Just two days after the acquittal, in a rou-

tine drug case, Himel invited high school students visiting his courtroom to jump in and ask questions of the police officer, still on the stand under oath in the case. Based in large part on the questions the students asked, Himel acquitted a woman of charges she sold drugs.

Himel is also the judge who hugged Jeremiah Mearday after Mearday was acquitted by a jury in Himel's courtroom.

"I think he recognizes that some of his courtroom procedures have been inappropriate and he needs help on his judicial temperament," Evans said in announcing Himel's leave of absence Wednesday.

For an unspecified amount of time, Himel will be mentored by peers such as Warren Wolfson, a justice on the state Appellate Court; Judges Bertina Lampkin and Leo



**Ronald Himel**
*Taking leave*

Holt, who sit with Himel in Criminal Court; and Julia Nowicki and Stephen Schiller who sit in Chancery Court. Even after he returns to the bench, the five judges will continue monitoring him for a year.

"We are all full Circuit Court judges, and elected officials. We rely on the ability of each other to assist us. We are like a team. We are here for each other," Lampkin said in her chambers one floor above Himel's courtroom. She got to know Himel when they both worked night narcotics court. He has a reputation as a hard-working judge, she said.

Evans agreed Himel was worth trying to redeem.

"I think in the long run he will be a much better judge; he will get sage advice in his encounters," Evans said. "I think it's at least

worth a try."

The Judicial Inquiry Board has opened an investigation of Himel that will likely proceed regardless of the mentoring and anger management classes. That body could recommend discipline up to and including removal from the bench.

The bar associations have generally given Himel good ratings, though they usually admonish him to control his temper.

Twice before, the chief judge's office has tried smaller-scale intervention/mentoring approaches with judges caught in controversies that showed questionable judgment.

After Judge Fe Fernandez said a father's tweaking of his 10-year-old daughter's breasts and buttocks and his 8-year-old son's genitalia might be all right in his native Sicily, former Chief Judge Donald O'Connell transferred her out of Juvenile Court and assigned her to mentoring Italian-American Judge Gloria Coco.

After Judge James Fitzgerald Smith said in court that firing off guns was "common practice among Hispanics," O'Connell likewise transferred him and assigned him a mentor.

PEOPLE OF THE STATE OF ILLINOIS )      CASE NUMBER      99CR3006401
                    V.                )      DATE OF BIRTH    01/16/51
KEVIN        PATTERSON                )      DATE OF ARREST   10/01/98
Defendant                                    IR NUMBER 0207100   SID NUMBER _____

                        ORDER OF COMMITMENT AND SENTENCE TO
                        ILLINOIS DEPARTMENT OF CORRECTIONS
                        =====================================

        The above named defendant having been adjudged guilty of the offense(s) enumerated below
is hereby sentenced to the Illinois Department of Corrections as follows:

| Count | Statutory Citation | Offense | Sentence | Class |
|---|---|---|---|---|
| 003 | 720-5/8-4 (720-5/18-1(A) | ATTEMPT ARMED ROBBERY | YRS. 018 MOS. 00 | 1 |

and said sentence shall run concurrent with count(s) __ __ __ __

_____     _____     YRS. ___ MOS. ___ ___
    and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____     _____     YRS. ___ MOS. ___ ___
    and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____     _____     YRS. ___ MOS. ___ ___
    and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

_____  _____     _____     YRS. ___ MOS. ___ ___
    and said sentence shall run (concurrent with)(consecutive to) the sentence imposed on:

    On Count ___ defendant having been convicted of a class _ offense is sentenced as
a class x offender pursuant TO 730 ILCS 5/5-5-3(C)(8).

    On Count ____ defendant is sentenced to an extended term pursuant to 730 ILCS 5/5-8-2.

    The Court finds that the defendant is entitled to receive credit for time actually served
in custody for a total credit of 0962 days as of the date of this order

    IT IS FURTHER ORDERED that the above sentence(s) be concurrent with
the sentence imposed in case number(s) _____
AND: consecutive to the sentence imposed under case number(s)
_____   _____   _____   _____   _____

    IT IS FURTHER ORDERED THAT CORRECTED MITT TO ISSUED TO REFLECT CREDIT FOR 962 DAYS _____
_____

    IT IS FURTHER ORDERED that the Clerk provide the Sheriff of Cook County with a copy of this Order and that the Sheriff
take the defendant into custody and deliver him/her to the Illinois Department of Corrections and that the Department take
him/her into custody and confine him/her in a manner provided by law until the above sentence is fulfilled.

    DATED _____ AUGUST 23, 2007      **ENTERED** ENTER: 08/23/07 _____
                                     JUDGE DANIEL DARCY-1699
    CERTIFIED BY K DOWDELL              AUG 23 2007        _____  1655
                DEPUTY CLERK                               JUDGE: DARCY, DANIEL P.    1699
    GCP7 08/23/07 11:10:38          DOROTHY BROWN                                     CCG N305
                                    CLERK OF THE CIRCUIT COURT
                                        OF COOK COUNTY, IL
                                    DEPUTY CLERK

*15.*



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

September 22, 2005

**RICHARD T. NIEMERG**
ASSISTANT APPELLATE DEFENDER

Mr. Kevin Patterson
Register No. A-83515
Taylorville Correctional Center
P.O. Box 900
Taylorville, IL 62568

Dear Mr. Patterson:

I am writing in response to your letter dated September 12, 2005. In this letter your two primary questions were: (1) whether the 1987 conviction for armed robbery could be used as a qualifying offense for extended term sentencing; and (2) whether any of your other prior felony convictions could be used as qualifying offenses for extended term sentencing.

In short, the 1987 conviction may be used as a qualifying offense for extended term sentencing because, excluding the six years you spent in prison, it occurred within ten years of the current conviction. As for the remaining offenses, if they are outside of the ten year requirement, excluding the time you spent in prison, then they may not be used as qualifying offenses for extended term sentencing. However, it should be noted that all of your prior felony convictions may be used as a qualifying offense for unlawful use of a weapon by a felon charge because there is no requirement that the predicate felony for unlawful use of a weapon by a felon occur within ten years.

Which bring us to the double enhancement argument that you alluded to over the telephone and in your letter. No double enhancement occurred in your case. Generally, a factor implicit in the offense for which a defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense. Stated differently, a single factor cannot be used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed on that offense.

Here, even if the 1987 conviction was used as the predicate felony for the unlawful use of a weapon by a felony conviction, it was not used to enhance your sentence on that offense so no double enhancement occurred. Moreover, any of your other prior felony convictions could have be used as the predicate offense for unlawful use of a weapon by a felon.

17.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 98CR3006401

KEVIN      PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION with the Clerk of the Circuit Court.

Charging the above named defendant with:

```
  720-5/9-1(A)(1)          F (ATT)MURDER/INTENT TO KILL/INJ
  720-5/24-1.2(A)(2)       F      AGG DISCHARGE FIREARM/OCC
A 720-5/8-4 {720-5/18-1(A) F      ATTEMPT ARMED ROBBERY
  720-5/18-2(A)            F (ATT)ARMED ROBBERY
  720-5/18-2(A)            F (ATT)ARMED ROBBERY
  720-5/24-1.1(A)          F      FELON POSS/USE WEAPON/FIR
  720-5/24-1.1(A)          F      FELON POSS/USE WEAPON/FIR
  720-5/24-1(A)(4)         F      CARRY/POSSESS FIREARM/1ST
  720-5/24-1(A)(10)        F      CARRY/POSSES FIREARM IN P
```

The following disposition(s) was/were rendered before the Honorable Judge(s):

```
12/04/98 IND/INFO-CLK OFFICE-PRES JUDGE        12/21/98 1701
     98CR3006401 ID# CR100821510
12/21/98 CASE ASSIGNED                         12/21/98 1731
     FITZGERALD, THOMAS R.
12/21/98 DEFENDANT ON BOND
     HIMEL, RONALD A.
12/21/98 PUBLIC DEFENDER APPOINTED
     HIMEL, RONALD A.
12/21/98 MOTION FOR DISCOVERY                         F        1
     HIMEL, RONALD A.
12/21/98 CONTINUANCE BY AGREEMENT              01/15/99
     HIMEL, RONALD A.
01/15/99 CONTINUANCE BY AGREEMENT              02/22/99
     HIMEL, RONALD A.
02/22/99 DEFENDANT ON BOND
     HIMEL, RONALD A.
02/22/99 CONTINUANCE BY AGREEMENT              03/25/99
     HIMEL, RONALD A.
03/25/99 DEFENDANT ON BOND
     DARCY, DANIEL P.
03/25/99 CONTINUANCE BY AGREEMENT              04/29/99
     DARCY, DANIEL P.
```

You also questioned whether the appellate court would have sent the case back for resentencing if they knew you qualified for extended term. The answer is yes. Your sentence as a Class X offender was void, which required that you be resentenced.

Your final question regards what issues can be raised on appeal from your resentencing. As I stated during our last telephone conversation, this appeal would be limited to issues involving the resentencing hearing. The other issues, however, could be addressed in a post conviction petition.

As you are aware, I am leaving the Office of the State Appellate Defender. Since I was unable to complete your brief before my departure, your case will be transferred to another attorney in the office. I hope I was able to answer your questions and good luck to you in the future.

Sincerely,

RICHARD T. NIEMERG
Assistant Appellate Defender

18

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 002

PEOPLE OF THE STATE OF ILLINOIS

                VS                    NUMBER 98CR3006401

      KEVIN      PATTERSON

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/29/99 DEFENDANT ON BOND
      HIMEL, RONALD A.
04/29/99 CONTINUANCE BY AGREEMENT              06/15/99
      HIMEL, RONALD A.
06/15/99 CONTINUANCE BY AGREEMENT              07/22/99
      HIMEL, RONALD A.
07/22/99 DEFENDANT ON BOND
      HIMEL, RONALD A.
07/22/99 CONTINUANCE BY AGREEMENT              08/13/99
      HIMEL, RONALD A.
08/13/99 MOTION DEFT - CONTINUANCE - MD         09/30/99
      HIMEL, RONALD A.
09/30/99 DEFENDANT ON BOND
      HIMEL, RONALD A.
09/30/99 CONTINUANCE BY AGREEMENT              11/10/99
      HIMEL, RONALD A.
11/10/99 DEFENDANT ON BOND
      GARCIA, RODOLFO
11/10/99 CONTINUANCE BY AGREEMENT              12/15/99
      GARCIA, RODOLFO
12/15/99 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
12/15/99 CONTINUANCE BY AGREEMENT              01/28/00
      HIMEL, RONALD A.
01/28/00 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
01/28/00 CONTINUANCE BY AGREEMENT              03/02/00
      HIMEL, RONALD A.
03/02/00 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
03/02/00 CONTINUANCE BY AGREEMENT              04/05/00
      HIMEL, RONALD A.
04/05/00 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
04/05/00 CONTINUANCE BY AGREEMENT              04/17/00
      HIMEL, RONALD A.
04/17/00 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.

19.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS                        NUMBER 98CR3006401

KEVIN        PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| Date | Action | Next Date |
|---|---|---|
| 04/17/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 05/08/00 |
| 05/08/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 06/15/00 |
| 06/15/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 07/24/00 |
| 07/24/00 | DEFENDANT ON BOND HIMEL, RONALD A. | 00/00/00 |
| 07/24/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 08/29/00 |
| 08/29/00 | WITNESSES ORDERED TO APPEAR HIMEL, RONALD A. | 00/00/00 |
| 08/29/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 10/05/00 |
| 10/05/00 | DISCOVERY ANSWER FILED HIMEL, RONALD A. | 00/00/00 |
| 10/05/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 11/08/00 |
| 11/08/00 | DEFENDANT ON BOND HIMEL, RONALD A. | 00/00/00 |
| 11/08/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 12/15/00 |
| 12/15/00 | DEFENDANT ON BOND HIMEL, RONALD A. | 00/00/00 |
| 12/15/00 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 01/26/01 |
| 01/26/01 | DEFENDANT ON BOND HIMEL, RONALD A. | 00/00/00 |
| 01/26/01 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 03/06/01 |
| 03/06/01 | DEFENDANT ON BOND HIMEL, RONALD A. | 00/00/00 |
| 03/06/01 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 04/11/01 |
| 04/11/01 | DEFENDANT ON BOND HIMEL, RONALD A. | 00/00/00 |
| 04/11/01 | CONTINUANCE BY AGREEMENT HIMEL, RONALD A. | 05/14/01 |

2

21

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 98CR3006401

     KEVIN        PATTERSON

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/06/01 JURY WAIVED                          00/00/00
     HIMEL, RONALD A.
11/06/01 WITNESSES ORDERED TO APPEAR          00/00/00
     HIMEL, RONALD A.
11/06/01 CONTINUANCE BY AGREEMENT             11/14/01
     HIMEL, RONALD A.
11/14/01 WITNESSES ORDERED TO APPEAR          00/00/00
     HIMEL, RONALD A.
11/14/01 TRIAL COMENCED AND CONTINUED         11/21/01
     HIMEL, RONALD A.
11/21/01 DEFENDANT ON BOND                    00/00/00
     HIMEL, RONALD A.
11/21/01 PLEA OF NOT GUILTY                   00/00/00
     HIMEL, RONALD A.
11/21/01 FINDING OF NOT GUILTY         C001 00/00/00
     HIMEL, RONALD A.
11/21/01 FINDING OF NOT GUILTY         C002 00/00/00
     HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY             C003 00/00/00
     HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY             C004 00/00/00
     HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY             C005 00/00/00
     HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY             C006 00/00/00
     HIMEL, RONALD A.
11/21/01 JGMT ON FINDING/VERDICT/PLEA         00/00/00 F
     HIMEL, RONALD A.
11/21/01 BAIL REVOKED                         00/00/00
     HIMEL, RONALD A.
11/21/01 DEF REM CUST CC SHERIF               00/00/00
     HIMEL, RONALD A.
11/21/01 DEFENDANT IN CUSTODY                 00/00/00
     HIMEL, RONALD A.
11/21/01 PRISONER DATA SHEET TO ISSUE         00/00/00
     HIMEL, RONALD A.
11/21/01 PRE-SENT INVEST. ORD, CONTD TO       00/00/00
     HIMEL, RONALD A.

*23.*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS       Page 007

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 98CR3006401

KEVIN        PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
```
02/04/02 PUBLIC DEF APPTD FOR APPEAL            00/00/00
         HIMEL, RONALD A.
02/04/02 DEF ADVISED OF RIGHT TO APPEAL         00/00/00
         HIMEL, RONALD A.
02/04/02 LET MITTIMUS ISSUE/MITT TO ISS         00/00/00
         HIMEL, RONALD A.
02/04/02 CHANGE PRIORITY STATUS          M      00/00/00
         HIMEL, RONALD A.
02/06/02 NOTICE OF APPEAL FILED, TRNSFR         00/00/00
02/26/02 NOTICE OF NOTICE OF APP MAILED         00/00/00
02/26/02 HEARING DATE ASSIGNED                  03/01/02 1713
02/22/02 REPT OF PRCDS ORD FR CRT RPT           00/00/00
03/01/02 PUBLIC DEF APPTD FOR APPEAL            00/00/00
         BIEBEL, PAUL JR.
03/01/02 O/C FREE REPT OF PROCD ORD N/C         00/00/00
         BIEBEL, PAUL JR.
03/01/02 MEMO OF ORDS & NOA PICKED-UP           00/00/00
         BIEBEL, PAUL JR.
03/20/02 APPELLATE COURT NUMBER ASGND           00/00/00 02-0694
03/21/02 COMMON LAW RECORD PREPARED             00/00/00
03/27/02 CLR RECD BY APP COUNSEL                00/00/00
         PUBLIC DEFENDER
06/11/02 TRANS PROC REC/FILED CLKS OFF          00/00/00
06/12/02 REPORT OF PROCEEDINGS PREPARED         00/00/00
06/14/02 REPRT/PROCDS RECD BY APP ATTRY         00/00/00
         PUBLIC DEFENDER
06/14/02 REPT OF PRCDS ORD FR CRT RPT           00/00/00
08/01/02 SUPP TRAN PRO REC/FILE CLK OFF         00/00/00
08/05/02 SUPPL REPORT OF PRCD PREPARED          00/00/00
08/07/02 SUPPL REC RECD BY APPL COUNSEL         00/00/00
         PUBLIC DEFENDER
08/28/03 MANDATE FILED                          09/09/03 1701
09/09/03 CASE ASSIGNED                          09/23/03 1731
         CONVICTION AFFIRMED/RE-SENTENCING
         WOOD, WILLIAM S.
09/12/03 MANDATE FILED                          09/23/03 1701
09/23/03 MANDATE RECALLED                       08/21/03
         BIEBEL, PAUL JR.
```

25.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 009

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 98CR3006401

KEVIN        PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/23/04 PUBLIC DEFENDER APPOINTED              00/00/00
        DARCY, DANIEL P.
02/23/04 CONTINUANCE BY AGREEMENT               03/18/04
        DARCY, DANIEL P.
03/18/04 DEFENDANT IN CUSTODY                   00/00/00
        MEYER, WAYNE
03/18/04 PRISONER DATA SHEET TO ISSUE           00/00/00
        MEYER, WAYNE
03/18/04 PRE-SENT INVEST. ORD, CONTD TO         00/00/00
        MEYER, WAYNE
03/18/04 CONTINUANCE BY AGREEMENT               04/20/04
        MEYER, WAYNE
04/20/04 DEFENDANT IN CUSTODY                   00/00/00
        DARCY, DANIEL P.
04/20/04 PRISONER DATA SHEET TO ISSUE           00/00/00
        DARCY, DANIEL P.
04/20/04 CONTINUANCE BY AGREEMENT               05/20/04
        DARCY, DANIEL P.
05/20/04 DEFENDANT IN CUSTODY                   00/00/00
        DARCY, DANIEL P.
05/20/04 PRISONER DATA SHEET TO ISSUE           00/00/00
        DARCY, DANIEL P.
05/20/04 CONTINUANCE BY AGREEMENT               06/17/04
        DARCY, DANIEL P.
06/17/04 DEFENDANT IN CUSTODY                   00/00/00
        DARCY, DANIEL P.
06/17/04 DEF SENTENCED ILLINOIS DOC      C003 00/00/00
        RESENTENCED
                18 YRS
        DARCY, DANIEL P.
06/17/04 CREDIT DEFENDANT FOR TIME SERV         00/00/00
                864 DYS
        DARCY, DANIEL P.
08/19/04 NOTICE OF APPEAL FILED, TRNSFR         00/00/00
08/19/04 NOTICE OF NOTICE OF APP MAILED         00/00/00
08/19/04 HEARING DATE ASSIGNED                  08/27/04 1713
09/01/04 APPELLATE COURT NUMBER ASGND           00/00/00 04-2140

*27.*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 011

PEOPLE OF THE STATE OF ILLINOIS

VS                    NUMBER 98CR3006401

KEVIN      PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/18/05 CONTINUANCE BY ORDER OF COURT          02/28/05
     DARCY, DANIEL P.
02/15/05 REPORT OF PROCEEDINGS PREPARED         00/00/00
02/25/05 POST-CONV PETITION DENIED              00/00/00
     MOTION FIVOLOUS AMD PATENTLY WITHOT MERIT, AND PROCEED IN FORMUA PAUPERIS
     DARCY, DANIEL P.
02/28/05 PREVIOUS ORDER TO STAND                02/25/05
     OFF CALL
     DARCY, DANIEL P.
02/28/05 NOTIFICATION SENT TO DEFENDANT         00/00/00
03/16/05 NOTICE OF APPEAL FILED, TRNSFR         00/00/00
03/21/05 NOTICE OF NOTICE OF APP MAILED         00/00/00
03/21/05 HEARING DATE ASSIGNED                  03/25/05 1713
03/25/05 ILL STATE APPELLATE DEF APPTD          00/00/00
     BIEBEL, PAUL JR.
03/25/05 O/C FREE REPT OF PROCD ORD N/C         00/00/00
     BIEBEL, PAUL JR.
03/25/05 MEMO OF ORDS & NOA PICKED-UP           00/00/00
     BIEBEL, PAUL JR.
04/06/05 APPELLATE COURT NUMBER ASGND           00/00/00 05-0847
05/19/05 REPT OF PRCDS ORD FR CRT RPT           00/00/00
05/24/05 CLR RECD BY APP COUNSEL                00/00/00
     STATE APPELLATE DEFENDER
06/29/05 SUPP TRAN PRO REC/FILE CLK OFF         00/00/00
07/13/05 SUPPL REPORT OF PRCD PREPARED          00/00/00
07/14/05 SUPPL REC RECD BY APPL COUNSEL         00/00/00
     STATE APPELLATE DEFENDER
08/10/05 REPT OF PRCDS ORD FR CRT RPT           00/00/00
08/11/05 TRANS PROC REC/FILED CLKS OFF          00/00/00
08/13/05 REPORT OF PROCEEDINGS PREPARED         00/00/00
08/19/05 REPRT/PROCDS RECD BY APP ATTRY         00/00/00
     STATE APPELLATE DEFENDER
07/06/06 MANDATE FILED                          07/18/06 1701
07/18/06 REVIEW COURT AFFIRMANCE                00/00/00
     BROWN, MICHAEL
07/18/06 CASE ASSIGNED                          07/21/06 1731
     TO CORRECT MITT
     BROWN, MICHAEL