IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. KEVIN PATTERSON, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 07 C 6853 |
| GENE JUNGWIRTH, Warden, East Moline Correctional Center, | ) ) ) | The Honorable Joan D. Gottschall, |
| Respondent. | ) | Judge Presiding. |

_____

## MOTION TO DISMISS

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § 2244(d)(1)(A), and this Court's order of January 8, 2008, respondent GENE JUNGWIRTH, Warden of the East Moline Correctional Center, moves this Court to dismiss the above-captioned Petition for Writ of Habeas Corpus, and states as follows:

1.   Petitioner Kevin Patterson, identified as prisoner No. A83515, is incarcerated at the East Moline Correctional Center in East Moline, Illinois, where he is in the custody of respondent Gene Jungwirth, the warden of that facility.

2.   Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner was convicted of unlawful use of a weapon by a felon and three counts of attempted armed robbery and was sentenced as a Class X offender to eighteen years' imprisonment.  Exhibit A (Rule 23 Order, *People v. Patterson*, No. 1-04-2140

(Ill.App. 2006)).  On direct appeal, the state appellate court affirmed petitioner's convictions but vacated his sentence and ordered resentencing because petitioner was not eligible for a Class X sentence.  *Id.*  On remand, a different trial court judge conducted a new sentencing hearing and resentenced petitioner to eighteen years' imprisonment under 730 ILCS 5/5-8-2(a)(3), Illinois's extended-term sentencing provision.  Exh. A at 1.  On appeal following resentencing, petitioner argued that the state appellate court should either reduce his sentence or remand for a third sentencing hearing.  *Id.* at 2.  The state appellate court affirmed.  *Id.*

       3.      Petitioner filed a petition for leave to appeal (PLA) to the Illinois Supreme Court that was denied on December 3, 2003.  Exhibit B (Order Denying PLA, *People v. Patterson*, No. 96900 (Ill. 2003)).

       4.      On November 24, 2004, petitioner filed a pro se postconviction petition pursuant to 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County.  Exhibit C (Postconviction petition, *People v. Patterson*, No. 98 CR 30064, Circuit Court of Cook County).  The trial court dismissed the postconviction petition and the appellate court affirmed on May 31, 2006.  Exhibit D (Rule 23 Order, *People v. Patterson*, 1-05-0847 (Ill.App. 2006)).  Petitioner filed a postconviction PLA that the Illinois Supreme Court denied on September 27, 2006.  Exhibit E (Order Denying PLA, *People v. Patterson*, No. 102994 (Ill. 2006)).

       5.      The instant petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254(d), was signed by petitioner on November 16, 2007, the earliest date on which petitioner could have mailed it from his correctional institution.  Giving petitioner

2

the benefit of the doubt, the petition was "filed" on that date. *See, e.g., Jones v. Bertrand*, 171 F.3d 499, 501 (7th Cir. 1999) (citing *Houston v. Lack*, 487 U.S. 266, 270-271 (1988)). The instant petition raises the following claims:

  A. the State failed to prove petitioner guilty beyond a reasonable doubt;

  B. petitioner's due process rights were violated by a fatal variance between the indictment and the proof at trial;

  C. petitioner received ineffective assistance of counsel at trial and on direct appeal;

  D. petitioner's sentence was excessive and violated state law;

  E. petitioner's due process rights were violated by the suppression of exculpatory and impeachment evidence at trial;

  F. petitioner did not receive a fair trial due to the trial court's conduct and did not receive a fair hearing from the postconviction trial court; and

  G. petitioner is entitled to an evidentiary hearing on police misconduct and the suppression of exculpatory evidence at his trial.

Pet. at 6-8.

  6. On January 8, 2008, this Court ordered respondent to "answer or otherwise plead" to the § 2254 petition. (Doc. 9). That order, which is consistent with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, contemplates that respondent may file a motion to dismiss. *See* Advisory Committee Notes to Rule 5, 2004 Amendments (Rule 4 permits the filing of pre-answer motions to dismiss, and "reflects the view that if the court does not dismiss the petition, it may require (or permit) the respondent to file a motion").

7. The following materials are attached as exhibits to this motion:

Exhibit A: Rule 23 Order, *People v. Patterson*, No. 1-04-2140 (Ill.App. 2006);

Exhibit B: Order Denying PLA, *People v. Patterson*, No. 96900 (Ill. 2003);

Exhibit C: Postconviction petition, *People v. Patterson*, No. 98 CR 30064, Circuit Court of Cook County;

Exhibit D: Rule 23 Order, *People v. Patterson*, 1-05-0847 (Ill.App. 2006); and

Exhibit E: Order Denying PLA, *People v. Patterson*, No. 102994 (Ill. 2006).

## The Petition is Time-Barred

8. Petitioner's § 2254 petition should be dismissed, with prejudice, as time-barred under 28 U.S.C. § 2244(d)(1). Under this provision, the statute of limitations for habeas actions filed under § 2254 begins to run from the latest of the following: (1) the date on which the judgment became final by the conclusion of direct review or the expiration of the time to seek review; (2) the date on which the impediment to filing an application is removed, if the impediment is created by state action in violation of the Constitution or laws of the United States and the defendant was prevented from filing by that state action; (3) the date on which the Constitutional right asserted by the petitioner was acknowledged by the Supreme Court and made retroactive to cases on collateral review; or (4) the date on which the factual predicate for the claim or claims could have been discovered through due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). Petitioner has not demonstrated that his time limit is governed by any of the events listed in § 2244(d)(1)(B)-(D), nor does

4

an examination of his habeas claim itself reveal that it triggers those subsections. Therefore, the start of petitioner's limitations period is governed by § 2244(d)(1)(A).

9. The instant petition — which petitioner filed no earlier than November 16, 2007 — is untimely on its face. Petitioner's conviction became final on March 3, 2004, when the time expired to file a petition for a writ of certiorari in the Supreme Court. *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (limitations period under § 2244(d)(1)(A) begins to run after 90-day period during which a state prisoner may file petition for writ of certiorari in Supreme Court on direct appeal). Petitioner thus had until March 3, 2005 to file a federal habeas petition.

10. Petitioner filed a postconviction petition on November 24, 2004 — 266 days after his conviction became final under § 2244(d)(1)(A). The time between November 24, 2004, the date on which he properly filed his postconviction petition, and September 27, 2006, the date on which the Illinois Supreme Court denied his PLA, is tolled pursuant to 28 U.S.C. § 2244(d)(2). *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083 (2007) (time during which petitioner may seek certiorari review in Supreme Court is not tolled under § 2244(d)(2)). Another 415 days lapsed between September 27, 2006, the date on which petitioner's state postconviction proceedings and the § 2244(d)(2) tolling period ended, and November 16, 2007, the earliest date on which the instant habeas petition was filed. *See* Pet. Adding the 266 days that ran on the limitations period after the conclusion of his direct appeal and before petitioner filed his postconviction petition (which, as noted, stopped the clock under

5

§2244(d)(2)), to the 415 days that ran on the limitations period following the conclusion of petitioner's state postconviction proceedings, a total of 681 days lapsed after the limitations period began running under § 2244(d)(1)(A), and the instant petition is thus untimely by 316 days. *See* 28 U.S.C. § 2244(d)(1).

11. Although AEDPA's limitations period may, in extraordinary circumstances, be subject to equitable tolling, *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004), petitioner has not alleged, nor could he demonstrate, that equitable tolling is warranted. Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960 (doctrine of equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period.") (emphasis added). Petitioner has not demonstrated that he has been pursuing his rights diligently; he offers no excuse for the more than one-year delay between the conclusion of his postconviction proceedings and his filing a federal habeas petition. It also bears mention that, even with the benefit of the statutory tolling rules set forth in §2244(d)(2), petitioner's habeas petition was filed 316 days after the limitations period expired. Furthermore, petitioner has not identified any "extraordinary circumstances" that

prevented him from timely filing a habeas petition.  The facts stated in petitioner's habeas claims do not suggest that petitioner was not afforded the opportunity to file a federal habeas petition within the limitations period.

      12.    Petitioner is not entitled to equitable tolling because he has not set forth evidence that he diligently pursued his rights or than an extraordinary circumstance stood in the way of his filing a federal habeas petition.  Accordingly, this Court should dismiss the instant petition with prejudice.

## **Conclusion**

This Court should dismiss the instant petition with prejudice. If the Court determines that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

January 24, 2008                                   Respectfully submitted,

                                                       LISA MADIGAN
                                                      Attorney General of Illinois

                                   By:   s/Eric W. Truett
                                         ERIC W. TRUETT, Bar # 6291213
                                           Assistant Attorney General
                                           100 W. Randolph Street, 12th Floor
                                           Chicago, Illinois 60601-3218
                                           PHONE: (312) 814-4684
                                           FAX: (312) 814-2253
                                           E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on January 24, 2008, I electronically filed respondent's **MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system; and I hereby certify that on the same date, I mailed by United States Postal Service the above-referenced motion to the following non-registered party:

Kevin Patterson, A83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, Illinois 61244

                                                Respectfully submitted,

                                                LISA MADIGAN
                                                Attorney General of Illinois

                        By:   s/Eric W. Truett
                            ERIC W. TRUETT, Bar # 6291213
                            Assistant Attorney General
                            100 W. Randolph Street, 12th Floor
                            Chicago, Illinois 60601-3218
                            PHONE: (312) 814-4684
                            FAX: (312) 814-2253
                            E-MAIL: etruett@atg.state.il.us