1-10,

NOTICE
The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same. Laury-Reyes

THIRD DIVISION
March 29, 2006

No. 1-04-2140

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 30064 |
| | ) | |
| KEVIN PATTERSON, | ) | Honorable |
| | ) | Daniel P. Darcy, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant Kevin Patterson was convicted of unlawful use of a weapon by a felon and three counts of attempted armed robbery. Based on his criminal history, the trial court sentenced defendant to 18 years' imprisonment as a Class X offender. 730 ILCS 5/5-5-3(c)(8) (West 1998). On direct appeal, this court affirmed defendant's convictions, but vacated his sentence and remanded the cause for a new sentencing hearing because defendant was not, in fact, eligible for a Class X sentence. People v. Patterson, No. 1-02-0694 (2003) (unpublished order under Supreme Court Rule 23). On remand, a circuit court judge, other than the one who presided over defendant's trial, ordered a new presentence investigation report (PSI), conducted a new sentencing hearing, and resentenced defendant to 18 years' imprisonment under the extended-term sentencing statute. 730 ILCS 5/5-8-2(a)(3) (West 1998).

EXHIBIT A

1-04-2140

Defendant now appeals contending that this court should either reduce his sentence or remand his case for another resentencing hearing because, in determining his sentence, the trial court relied on its mistaken belief that defendant's prior convictions from the 1970s occurred in the 1990s, and consequently, failed to give adequate consideration to his potential for rehabilitation.  Defendant also contends that his mittimus should be amended to reflect the correct number of days' credit he is due for time served in custody.  We affirm.

At the resentencing hearing, both parties indicated that the information contained in defendant's PSI was correct.  The State then asserted that although defendant was not eligible for a Class X sentence, he did qualify for an extended-term sentence.  The prosecutor pointed out that the PSI showed that defendant had prior convictions for armed robbery, which were crimes of violence, and that in the instant case, he was convicted of three counts of attempted armed robbery and had fired a gunshot at one of the victims.

In mitigation, the defense presented testimony from Reverend Dr. Frank White, defendant's pastor, who testified that he has known defendant since 1999, at which time defendant gave him $200 to aid a group of children with a church trip.  White further testified that defendant did volunteer work with the Community Administers Alliance teaching children how to use computers.

1-04-2140

The parties then stipulated to the testimony of three mitigation witnesses. They first stipulated that Rasan Tamir would testify that he has known defendant as a community activist and volunteer for 10 years and that defendant assisted him with teaching children computer literacy, and distributed food baskets and gifts in the community. Tamir would further testify that defendant served with him on the executive board of Delores' Place, a homeless shelter, and that defendant engaged in fundraising and made personal financial donations to the shelter.

The parties next stipulated that Michael Kulczyski, a dean of students at DeVry University, would testify that he knew defendant as a student in the engineering program, that defendant worked in the intramural program, that he graduated from DeVry and volunteered to serve on the school's board, and that he regularly visited the school to speak with the faculty and attend graduation ceremonies. Finally, the parties stipulated that Eugene Murphy would testify that he has known defendant for over 25 years, that they have a professional relationship and serve on the board of Delores' Place together, and that defendant taught him and others, particularly young children, how to use a computer. The trial court ruled that the stipulated testimony would be admitted as mitigating evidence.

The State then argued that defendant had at least seven prior armed robbery convictions dating as far back as 1975, and

- 3 -

1-04-2140

maintained that he should be resentenced to 18 years'
imprisonment.  Defense counsel responded that the 18-year term
was extremely harsh based on the facts and circumstances involved
in this case.

    Counsel first noted that defendant's most recent prior
conviction was in 1987, and that the bulk of his convictions
occurred in the 1970s.  She further noted that since the 1987
conviction, defendant had obtained an associate's degree in
applied sciences, and in 1997, graduated from DeVry, where he
held numerous jobs.  Referring to the PSI and the stipulated
testimony, counsel pointed out that defendant worked as an
independent contractor from 1998 to 2001, that he also worked at
Radio Shack and United Postal Service, and that he was a founder
of Delores' Place.  She argued that the mitigating evidence,
including being a good student and being involved in his church,
occurred in the 1990s, which indicated that there was a marked
change in his life and that he had turned his life around.
Counsel further claimed that the evidence at trial suggested that
defendant had not acted with malice, but instead, acted out of
compassion for a friend.  Counsel asserted that, given
defendant's background, a sentence in the mid-range for a Class 1
felony of seven to eight years' imprisonment was appropriate.  In
allocution, defendant claimed that he was innocent.

    The trial court first announced that its determination of

- 4 -

1-04-2140

defendant's sentence was based upon only the proper evidence
presented in aggravation and mitigation, the arguments of the
parties, and its review of the PSI and the court file.  The court
pointed to page four of the PSI and noted that defendant was
arrested for aggravated battery on March 15, 1969, and was
sentenced to five years' probation.  It then noted that there was
a violation of probation based on a robbery arrest "which
occurred -- it looks like July 12, 1994."  The court stated that
defendant was sentenced to 4 to 12 years' imprisonment on that
robbery, which was his second felony conviction, and that "[h]e
was paroled June 14, 1974."

Immediately thereafter the court stated that in "1975 he was
arrested" for three armed robberies, sentenced to 18 years'
imprisonment, and "was released December 16, 1993 -- strike that,
1983."  Continuing on, the court noted that defendant was
convicted of four additional armed robberies "that occurred in
1998," that he was sentenced to a 14-year prison term which ran
concurrently with his sentence for the three armed robberies, and
that defendant was released "on all those Armed Robberies on
December the 16th, 1993."  The court then stated that defendant
"was again arrested for another Armed Robbery in 1986," that he
was sentenced to 15 years' imprisonment "on September 18, 1987,"
and that he "was discharged or paroled on April 7, 1996."  The
court also noted that defendant was arrested for the offenses in

1-04-2140

the case at bar in 1998.

Thereafter, the trial court explicitly stated that "[b]ased on [its] review of the pre-sentence investigation," defendant was eligible for an extended-term sentence.  The court noted that defendant had 10 felony convictions, most of them being armed robberies, robberies and aggravated batteries, and that all of them were crimes of violence.  The court commented that defendant earned an education, but chose to throw it away.  It then stated that "based on the evidence presented before the Court, considering the aggravation, mitigation, arguments of the parties, [and] considering only the proper evidence" that defendant was eligible for an extended-term, and sentenced him to 18 years' imprisonment.

On appeal, defendant first contends that this court should either reduce his sentence or remand his case for another resentencing hearing because, in determining his sentence, the trial court relied on its mistaken belief that defendant's prior convictions from the 1970s occurred in the 1990s, and consequently, failed to give adequate consideration to his potential for rehabilitation.  Defendant does not dispute that he was eligible for an extended-term sentence.  Furthermore, he acknowledges that the dates stated in the PSI are correct and that the trial court corrected itself on one occasion.  However, defendant maintains that the court erroneously believed that his

1-04-2140

four armed robbery convictions from 1978 occurred in 1998, that
his 1970 robbery and probation violation occurred in 1994, and
that he received a longer sentence because the court thought that
his prior convictions were more recent.

The State argues that the trial court merely misstated some
of the dates while it was reading aloud from the PSI, and that it
did not misapprehend the facts or have a mistaken belief about
when the offenses actually occurred.  The State further argues
that the trial court did give consideration to defendant's
mitigating evidence, but found that he threw his education away,
and notes that the 18-year sentence is closer to the lower end of
the Class 1 extended term range of 15 to 30 years.

Initially, we note that defendant asserts that the proper
standard of review in this case is *de novo* because the question
before this court is whether the trial court relied on an
improper aggravating factor, and as such, we are applying law to
uncontested facts.  We acknowledge that sentencing issues
involving pure questions of law are reviewed *de novo* (People v.
Watkins, 325 Ill. App. 3d 13, 18 (2001)); however, that is not
the circumstance in this case.  Here, there is a factual dispute
between the parties as to whether or not the trial court
misapprehended the facts of this case, *i.e.*, the dates of
defendant's prior convictions.  Therefore, *de novo* review is not
appropriate.

1-04-2140

Attempted armed robbery is a Class 1 felony with an extended term sentencing range of 15 to 30 years' imprisonment. 720 ILCS 5/18-2(b) (West 1998); 720 ILCS 5/8-4(c)(2) (West 1998); 730 ILCS 5/5-8-2(a)(3) (West 1998). The trial court has broad discretion in imposing an appropriate sentence, and a sentence that falls within the statutory range will not be disturbed on review absent an abuse of discretion. <u>People v. Jones</u>, 168 Ill. 2d 367, 373-74 (1995). An abuse of discretion exists only where the court's judgment is palpably erroneous or manifestly unjust. <u>People v. Blackwell</u>, 325 Ill. App. 3d 354, 361 (2001). The most important factor in determining the appropriate sentence is the seriousness of the offense, not the existence of mitigating evidence, and although defendant's potential for rehabilitation must be considered, it is not given greater weight than the seriousness of the offense. <u>Blackwell</u>, 325 Ill. App. 3d at 361. This court defers to the trial court's judgment regarding sentencing and presumes that the court considered only appropriate factors, unless the record affirmatively shows otherwise. <u>People v. Quintana</u>, 332 Ill. App. 3d 96, 109 (2002).

Here, we find no merit in defendant's claim that the trial court misapprehended the dates of his prior convictions. We acknowledge that the court misstated a few dates while it was reading from the PSI; however, there is no indication in the record that the court was under an erroneous belief as to when

- 8 -

1-04-2140

the convictions actually occurred.  The record shows that the
trial court was reviewing defendant's prior convictions from the
PSI in chronological order, and it did correct one of its
misstatements.  The record further shows that the State argued
that defendant had several prior armed robbery convictions dating
as far back as 1975, and defense counsel noted that the bulk of
defendant's convictions occurred in the 1970s.  The record thus
establishes that despite the misstatements, the trial court was
well aware of when defendant's prior convictions occurred.

    In addition, the record indicates that the trial court gave
adequate consideration to defendant's potential for
rehabilitation.  After reviewing defendant's criminal history,
the court noted that he had earned an education, but commented
that defendant chose to throw it all away.  The court further
stated that it had considered all of the proper evidence in
aggravation and mitigation as well as the parties' arguments.

    It is not this court's function to weigh the sentencing
factors differently and substitute our judgment for that of the
trial court.  <u>People v. Fern</u>, 189 Ill. 2d 48, 53 (1999).
Moreover, the 18-year prison term imposed by the trial court is
just three years above the minimum term of the statutory range.
Based upon the particular circumstances of this case, we cannot
say that the sentence constitutes an abuse of the trial court's
sentencing discretion.  <u>Jones</u>, 168 Ill. 2d at 374.

1-04-2140

Defendant next contends, and the State agrees, that he is entitled to sentencing credit for 962 days served, rather than 864, and that the mittimus should be amended to reflect the correct number.  Pursuant to our authority (134 Ill. 2d R. 615(b)(1); People v. McCray, 273 Ill. App. 3d 396, 403 (1995)), we direct the clerk of the circuit court to amend the mittimus to reflect that defendant is to receive 962 days of credit for time served.

For these reasons, we affirm the judgment of the circuit court of Cook County and amend the mittimus.

Affirmed; mittimus amended.

KARNEZIS, J., with THEIS and ERICKSON, J.J., concurring.