IN THE

Circuit Court of Cook County

First Judicial Circuit

**FILED**

DEC 0 2 2004

DOROTHY BROWN
CLERK OF CIRCUIT COURT

| | |
|---|---|
| Kevin Patterson | ) |
| Plaintiff, | ) |
| | ) Case No. 98 CR 30064 |
| v. | ) |
| | ) |
| People of the State of Illinois | ) |
| Defendant | ) |

RECEIVED

DEC 0 - 2004

## PROOF/CERTIFICATE OF SERVICE

TO: Dorothy Brown-Clerk

    Circuit Court of Cook County

    2650 S. California

    Chicago, Illinois 60608

TO:

Richard Divine

Cook County States Attorney

2650 S. California

Chicago, Illinois 60608

PLEASE TAKE NOTICE that on _November 24_, 20 _04_, I have placed the documents listed below in the institutional mail at _Taylorville_ Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: _Post Conviction Petition with supporting memorandum of law._

    Proof/Certificate of Service

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: _November 24, 2004_

/s/ _Kevin Patterson_

NAME: _Kevin Patterson_

IDOC#: _A83515_

_Taylorville_ Correctional Center

P.O. BOX _900_

_Taylorville_, IL 62568

STATE OF ILLINOIS

          SS

COUNTY OF Christian       IN THE

**FILED**

DEC 02 2004

DOROTHY BROWN
CLERK OF CIRCUIT COURT

Circuit Court of Cook County

First Judicial Circuit

People of the State
of Illinois
       Respondent

        vs
Kevin Patterson

       Petitioner

)
)
)
)
)

CASE NO.   98 CR 30064

## NOTICE OF FILING

TO: Dorothy Brown-Clerk    TO: Richard Divine      TO:
Circuit Court of Cook, Co. States Attorney
2650 S. California        2650 S. California
Chicago, Ill. 60608      Chicago, Ill. 60608
1 Original & _1_ copy       _1_ copy(ies)       ____ copy(ies)

PLEASE TAKE NOTE that on the 24ᵀᴴday of _November_, 2004, I
have filed, through the U.S. Mail, with the above named parties, the below listed
documents (number of copies & originals filed are listed below the addresses of
the parties):

1) _POST CONVICTION/w SUPPORTING MEMORANDUM OF LAW_
2) _____
3) _____
4) _____
5) _____
6) _____
7) _____
8) _____

## AFFIDAVIT OF SERVICE

I, ___Kevin Patterson___, being first duly sworn on oath, deposes and avers
that he/she has caused the above stated documents in the above stated amounts, to be
served upon the above listed parties by placing the same in the U.S. MAIL BOX on
Housing Unit # _1_ located at _Taylorville_Correctional Center in _Taylorville_IL for
delivery as 1st Class Mail.

                          s/s _Kevin Patterson_
                          NAME: Kevin Patterson
                          IDOC Reg. No. A83515

Subscribed and sworn to before me this 17ᵀᴴday of _NOVEMBER_, 2004

                   _Maria Nachtwey_
"OFFICIAL SEAL"     NOTARY PUBLIC
Maria Nachtwey
Notary Public, State of Illinois
My Commission Exp. 04/24/2007

Revised Jan 2002

In the Circuit Court of
Cook, County

People of the State of Illinois       )
                                      )   IND. NO: 98 CR 30064
        vs                            )
                                      )
        Kevin Patterson               )

FILED
DEC 02 2004
DOROTHY BROWN
CLERK OF CIRCUIT COURT

PRO SE POST-CONVICTION PETITION

Now comes Kevin Patterson, Defendant, pro se, and petitions this Honorable
Court to grant him relief under post-conviction act. (725 ILCS 5/122-1.
1992)

In support of this petition, Defendant states:

1. He was convicted of the offense(s) of, Attempted Armed Robbery, after a
   bench trial or entered a guilty plea before the Honorable Ronald Himel
   and was sentenced to 18 years on February 4, 2002.

2. He appealed his conviction to the Illinois Appealet Court and that court
   affirmed his conviction in part and reversed the sentencing portion of
   said conviction on June 19, 2003, under Appellate No. 02-0694.

3. He did Petition the Supreme Court of Illinois to take his case and his
   petition for leave to appeal was denied on _December 3, 2003_ under
   Supreme Court No: _____96900_____.

4. Petitioner appeared before the Honorable Daniel Darcy on June 15, 2004,
   and was resentenced pursuant to Appellate Court order of June 19, 2003
   under Appellate No: 02-0694.

5. Petitioner filed an appeal from the resentencing of June 15, 2004 to the
   Illinois Appellate Court on and no issue of sentencing has been raised as
   a claim in this post conviction petition.

6. This Petition was mailed to the Clerk of the circuit court within the time
   frame enumerated under 725 ILCS 5/122-1

7. Petitioner's Constitutional Rights were violated as stated in this Petition
   and the attached memorandum of law.

Kevin Patterson, Defendant, pro se, states, under penalty of perjury, that the
facts set out in this petition are true and correct to the best of his know-
ledge and belief.

Signed: _X Ken Patterson_

Subscribed and Sworn to before this ___17TH___ day of ___November___,
A.D., _2004_.

_Maria Nachtwey_
        Notary Public

"OFFICIAL SEAL"
Maria Nachtwey
Notary Public, State of Illinois
My Commission Exp. 04/24/2007

 Issues Presented for Review

Petitioner on the Post Conviction memorandum alleges that both his trial attorney and his Appellate Attorney have performed below their objective reasonableness and as a result were ineffective in their duty in violation of the guarantees of the sixth amendment to the right of effective assistance of counsel in a criminal prosecution

1.  The trial attorney was ineffective on the following grounds:

A.  Petitioner's trial attorney refused to file a motion to quash the arrest based on the fact that Petitioner was held for six (6) days prior to being brought before a judge for a first appearance and that more than forty-eight (48) hours as prescribed by law for judicial determination of probable cause had long expired before the Petitioner was brought to court.

B.  Counsel was ineffective for his failure to highlight the discrepancies in the conduct detailed in police reports concerning the allegation of a specific "flash message" reportedly used to assist in the apprehension of the petitioner.  The content of these reports concerning the "flash message" was in contradiction of the facts alleged by the victims of the crime as well as on-scene reports of Chicago Police Department R/O's.  Counsel's failure to file for suppression of this alleged perjured information and reports is viewed by the petitioner as issue of ineffective counsel.

C.  Trial attorney was ineffective in denying the petitioner the opportunity to testify when petitioner asked that he be put on the stand to testify.

D.  The trial court was incorrect in failing to dismiss the indictment by the Grand Jury based on the presence of perjured testimony and it's use in obtaining the indictment in violation of petitioner's due process rights.

2.  The Appellate Attorney was ineffective as counsel on five (5) grounds:

A.  For not consulting with petitioner in any way or form before filing an appellate brief on direct appeal of this case.

B.  Appellate Attorney was ineffective for failure to raise an ineffective assistance of trial counsel claim based on the claims presented in this Petition under argument one (1), A,B,C, and D.

C.  Appellate Attorney was ineffective for not arguing in her appellate brief that the indictment charging petitioner for the commission of the crime in this case consist of perjured testimony and that it is insufficient to support the conviction.

D.  Appellate Attorney was ineffective for failure to raise "Plain Error" by trial court in it's finding where the allegation by the victims in the record did not support the indictment and the evidence at trial did not support the indictment.