1.

NOTICE
The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

THIRD DIVISION
May 31, 2006

No. 1-05-0847

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>Plaintiff-Appellee,<br><br>v.<br><br>KEVIN PATTERSON,<br>Defendant-Appellant. | ) | Appeal from the Circuit Court of Cook County.<br><br>No. 98 CR 30064<br><br>Honorable Daniel P. Darcy, Judge Presiding. |

ORDER

Defendant Kevin Patterson appeals the circuit court's summary dismissal of his post-conviction petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 et seq. (West 2004)). On appeal, defendant contends that his petition sufficiently stated the gist of three separate constitutional claims: (1) trial counsel denied his right to testify after he made a timely request to testify at his trial; (2) trial counsel was ineffective for failing to present certain exculpatory evidence that would have supported his defense theory, and instead relied upon an untenable legal theory; and (3) appellate counsel was ineffective for failing to argue that defendant was deprived a fair trial by the trial court's bias. We affirm.

Following a bench trial, defendant was convicted of three

EXHIBIT D

counts of attempted armed robbery and unlawful use of a weapon by a felon. The court sentenced defendant as a Class X offender to 18 years' imprisonment.

On direct appeal, this court affirmed defendant's convictions, vacated his 18-year Class X sentence because he was ineligible for a Class X sentence, and remanded for a new sentencing hearing. People v. Patterson, No. 1-02-0694 (June 19, 2003) (unpublished order under Supreme Court Rule 23). On remand, the trial court sentenced defendant to an extended-term sentence of 18 years' imprisonment and we affirmed the judgment. People v. Patterson, No. 1-04-2140 (March 29, 2006) (unpublished order under Supreme Court Rule 23).

In December 2004, defendant filed a *pro se* post-conviction petition, alleging four different claims of ineffective assistance of trial counsel and multiple claims of ineffective assistance of appellate counsel. In relevant part, defendant specifically contended that his trial attorney was ineffective by denying him the opportunity to testify after he asked to testify.

Defendant attached to his petition a detailed 45-page memorandum in support of his specific allegations. In addition, defendant attached 54 "exhibits," including numerous police reports related to his case, various excerpts from his trial and appellate record, an affidavit from Theresa Smith (defendant's sister), and letters and other correspondence between defendant

and the public defender's office and the circuit court clerk. Defendant also attached his own affidavit.

In February 2005, the trial court summarily dismissed defendant's petition, finding, in pertinent part, that defendant contended simply that his trial counsel advised him not to testify, but did not allege or present evidence that his trial counsel refused to allow defendant to testify. The court further found that defendant failed to establish that he was prejudiced by any of his claims of ineffective assistance of appellate counsel.

On appeal, defendant contends that his petition sufficiently stated the gist of a three separate constitutional claims, which we will consider separately.

We review *de novo* the summary dismissal of a post-conviction petition. People v. Edwards, 197 Ill. 2d 239, 247 (2001). A defendant's petition must present the gist of a constitutional claim, which is a standard with a low threshold, or his petition can be summarily dismissed. Edwards, 197 Ill. 2d at 244. Under the gist standard, the defendant need only present in his petition a limited amount of detail and does not need to set forth the entire claim or include legal arguments. Edwards, 197 Ill. 2d at 244. In addition, the defendant's claims must be taken as true and liberally construed. Edwards, 197 Ill. 2d at 244. A post-conviction petition may be summarily dismissed if

the allegations contained in the petition are contradicted by the record. People v. Coulter, 352 Ill. App. 3d 151, 157 (2004)

First, defendant alleged in his petition that his trial counsel "was ineffective in denying [defendant] the opportunity to testify when [defendant] asked that he be put on the stand." Defendant appended to his petition portions of the trial transcript, which revealed that after the State rested, trial counsel successfully moved for a directed finding of not guilty for attempted first degree murder and was not successful for the charge of attempted armed robbery. The trial court believed that the State had "established an armed robbery." Defense counsel then stated, "All right. One second to speak with my client."

In his affidavit attached to his petition, defendant attested as follows regarding the exchange after the State rested. Defendant first explained that he had told his counsel "during consultation" that he wished "to testify once the case went to trial." Before trial, defendant and his counsel "even went over questions that would be asked if [defendant] did testify," and counsel "re-iterated" that defendant "would testify if necessary." After the State rested, defendant reaffirmed his desire to testify with his counsel, who then told defendant "'no' there was no need for [defendant] to testify because the State had not proven it's [*sic*] case." According to defendant, defense counsel "then turned around and walked away" and "then rested and

argued for the defense."

A defendant has a fundamental right to testify at his own trial. People v. Brown, 336 Ill. App. 3d 711, 719 (2002). Although the defendant may waive his right to testify, the decision to testify ultimately belongs to the defendant, and that decision is not a strategic or technical matter typically reserved for defense counsel. Brown, 336 Ill. App. 3d at 719. Such a decision, however, should be made with the advice of counsel. E.g., People v. Smith, 176 Ill. 2d 217, 235 (1997).

In People v. Thompkins, 161 Ill. 2d 148, 177 (1994), our supreme court reviewed a post-conviction petitioner's allegation that his counsel denied his right to testify at trial. The court observed that the petitioner alleged he had discussed his intention to testify with his counsel and the record revealed that the petitioner failed to reaffirm that intention at trial and also sat "silent" when counsel rested the case. Thompkins, 161 Ill. 2d at 177. Based on this record, the court concluded that "it appears that the [petitioner] acquiesced in counsel's view that the [petitioner] should not testify." Thompkins, 161 Ill. 2d at 177. Accordingly, the court found that the trial court properly dismissed the petition in regard to this issue because it lacked merit. Thompkins, 161 Ill. 2d at 177-78.

Here, in his attached affidavit, defendant attested to a specific exchange between him and his trial counsel after

6.



defendant told his counsel at trial that he wanted to testify. Specifically, defendant's counsel told defendant that there was "no need" for defendant to testify because the State failed to prove its case. After that conversation, defense counsel "turned around," "walked away" and "argued for the defense." In addition, defendant's attestations revealed that he and his counsel had discussed and prepared for his possible testimony, assuming defendant "would testify if necessary."

Based on this record, it is apparent that after defendant informed his trial counsel at trial that he wanted to testify, his counsel advised him against doing so because counsel believed that the State had failed to prove its case against him. After being so advised by counsel, defendant apparently accepted his counsel's advice because he failed to reaffirm his intention to testify and sat silent as defense counsel turned and walked away. Therefore, in accordance with Thompkins, we find that defendant failed to state the gist of a constitutional claim that his trial counsel denied his right to testify.

We recognize that in Thompkins our supreme court found acquiescence on the part of the defendant, in part, because the defendant did not renew his request to testify at the appropriate time at trial. Thompkins, 161 Ill. 2d at 177. However, in this case, although defendant informed his counsel at trial that he wanted to testify, there is absolutely no indication that he

reaffirmed that desire after his counsel told him that he should not testify. Instead, as we have already determined, defendant's own affidavit indicates that he said nothing in response to his counsel's advice to refrain from testifying and sat silent as defense counsel proceeded to closing arguments. See People v. Enis, 194 Ill. 2d 361, 399 (2000) (rejected the defendant's post-conviction claim regarding his right to testify where the "defendant failed to assert his right by informing the trial court that he wished to testify.")

Defendant's reliance on this court's decisions in Brown, 336 Ill. App. 3d 711, People v. Von Perbandt, 221 Ill. App. 3d 951 (1991), and People v. Dredge, 148 Ill. App. 3d 911 (1986) is misplaced. Most notably, in Brown and Dredge, we explicitly determined that the defendants' allegations in their post-conviction petitions regarding their counsels' denial of their rights to testify were not rebutted by the record. Brown, 336 Ill. App. 3d at 720; Dredge, 148 Ill. App. 3d at 913. Similarly, in Von Perbandt, although we did not expressly articulate that the defendant's allegations in his petition were not rebutted by the record, we relied upon Dredge and People v. White, 152 Ill. App. 3d 404, 408 (1987), both of which based their holdings on the fact that the defendant's allegations were not rebutted by the record. Von Perbandt, 221 Ill. App. 3d at 956. Here, we find defendant's allegations rebutted by defendant's failure to

assert his right to testify to the trial court and by the sworn testimony contained in his own affidavit.

Defendant next contends that his petition alleged a gist of a constitutional claim that his trial counsel was ineffective for failing to present certain exculpatory evidence to refute the intent element of the attempted armed robbery charges.

A defendant's post-conviction petition must clearly allege the manner in which the defendant's constitutional rights were violated, and failure to raise any such claim results in waiver of that claim. People v. Jones, 211 Ill. 2d 140, 144-46 (2004).

Here, we find that defendant has waived this particular contention regarding the ineffectiveness of his trial counsel. The "exculpatory evidence" which defendant refers to on appeal is in fact his own proposed testimony regarding his version of the incident that led to his criminal convictions. This asserted issue of ineffective assistance of counsel for failing to present "exculpatory evidence" is completely premised on defendant's allegations regarding his right to testify. Defendant's attempt to metamorphose the actual allegation in the petition into a second unstated allegation on appeal is unpersuasive and disingenuous.

Most significantly, in his post-conviction petition, defendant clearly identifies three precise allegations of his trial counsel's ineffectiveness. Specifically, defendant alleged

that his trial counsel was ineffective for (1) failing to file a motion to quash arrest; (2) failing to highlight the discrepancies between the conduct detailed in police reports concerning a "flash message" used to apprehend defendant; and (3) denying defendant the opportunity to testify. In addition, defendant alleged that the trial court was incorrect in failing to dismiss the indictment because it was based on the existence of perjured testimony. Considering that none of defendant's allegations in his petition make any reference to trial counsel's failure to present exculpatory evidence to support his defense theory, we find that defendant has waived this specific contention by failing to include it in his petition.

We acknowledge that a *pro se* defendant is not required to set forth his post-conviction claim in its entirety and is allowed to present only a limited amount of detail in his petition. Edwards, 197 Ill. 2d at 244. However, as our supreme court has recognized, a defendant is required in his post-conviction petition to clearly articulate the manner in which he was deprived of a certain constitutional right. Jones, 211 Ill. 2d at 144. Here, defendant on appeal simply tries to recast one clear allegation (right to testify) into an unstated second allegation. We categorically reject this imprudent suggestion.

Finally, defendant contends that his appellate counsel was ineffective for failing to argue that defendant was deprived a

fair trial by the trial court's bias. Specifically, defendant challenges eight of the trial court's comments regarding its evaluation of the State's evidence and asserts that "[i]t is the blatant display of bias in the court's comments that [defendant] committed a full armed robbery and was undercharged that should have been raised on direct appeal."

Initially, we note that this particular issue was not included in defendant's post-conviction petition where he clearly identified six different claims that his appellate counsel was ineffective, including failing to raise on appeal trial counsel's alleged ineffectiveness. However, in defendant's memorandum of support attached to his petition, he explicitly challenged one particular statement by the trial court as being "so prejudicial as to question the integrity of the fairness of the court's conclusion." Specifically, in his petition, defendant challenged the court's following statement, "They proved to me beyond a reasonable doubt that [defendant] is guilty of attempt armed robbery, three counts, and felony possession of a weapon based on a prior armed robbery conviction."

The State argues that we should address only this single challenged statement on appeal because defendant waived any challenge to other statements by the trial court by not including them in his petition.

Even assuming that defendant's allegations in his petition

11.



constituted a challenge to the eight statements he challenges on appeal, we find that defendant has failed to state the gist of a claim that his appellate counsel was ineffective for failing to argue that he was denied a fair trial by the trial court's bias.

In order for a defendant to establish a claim for ineffective assistance of counsel that defendant must (1) show that his attorney's representation fell below an objective standard of reasonableness and (2) demonstrate a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687-94, 80 L. Ed. 2d 674, 693-98, 104 S. Ct. 2052, 2064-68 (1984). A defendant is required to satisfy both prongs of the Strickland test to succeed on a claim of ineffective assistance of counsel. People v. Patterson, 217 Ill. 2d 407, 438 (2005), citing Strickland, 466 U.S. at 697, 80 L. Ed. 2d at 699, 104 S. Ct. at 2069.

The Strickland test applies to claims of ineffective assistance of appellate counsel. People v. Jones, 219 Ill. 2d 1, 23 (2006). There is no requirement that appellate counsel brief every conceivable issue on appeal. Jones, 219 Ill. 2d at 23. In addition, appellate counsel does not violate Strickland by refraining from raising nonmeritorious issues on appeal because the defendant suffers no prejudice unless the particular issue has merit. Jones, 219 Ill. 2d at 23.

Here, the trial court indisputably made a number of comments which indicated that it considered the State's evidence sufficient to convict defendant of armed robbery, even though defendant was only charged with attempted armed robbery. However, all of those allegedly biased comments were made after the State presented its evidence. Most notably, all of the trial court's challenged comments were made either in response to defense counsel's arguments regarding his motion for a directed finding of not guilty or in response to the parties' closing arguments.

In both of those situations, the trial court is undeniably allowed to evaluate the evidence before it, which necessarily includes an assessment of the strength of the State's case. Although the trial court apparently considered the State's evidence sufficient to convict defendant of armed robbery, the court convicted him of the appropriate charged offense, which was attempted armed robbery. This record reveals that the trial court properly evaluated the evidence and convicted defendant of an appropriately charged offense. Thus, the record rebuts defendant's allegations of the trial court's bias, which are based solely on the trial court's comments related to its evaluation of the evidence. Accordingly, we find that defendant has failed to state in his petition the gist of a claim that his appellate counsel was ineffective.

13.



For the foregoing reasons, we affirm the circuit court's judgment.

Affirmed.

KARNEZIS, J., with THEIS and ERICKSON, J.J., concurring.