IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

United States of America ex rel.  )
                                  )
KEVIN PATTERSON #A-83515          )
                 Petitioner.      )
                                  )          Case No. # 1:07-CV-06853
      -Vs-                        )          Habeas Corpus Action
                                  )
                                  )
EUGENE JUNGWIRTH,                 )          **F I L E D**
                 Respondent       )
                                             MAR 11 2008
                                             MAR 1 1 2008 *mr3*

PETITIONERS RESPONSE TO RESPONDENTS
_____MOTION TO DISMISS_____

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

NOW COMES THE PETITIONER KEVIN PATTERSON, PRESENTING IN A PRO-SE CAPACITY THIS
MOTION IN RESPONSE TO THE RESPONDENTS MOTION TO DISMISS, SAID RESPONSIVE MOTION
IS PRESENTED TO THE HONORABLE UNITED STATES DISTRICT COURT AND THE HONORABLE
JUDGE(S) THEREOF IN REGARDS TO THE MATTERS INTRODUCED IN A HABEAS CORPUS ACTION
SAID FACTS IN SUPPORT OF WHY THE COURT SHOULD DENY THE MOTION TO DISMISS ARE AS
FOLLOWS BELOW ACCORDINGLY, AND SAID MOTION IN RESPONSE IS BROUGHT PURSUANT TO
THE FEDERAL RULES OF CIVIL PROCEDURE:


Whereas it is Stated;


1). That Kevin Patterson the Petitioner submitted to the United States District
Court for the Northern District of Illinois, a Petition for Writ of Habeas corpus
filed pursuant to 28 U.S.C. § 2254, and said Petition was mailed on the date as
shown November 27th,2007, and was subsequently filed by the United States District
Court clerk on the date of mailing.

2). That Petitioner Kevin Patterson specifically points out that the dates the
United States District Court assumed the Petition was filed on was stated as the
16th, of November 2007, yet error has been made in regards to the date of mailing
and the date that the defendant actually signed the petitions page 7, Petitioner
states that the actual date of mailing of the Petition was November 27th,2007 and
that this can be verified from the Certificate of service which accompanies the
Documents filed with the court.

3). Petitioner Kevin Patterson States that he received a copy of the order of the
United States District Court that directs him to file a response to the Respondent
(s) Motion to Dismiss which was filed on the date of January 24th,2008 in regards
to his Petition for Habeas Corpus Relief.

4). Petitioner Kevin Patterson, upon examination of the respondents Motion filed
in the United States District Court, has taken notice of the fact that said key
reasons cited by the defendant/Respondent for Dismissal have been based on a issue
of time limitations, and not on any grounds that directly challenges the merits
of the Habeas Corpus Petitions itself.

5). Petitioner, states that facts in support of a denial of the respondents filed
Motion are contained in the Petition itself, and that regardless of an issue such
as timeliness issues exist that warrant Habeas Corpus relief.

6). Petitioner states in section 6 and affirms that the facts that are properly produced and filed Petition for Habeas Corpus show that issue exist that excuse any and all claims of untimeliness that have been presented by the respondents and that facts produced in the habeas corpus petition namely the issue concerning the Petitioners claims regarding the Chicago Police Department officials holding him in custody for a duration of $5\frac{1}{2}$ days before being taken before a Judge for a hearing to determine probable cause supports the relief requested in his Petition for Habeas Corpus.

7). That further supportive facts for habeas corpus relief are contained in the Petition itself and the facts which are presented by the respondent fails to now attack the validity of the claims asserted by the Petitioner in his petition for relief., It is properly stated by the defendant/respondents the claims that have been brought forth in the Petition for Habeas Corpus Relief filed pursuant to the United States Code, 28 U.S.C. § 2254, these facts are cited on page 3 of the filed Motion to Dismiss Petitioners Habeas Corpus Petition, and on page 1 & 2, a brief history of the Petitioners case and the way it has proceeded through the various State Courts are shown.

8). Petitioner states that said Motion to Dismiss should be denied on the grounds that equitable tolling circumstances exist, and specifically certain claims that are contained in the petition still have not been properly adjudicated by State officials and that the State officials have created a impediment to his filing a timely Petition for Habeas corpus relief, which support the denial of their stated request to have the Petition Dismissed, (Said facts are shown in section 2 of the Petitioners Motion and response to Respondents Motion to Dismiss following).

9). Petitioner States that the facts shown in the respondents Motion to Dismiss which is based on the rulings of the United States Supreme Court in the case of Lawrence V. Florida, 127 S. Ct. 1079 which states that a Petitioner isnt allowed an additional tolling period to seek certiorari warrants a review by the United States Court of Appeals, because said ruling has created mixed reactions and has resulted in unreasonable denials of Meritable Habeas Corpus Petition that have been filed within the time frame of 90 days from the denial of the State Supreme Court review, (The time frame that is given during the direct appeal) Petitioner States that the procedural rules that are in place leave questions unanswered and that these questions are being interpreted in several different contexts, review of the findings of the United States Supreme Court is warranted. Petitioner states that said Motion to dismiss should be denied due to the fact that the attorneys whom represented the Petitioner during the various stages of the prosecution had given the Petitioner inadequate and ineffective assistance of counsel in trial as as well as on appeal, specifically the issues regarding the time limitations must be reviewed first by examining the facts underlying counsels representation due to the fact that during the time period that the defendant respondents states that the Petitioner should have had a Habeas Corpus Petition filed for review, he was being represented by counsel from the office of the Cook County Public defender and as well the State appellate defenders office of Illinois (First District) Note the specific's of facts which warrant the denial of the Motion to Dismiss which is presented in section 2 of the Petitioners response).

10). Petitioner states that facts have been placed before the courts which reveal that the respondent/defendant has added up the time tolled as 365 days, and that the petition was filed untimely by 316 days, thus arriving at a filing date of; March 3rd,2005 as the date the Petitioner should have presented to the U.S. Court (District Court) his Petition for Habeas Corpus Relief, yet Petitioner states the defendant/respondent has failed to acknowledge the State created impediments and extraordinary circumstances which significantly resulted in his filing his federal claims as they state state late, Petitioner states that if said Petition was late it was not filed late intentionally and that further facts which support the said relief requested is as follows accordingly.

Section II.

Petitioner Kevin Patterson, in a Pro-Se capacity presents that the claims that he has presented should not be disregarded nor forfeited on the grounds that the,, claims have been presented untimely, Petitioner points out that issues exist of which reveal his "Actual Innocence" and that even though actual innocence claims alone dont excuse the untimely filing a combination of equitable tolling events precludes a finding of untimeliness and dismissal.

Petitioner points out that meritable issues exist which have thusfar been brought to the attention of the court, yet that because of the State agents fraudulent and deliberate concealment of evidence said facts could not be presented fully in a manner that brings closure to the issues, thus creating a impediment, as noted by the attached exhibits #A , which are documents which were forwarded to the Pro-Se Petitioner from the Chicago Police departments office of professional standards and they are records which contain facts concerning the Petitioners mistreatment and unreasonable delay claims, as pointed out on pages 44, through 45, these pages of facts are of issues that have still been withheld and or deliberately and also intentionally bypassed, It is known that a actual innocence claim permits a second Petition under 2244 (b) (2) (B), it clears away a claim that the defendant default-ed in the state courts or by omissions from the first federal petition, but it, does not extend the time to seek collateral relief. With this said, Petitioner now points out that it would be a waste of judicial resources, and likewise time, and it would put a strain on the judicial system which reviews claims brought by Pro-Se Petitioners, to require Petitioners to start over procedures for collateral relief due in part because said Petition introduced initially is done so late, even though the issues introduced are meritable, results in prejudice and violates the rights of the defendant whom has brought the claims. Facts exist as pointed out above, a impediment has been created by the Chicago Police department officials whom have denied the defendant of documents which are directly relevant to the issues of his being mistreated and also being held in a Police station passed the 48, and then being Illegally transfered out of one station into another without cause, all of the facts that have been raised by the Petitioner have been done so with a limited record due in part because the State and its agents the Chicago Police dont want it to be revealed that Intentional Misconduct played a crucial part in the case. Petitioner points out that untimely filing should not be an issue due to the fact that 1). A issue exist which goes to the heart of the matter, the prosecution, it is shown that the Indictment which was alleged returned by the Cook County Grand Jury is improper because the actual witness that is alleged to have presented his testimony isnt the witness that is shown on the actual true Bill of Indictment, a serious issues exist which must be regarded as a impediment, because the issues regarding the Indictment witness/Grand Jury Witness, issue is being deliberately withheld by officials whom are deligated with the duties of keeping records that are to be kept, Petitioner points out that the other issue which is outstanding is, #2). the issue which was shown above regarding the Police departments records exhibit A, which is 7 pages of documents all related to the Freedom of Information act of the State of Illinois, the withholding of this information precludes the defendant from bringing to the courts attention issues regarding the unlawful and unreasonable delay in presenting the defendant before a court of law for probable cause hearings, the issue is one of importance due to the fact that unreasonable delay issues are relevant to defendants claims of Mistreatment, Identification, suppression of evidence, and the production of documentational evidence in the form of Police reports, a issue raised by Petitioner in the procedurally sound and properly filed Post-Conviction Petition, what makes this issue more striking is the documents shown in exhibit B, which are in regards to the facts noted as #1, The true bill issue, and the fact that the prosecution has been initiated in a manner that creates controversy in that how it cannot be at this specific time determined whether the prosecution was in fact legal or Illegal, because records have been withheld by agents for the State of Illinois and county of Cook, Proof of Misconduct has been kept from the attention of the Federal Courts and also the State courts, and now the State is once again requesting to have the issues that

the defendant has raised not reviewed.

Petitioner Kevin Patterson, specifically states that the facts underlying all of his claims presented are facts that are meritable and facts that demand a review. The States request to have the Petition dismissed on the grounds that the Petition is presented in a untimely manner is just another method and means to, avoid the truth of the subject matter, and that is that the Conviction and sentence that has been given has been given in a manner that violated the defendants constitutional rights, Petitioner states that equitable tolling of the one year limitation period for filing a habeas corpus petition is warranted if extraordinary circumstances, outside of the Petitioners control prevents the timely filing of the habeas corpus Petition. Several of these facts exist (Equitable tolling facts, which Petitioner states are full of extraordinary circumstances) ***Note the following facts***.

1). Exhibit A, contains documents which reveal that the Chicago Police department refuses to release to the defendant relevant reports of which detail the abuse that was given to him during the arrest and detention that exceeded a time period of more that 96 hours before being taken to a Cook County Circuit Court Judge, said documents of which defendant requested were documents that the defendant himself produced, and others are documents which the Chicago Police produced as answers to the original O.P.S. Complaint.

2). Exhibit B, contains documents that reveal that the defendant wasnt brought to the Cook County Department of Corrections (Jail) until a total of 5 days after his initial arrest, these document were not obtained until January 28th, 2008 a total of 6 months after the 1st request was made.

3). Exhibit C, contains documents that reveal the defendant tried to as well obtain copies of the O.P.S. Complaint from the clerks office of the Cook County Circuit Court in order to prove the facts regarding deliberate acts of Misconduct and the intentional and deliberate and unreasonable delay in being presented to the courts for probable cause hearings.

4). Exhibit D, contains six, pages of documents which reveal that the Grand Jury Indictment is questioned due in part because the true Bill of Indictment contains a name of a witness that isnt contained in the actual Grand Jury Hearing transcript, revealing that a issue exist that hasnt been resolved fully, and said reveals a impediment which tolls the time for filing claims pursuant to the Habeas Corpus Statutes.

Petitioner states that the above facts clearly reveal that issues have been placed before the federal courts that preclude the dismissal of the Petition on the sole ground that the Petition is filed late, Petitioner points out that the State has failed to acknowledge that the defendant had been represented by counsel during the crucial time that it states that the Petition for Habeas Corpus relief should have been filed, yet what is overlooked is the fact that defendant had been once told by the courts that he could not file any form of Petitions and or Motions due to the fact that he was being represented by counsel, the federal courts must now consider that during the relevant time that the State claims the defendant should have filed a claim in the federal courts he was in fact being represented by the office of the State Appellate Defender, and counsel, Debra Loevy Reyes, and before her I was being represented by another attorney, Mr. Richard T. Niemberg, whom is another State Appellate Defender whom was representing me.

(4).

Petitioner points out that none of the professional attorneys whom at the time that the State has stated was the time he should have had a Petition filed with the Federal Courts seeking Habeas relief ever gave him proper advice regarding the time restraints that are associated with the Habeas Corpus procedures and it is now shown through the various communications (letters from attorneys) that a issue exist that precludes the federal courts from holding the untimely filing actions against the defendant himself, the untimely filing must be placed against the professional whom rendered the defendant inadequate and ineffective assistance of counsel during the period that the Habeas corpus action should have been filed in the federal courts.

Petitioner concedes and states that after careful review of the facts he has now determined that a issues of importance exist, and that issue is that the attorney whom at the time that he had his case remanded back to the circuit court should have gave him the proper advice during proceedings regarding the initial appeal.

***Note in the Petitioners exhibit-#E, it is shown a letter from Cook County P.D. (Public Defender) Emily Eisner, dated July 7th,2003, which discusses facts that of which concerned the Petitioners direct appeal, said attorney whom at the time of producing the letter was informing the Petitioner/defendant of the courts, the appellate court of the first judicial district rulings which affirmed on appeal his conviction, but whom had remanded his case back to the circuit court in order to conduct a new sentencing hearing, because the original sentence had been vacated by the justices of the court.

Petitioner specifically reveals in this portion of the response to the Motion to Dismiss that has been filed by the State, that the issue of lateness doesnt cure the extreme Violations of the Petitioners Constitutional rights, that have been occassioned by attorneys assigned to represent him in the appellate courts of the State of Illinois, Petitioner points to the letters shown in exhibit #E, said are direct proof that the defendant/Petitioner was given inadequate and ineffective assistance of counsel, which in turn played a significant part in the defendants Habeas Corpus Petition being filed in a late manner, upon review of the letter dated July 7th,2003 one can see that the defendants case was remanded back to the Circuit Court of Cook County, on the date of June 19th,2003, as directed by the appellate court after it had made its initial review of the defendants conviction and sentence in the case numbered 98 CR-300064, the appellate court number was 1-02-0694. What is reveal by reviewing the documents that comprise and make up Exhibit E- (the letters dated July 7th,2003 & July 10th,2003) is that counsel for the defendant gave the defendant directions on what procedures were next due to the order that was made in the direct appeal, which of course as it turned out to be, the directions were incorrect, and given in error, and the error resulted in the defendant filing a Petition to the Supreme Court of Illinois, said Petition for leave to the Supreme Court of Illinois was denied on the date of December 3rd, 2003, yet what is detected from the actual trial court disposition printout that is attached here as page 9 & 10 of Exhibit #E, as displayed one can ascertain the printout states that the Defendants appeal mandate was filed on 8/28/03 and on the date of 9/23/2003 the mandate was recalled, said prinout doesnt explain why it is that the defendants appointed counsel, Emily Eisner, directed the defendant to file a Pro-Se Petition knowing that because of my case being remanded back to the circuit court that the Supreme Court would not accept my Petition, it is now specifically shown that because of the improper advice all of my collateral Post Conviction remedies were improperly filed. Said Printout reveals that the Supreme Court of the State of Illinois specifically denied reviewing my Petition and it is specifically shown that the Supreme Court denied defendant by stating that the Supreme Court didnt have jurisdiction to hear the appeal, because the case was as it is known remanded back to the trial court, (Note this fact was stated in the Circuit Court Printout-page 10, of Exhibit E) the date that this information was docketed is shown as 10/03/2003, defendant points out that the attorney for the defendant Emily Eisner, had to have known on the date of July 7th,2003 that the defendant could not file what would be considered a Petition for leave to appeal.

Note following facts that are shown in the following pages as they reveal that a serious issue regarding the representation Petitioner received exist which would prevent the dismissal of the Habeas Corpus action because of such representation.

Petitioner Kevin Patterson, points out through the various exhibits attached that
the issue of untimely filing should be disregarded due in part because the former
appellate counsel's that had been representing him gave him improper advice and
said led to him filing in the appellate court and the Supreme Courts Petitions
and Motions that were premature, because of the improper advice Petitioner was
given by both attorneys whom produced the letters dated 7/7/2003 & 7/10/2003, it
is specifically stated by the defendant/Petitioner that page 5 of Exhibt E, which
is the Affidavit of Intent to file a Pro-Se Petition for leave to appeal to the
Supreme Court of Illinois is direct evidence of the attorneys Emily Eisner, advice
to file such, the contents of the letter appear to state that the attorney is in
a inappropriate manner telling the defendant he is on his own, counsel knew that
the defendant couldnt file a Interlocutory appeal, because the case was remanded
with directions, and it is known that it is equally well established that a re-
viewing court retains jurisdiction of the cause until it issues its mandate and
that the mandate of the reviewing court gives the trial court jurisdiction to do
only that which the mandate requires. (Thomas V. Durchslag (1951), 410 Ill. 363,
365, 102 N.E. 2d 114; People V. Dukett, (1975) 33 Ill. App. 3d 863, it is known
that where after reviewing a case on its merits, an appellate court reverses its
judgment of the trial court or reverses and remands the cause to that court with
directions to enter a specific judgment, there is nothing for that court to deci-
de or determine. Neither the trial court nor the parties have any authority to
take any further action in the case except such as is necessary to carry out the
mandate of the reviewing court. ***Here in the present case which is being brought
forth on a collaterial Petition for Relief in the federal court, the court must
now consider the facts accordingly, Exhibits E-pages 1-10 reveal that defendant
was in fact given ineffective representation of counsel due in part because the
attorney gave bad advice and directions which caused the defendant to file in the
Supreme Court a Petition for leave that was premature, thereby resulting in the
defendant placing before the courts a improper Petition.
Petitioner next points to the letters dated September 22nd, 2005 & the letter of
November 29th,2005, one is from the State Appellate Defender, Richard T. Niemerg,
and the second one is from Debra Loevy-Reyes,(Exhibit #1, pages 1-4) these two
letters further highlight the fact that defendant was given inadequate and also
ineffective assistance of counsel in the appellate court, the letters are wrote
in concern of the defendants appeal after the case was remanded back to the Cook
County trial Court, the letters reveal that attorneys for the defendant were at
the time producing the briefs for the appeal that occurred after remand, said is
more direct proof that defendants Habeas Corpus Petition should not be dismissed
because as shown in the two letters is proof that the exhuastion of State Court
remedies had not yet been completed, meaning that when the defendant was told to
produce a Petition challenging the conviction (issue presented in Exhibit E) the
advice was wrong, this is more than confirm when the defendant documents that are
Exhibits # 2, pages 1-5 are shown as they reveal that the appeal which was brought
after the case was remanded and the defendant was re-sentenced was not completed
in the manner that detailed Petitioner should have been give advice to submit a
Petition to the Supreme Court as directed by Emily Eisner, all of the attorneys
up to the point in the litigation from the direct appeal up til the point where
the defendant file a Petition seeking an extension of time to appeal to the Sup-
reme Court on May 2nd, 2006 was giving the defendant the wrong advice, because no
attorneys had discussed with the defendant the proper procedures in filing and it
specifically is known that none of the attorneys gave defendant the proper advice
on the time requirements for Federal Petitions, the attorneys thus rendered the
defendant inadequate assistance of counsel which was ineffective, in that because
of there failure to properly advice the defendant of the correct time in which to
file collateral Post-Conviction Remedy, Petitions (Federal Petitions) defendant
ended up filing a Petition that the State now state is late, Petitioner states
that Exhibit #3, contains more of the same form of documents that are shown in
Exhibits #E, and Exhibits #1,&.2, all of these documents reveal that the defendant
still had before filing a Post-Conviction Petition issue in the State trial court
that had not been properly adjudicated, and the documents show that the defendant
should not have been given advice to file any Supreme Court Petitions until after
all of the issues that are shown in the direct appeal and the resentencing appeal
had been properly completed.

Petitioner, Kevin Patterson, now comes before the United States District Court and request that the Court enter an order denying the Motion to Dismiss on the specific grounds that are herein stated in the Petitioners pleadings, and also due to the fact that the Merits of the Habeas Corpus Petition itself establishes that the defendant is actually innocent, and that a serious question exist that is in regards to the Grand Jury Indictment, and that also a serious question as well exist that is in regards to the defendant being held in custody for more than 5 days, and such issue hasnt been properly reviewed due in part because of the State and its agents to release to the defendant the relevant documents thats needed to***complete a proper Petition, also Petitioner states that the Court, the federal Courts must find that the defendant was rendered inadequate and also

ineffective assistance of counsel.

Wherefore Petitioner now pleads with the courts to now consider the facts that are stated in this Motion in response, and to upon such review grant him the request that said Motion to Dismiss be stricken, and that a order be entered to have the defendant/respondents now answer the Habeas Corpus Petition on all the issues that have been presented and to thusfar allow the defendant an opportunity to admend this Motion in response if the Courts deem it necessary to adjudicate the facts presented in the original Petition file in the Honorable United States District Court.


                                        Respectfully Submitted

                                        _Kevin Patterson_____
                                              Petitioner Pro-Se

STATE OF ILLINOIS                        )
                                         ) SS
COUNTY  OF ROCK-ISLAND                   )

## AFFIDAVIT

I, ___Kevin Patterson___, being first duly sworn upon my oath, depose and say as
follows:

That I am the Petitioner of the Petition for Habeas Corpus, and I
State that I am filing this affidavit to bring to the courts attention
that said Motion In response to the defendant/respondents Motion to
Dismiss the Habeas Corpus Petition is filed a day late due to the fact
that the law library facility where I obtained copies of the pleadings
and also where I had the pleadings notirized was not open on Monday the
3rd day of March, 2008, My Motion in Response was to be submitted to the
Honorable United States District Court on the date of March 3rd, 2008,
Said pleadings were completed on the 3rd of March, yet I declare that I
Could not obtain copies of my pleadings until the 4th, of March as seen
by the filed stamp and notary seal shown below, I now present that the
herein stated facts are presented under the penalty of perjury, pursuant
to the United States Code (28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_Kev~ Patterson,_
Petitioner

SUBSCRIBED AND SWORN to before me this ___4___ day of _March_
_2008_

OFFICIAL SEAL
PATRICIA J. HENDRICKSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-10-09

_Patricia J. Hendrickson_
NOTARY PUBLIC

## DECLARATION UNDER PENALTY OF PERJURY

I, __Kevin Patterson____, Pro _se_, decalre under penalty
of perjury that I am the maker of the foregoing pleading/
document, that I have read the contents thereof, and that the
information contained therein is true and correct. I further
declare under penalty of perjury that the EXHIBITS (if any)
attached to the foregoing pleading/document are what they
are represented to be and that the information contained
therein is true and correct and is a matter of record. 28
U.S.C. § 1746 and 18 U.S.C. § 1621.

Signed this __4th__ day of __March_____,2008_.

_____
(Signature)

## CERTIFICATE OF SERVICE

I, __Kevin Patterson__, Pro _se_, hereby certify that the
proper number of copies of the foregoing pleading/ document
have been mailed to the Clerk of the Court and to (opposing
parties) and/or Opposing Counsel of record in this cause by
placing the copies, with First Class Postage paid, in the
United States Mail at the __East Moline Correctional Center__
__East Moline__, __Illinois__, __61244__, on this __4th__ day of __March_____,
__2008_. This certificate of service is made under penalty of
perjury. 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

Signed this __4th__ day of __March_____,2008_.

_____
(Signature)

SUBSCRIBED AND SWORN TO BEFORE ME
THIS __4__ DAY OF __March_____ 200__8__

_____
NOTARY PUBLIC

> OFFICIAL SEAL
> PATRICIA J. HENDRICKSON
> NOTARY PUBLIC- STATE OF ILLINOIS
> MY COMMISSION EXPIRES 12-10-09

***ONLY FOR USE IN FEDERAL COURTS***

Exhibit A

**FREEDOM OF INFORMATION REQUEST**

**STATE OF ILLINOIS**    **(1)**

SS# 329-4?-3912

**INSTRUCTIONS:**

Requestor should fill out the REQUEST portion (the top half) and sign the Requestor's Signature block. Send copies 1 and 2 to the Agency. Keep the 3rd copy for reference. Send no money at this time. Unless notified otherwise the Agency's response for APPROVED, DENIED or DEFERRED will be sent back within 7 working days after receipt of the form.

| | | |
|---|---|---|
| Name of Agency Office Proff-S Chicago Police Dept. | City Chicago | |
| Address 10 W. 35th, Street, O.P.S. Director | | |
| Requestor's Name (Or business name if applicable) KEVIN PATTERSON #A-83515 | Date of Request July 3rd, 2007 | Phone Number Not Applicable |
| Street Address East Moline Corr. Center 100 Hillcrest Road. | CERTIFICATION REQUESTED [ ] YES [X] NO | |
| City East Moline | State Illinois | Zip 61244 |

Requestor's Signature _Kevin Patter..._

**DESCRIPTION OF RECORDS REQUESTED:**

1. Copy of O.P.S Complaint filed by Requester, filed on and or about the Date of November 1st thru 10th,1998 (Filed after my release on bond on October 20th,1998, my Police CB#. #14010-873, my R.D.# C-630222 and my arrest data was 10-1-1998, my arrest was initiated by C.P.officers named B. McDermott #3852 and P. Greanan #19169

2. Copy of official summary reports submitted and completed by O.P.S. staff whom were assigned to the investigation of said complaint.

3. Any and all documentation in connection to said complaint that can be released    [X] REQUESTING COPIES          [ ] TO INSPECT RECORDS

**AGENCY RESPONSE (REQUESTOR DOES NOT FILL IN BELOW THIS LINE)**

**APPROVED**

[ ] The documents requested are enclosed.

[ ] The documents will be made available upon payment of copying costs ........................... $ _____

[ ] You may inspect the records at _____

on the date of _____.

**DENIED**

[ ] The request creates an undue burden on the public body in accordance with Section 3(f) of the Freedom of Information Act and we are unable to negotiate a more reasonable request.

[ ] The materials requested are exempt under Section 7 _____ of the Freedom of Information Act for the following reasons:

| INDIVIDUAL(S) THAT DETERMINED REQUEST TO BE DENIED | RIGHT TO APPEAL |
|---|---|
| _____ _____ | If desired, submit the attached APPEAL form (No. 2) along with copies of this original REQUEST and DENIAL and reasons for appeal to: |

**DEFERRED**

[ ] Request delayed, for the following reasons (in accordance with 3(d) of the FOIA):

You will be notified by the date of _____ as to action taken on your request.

| The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center. | FOIA Officer | Date of Reply |
|---|---|---|

IL 001-0005 (6/84)

LEGEND FOR REQUESTOR:  1st copy (white) – send to Agency;  2nd copy (canary) – send to Agency;  3rd copy (pink) – Requestor's copy



**City of Chicago**
**Department of Police**
3510 South Michigan Avenue
Chicago, Illinois 60653

Unit 163-FOI
FOIA File No.: 07-0912



Mr. Kevin Patterson A-83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
$ 00.37³
02 1M
0004229047
MAILED FROM ZIP CODE 60653    JUL 25 2007

5⋆5BL11 61244    |¦|₁₁₁₁|₁₁|₁|₁₁|₁|₁₁₁|₁₁||₁₁|₁|₁||₁|¦₁₁||₁₁|₁₁|₁₁|₁¦||



**Richard M. Daley**
Mayor

**Department of Police • City of Chicago**
3510 S. Michigan Avenue • Chicago, Illinois 60653

**Philip J. Cline**
Superintendent of Police

Date: July 20, 2007

Mr. Kevin Patterson A-83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244

Re:    NOTICE OF DENIAL OF PUBLIC RECORDS
       REQUEST DATE:   July 9, 2007
       **FOIA FILE NO.:      07-0912**

Dear Mr. Patterson:

The Chicago Police Department is in receipt of your Freedom of Information Act request for a copy of the OPS complaint you filed on or about the 1st through 10th of November 1998. You also request copies of the official summary reports submitted and completed by the OPS staff who investigated the complaint, and any and all documents related to the complaint that can be released.

Your request was reviewed by the undersigned as well as the Internal Affairs Division. Your request is denied. Your denial is based on the following exemptions found in the Illinois Freedom of Information Act:

> 5 ILCS 140/7 (1)(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:
>
>> (ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions;
>
> 5 ILCS 140/7 (1)(c) Records compiled by any public body for administrative enforcement proceedings and any law enforcement or correctional agency for law enforcement purposes or for internal matters of a public body, but only to the extent that disclosure would:
>
>> (ii) interfere with pending administrative enforcement proceedings conducted by any public body;
>>
>> (iii) deprive a person of a fair trial or an impartial hearing;

---

(vi) constitute an invasion of personal privacy;

You may file a written appeal of this denial with the Superintendent of Police at the following address:

Superintendent of Police
Chicago Police Department
3510 S. Michigan Avenue
Chicago, IL 60653

If I can be of further assistance, you may contact me at (312) 745-5308 or the below listed address:

Chicago Police Department
Attn.: Freedom of Information Officer
Records Inquiry & Customer Service Section, Unit 163
3510 S. Michigan Ave.
Chicago, IL 60653

Sincerely,

P.O. Rory P. O'Brien #7818
Assistant Freedom of Information Officer
Department of Police
Record Services Division



**FREEDOM OF INFORMATION APPEAL**

STATE OF ILLINOIS        **(2)**

Date Appeal Received in State Agency

**INSTRUCTIONS:**

Requestor should fill out sections — DESCRIPTION OF RECORDS, and REASONS FOR APPEALING. Send copies 1 and 2 to the Director of the Agency which original request was sent to. Unless notified otherwise the Agency's response will be within 7 working days after receipt of appeal.

| Requestor's Name (Or business name if applicable) | | | Send Appeal To: (Director and Agency) | | |
|---|---|---|---|---|---|
| KEVIN PATTERSON #A-83915 | | | Superintendent Chicago Police Dept. | | |
| Street Address East Moline Corr. Center 100 Hillcrest Road. | | | Street Address Chicago Police Department 3510 S. Michigan Avenue. | | |
| City East Moline | State Illinois | Zip 61244 | City Chicago | State Illinois | Zip 60653 |

**DESCRIPTION OF RECORDS THAT APPEAL IS BEING MADE FOR:**

1. Copy of O.P.S. Complaint filed by requestor, between 1st and 10th, of November 1998 (Filed after my release on bond on October 20th,1998) my Police C.B. # 14010-873, my R.D. # C-630222, arrest date was 10-1-1998 Arresting officers, CPO-P. McDermott #8852 and P. Greenan, #19169

2. Copy of official summary reports submiited and completed by O.P.S. Staff whom were assigned to the investigation of said complaint.

3. Any and all documentation in connection in connection to said complaint that can be released concerning said complaint. (FOIA file No. #07-0912)

**This is an appeal of the denial of said first F.O.I.A. request of 7-3-07**

**REASONS FOR APPEALING**

My reason for appealing the denial of said request iddt brought for any other than the fact that said request involved me personally and the items which ag requested, the actual complaint, doesnt contain any information that would cause improper privacy concerns, Im requesting a copy of the complaint that was filed, and the results of said complaint, I have a due right to the results of the investigation, and whether one was conducted at all, precluding me from information that concerned whether or not the police officers whom Violated my Constitutional Rights were investigated causes a undue burden on me to seek further remedies, remedies that cant be persued unless I am informed of the results and findings of the OPS, I have been wrongfully denied information needed for court purposess

**DIRECTOR'S RESPONSE TO APPEAL**

Noted below is the action I have taken on your appeal from the denial of your request for the above captioned records

[ ] I hereby approve your appeal to the following extent and for the following reasons:

[ ] I affirm the denial of your request made by the Freedom of Information Officer.

Note: You are entitled to judicial review of any denial pursuant to Section II of the Freedom of Information Act.

| The information required by this form is MANDATORY in order to comply with P.A. 83-1013. Failure to so provide may result in this form not being processed. This form is approved by the Forms Management Center. | Director's Signature | Date of Reply |
|---|---|---|

IL-001-0006 (6/84)



City of Chicago
Department of Police
3510 South Michigan Avenue
Chicago, Illinois 60653

PRESORTED
FIRST CLASS



UNITED STATES POSTAGE
PITNEY BOWES
$ 00.37³
02 1M
0004229047    AUG 25 2007
MAILED FROM ZIP CODE 60653

Mr. Kevin Patterson A-83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244



Richard M. Daley
Mayor

Department of Police • City of Chicago
3510 S. Michigan Avenue • Chicago, Illinois 60653

Dana V. Starks
Interim Superintendent of Police

---

August 17, 2007

Mr. Kevin Patterson A-83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, IL 61244

**Re: Appeal from Freedom of Information Denial
File No.: 07-0912**

Dear Mr. Patterson:

Your appeal under the Illinois Freedom of Information Act to Interim Superintendent Dana V. Starks has been referred to me for review and response. I regret to inform you that your appeal has been denied. Information that your requested is exempt from disclosure under the following statute from the Illinois Freedom of Information Act:

5 ILCS 140/7(1)(b) Information that, if disclosed, would constitute a clearly unwarranted invasion of personal privacy, unless the disclosure is consented to in writing by the individual subjects of the information. The disclosure of information that bears on the public duties of public employees and officials shall not be considered an invasion of personal privacy. Information exempted under this subsection (b) shall include but is not limited to:

(ii) personnel files and personal information maintained with respect to employees, appointees or elected officials of any public body or applicants for those positions;

In closing, pursuant to 5 ILCS 140/11, you have the statutory right to file suit for injunctive or declaratory relief.

Sincerely,

James P. McCarthy
Attorney-at-Law
Office of Legal Affairs

Cc:   Jennifer Hoyle- Department of Law
Records Division

---

Exhibit B

I.D.O.C. # _A83515_

Records Office, Cook County
Department of Corrections
2650 S. California Avenue
Chicago, Il. 60608
_____

RE:  Certification of Time Defendant was in County Jail.
     People V. _KEVIN PATTERSON_
     Case No. _98 CR 30044_ , _____ , _____
     _____ ,

    I have attached a form captioned CERTIFICATION OF TIME DEFENDANT WAS IN COUNTY JAIL. Please complete the form and send the original to the Records Office Supervisor at the _EAST MOLINE CORR. CNTR._, and a copy the me, at the address provided on the form. For your convenience I have enclosed self-addressed, postage prepaid, envelopes.

    In the case that you may need additional identifying information I have provided the following:

Social Security Number _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_ ;

Date of Birth _1-16-51_ .

    Thank you for your time and consideration in this matter.

Respectfully,

Date: _7/2/07_

/S/ _Kevin Patterson_

Enclosures: as shown above

IN THE CIRCUIT COURT OF THE _FIRST_ JUDICIAL CIRCUIT

_COOK_ COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, )
PLAINTIFF-RESPONDANT, )
)
V. )   CASE # _98 CR 30064_ ,
)
_KEVIN PATTERSON_ , )
DEFENDANT-PETITIONER. )

CERTIFICATION OF TIME DEFENDANT WAS IN COUNTY JAIL

TO: Records Office Supervisor,    TO: _KEVIN PATTERSON_
_EAST Moline_ Correctional Ctr.:    I.D.O.C. # _A83515_
_EAST MOLINE IL. 61244-1159_

This is to certify that, _KEVIN PATTERSON_ , the above-named

inmate was incarcerated in the _COOK_ County Jail in the

above-captioned and numbered case(s) from _OCTOBER 6,_ , _1998_ to

_OCTOBER 20_ , _1998_ and from _____, _____ to

_____, _____, for a total of _____ days.

None of the above jail time was credited to any other sentence in this

County.

Date: _7/2/07_

_Kevin Patterson - A83515_
(Signature and Title)

_100 HILLCREST ROAD_
(Address)

_EAST MOLINE, IL. 61244-1159_
(City and State)              (Zip)

[    ]
(Telephone)

# COOK COUNTY DEPARTMENT OF CORRECTIONS

## Michael F. Sheahan
### Sheriff



2700 South California
Chicago, Illinois 60608
(773)869-2859

BOARD OF CORRECTIONS

Esequiel Iracheta
Chairman

Munir Muhammad
Vice Chairman

Howard B. Brookins
Board Member

Gilbert Marchman
Board Member

Frederick D. Bangstacke
Board Member

LAST CCDOC # _04-0010027_

RE: _Patterson, Kevin_

YOUR # _IR-207100_

D.O.B. _1-16-51_

SSN _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_

TO WHOM IT MAY CONCERN:

PURSUANT TO YOUR REQUEST, THE FOLLOWING INFORMATION IS SUBMITTED:

| CCDOC # | ENTERED CCDOC | CHARGE | DISCHARGE | RELEASE |
|---|---|---|---|---|
| 04-0010027 | 02-05-04 | Armed Rob. | 06-22-04 | trans. to IDOC |
| 01-0091382 | 11-21-01 | Armed Robbery | 02-08-02 | trans. to IDOC |
| 98-9877542 | 10-06-98 | Robbery | 10-22-98 | Bonded-out |

NAME _(signature)_

DATE: _1/17/08_

COOK COUNTY-DEPT. OF CORRECTIONS
2700 SOUTH CALIFORNIA AVE.
CHICAGO, ILLINOIS 60608

Earl Malin C.C.
Kevin Patterson - A83515
100 Hillcrest Road
East Moline, Ill 61244-1154

041 JPL M 02656
$ 00.41⁰
01 3207 0559
Mailed From 60608
US POSTAGE

Exhibit C

CASE # 98 CR 30064
SS # 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
IR # 207100
DOB, 1-16-51

DATE: 7/11/07

TO: DOROTHY BROWN - CLERK, CIRCUIT COURT

FROM: KEVIN PATTERSON - pro-se

SUBJECT: O.P.S. REPORT / COMPLAINT

DEAR MS. BROWN,

I AM CURRENTLY PREPARING A APPEAL PETITION
PRO-SE AND I AM IN NEED OF A COPY OF
THE COMPLAINT AND FINDING FROM THE OFFICE
OF PROFESSIONAL STANDARDS (OPS) THAT
WAS FILED BY ME IN OCTOBER OR NOVEMBER,
1998. IT WAS MADE A PART OF THE RECORD
BY THE STATES ATTORNEY OFFICE, AND IS THEREFORE
A PART OF THE COURT FILE.

THANK YOU FOR YOUR ASSISTANCE....

Kevin Patterson
KEVIN PATTERSON - A83515
100 HILLCREST Rd.
EAST MOLINE, IL
61244-1159

(773) 869-3140
FAX (773) 869-4444

OFFICE OF THE CLERK OF THE CIRCUIT COURT OF COOK COUNTY

To

Date:

RE: Your Correspondence

Dear *Mr. Patterson*

Thank you for contacting the Office of Dorothy Brown Clerk of the Circuit Court of Cook County  In response to your inquiry
received on *7-18-07* , we will require additional information to process your request. We are returning
your correspondence so that you may resubmit your request with the additional information identified below

## More Information Needed:

☐ A case number is required.
☐ The case number provided does not match the name provided, corrected case number or corrected name required.
☐ The information provided is incorrect or inconsistent, specifically,
☐ If no case number is available, you must provide an I.R. (Individual Record) Number, a date of birth, the correct spelling of
name used upon arrest, and the date of arrest.
☐ We are unable to determine your request. Please resubmit with a specific request.

## Alternately, please note the specific information checked below:

**If you require Legal Advice or Trial Information:**

**The Clerk of the Circuit Court is prohibited from
giving legal advice, preparing the forms, or
advising the parties on how to complete required
forms. 705 ILCS 110/1; 705 ILCS 205/10; Illinois
Supreme Court Rule 756(b).**

☐ The service(s) you have requested is not within the
scope of the Clerk's statutory authority, you may
contact one of the agencies indicated below:

   ☐ Cook County State's Attorney's Office
   Civil Actions
   Richard J. Daley Center
   Room 500
   50 W. Washington
   Chicago, Illinois 60602
   312-603-5440

   ☐ Cook County State's Attorney's Office
   Criminal Prosecutions
   2650 S. California 11th Floor
   Chicago, Illinois 60608
   773-869-2700

   ☐ Cook County Public Defender's Office
   Felony Trial Division
   2650 S. California, 7th Floor
   Chicago, Illinois 60608
   773-869-3217

   ☐ Office of the Official Court Reporters
   Court Reporting Services (Transcripts)
   2650 S. California, 4th Floor
   Chicago, Illinois 60608
   312-869-6065

**If you require Information on an Appeal:**

If your request involves specific matters of the case
or the reasoning of a court order, please contact your
attorney, your appellate public defender, or the
appointed state appellate defender at:

   ☐ Office of the State Appellate Defender
   203 North LaSalle, 24th Floor
   Chicago, Illinois 60601
   312-814-5472

   ☐ Cook County Public Defender's Office
   Legal Resources (formerly Appeals and Post Conviction)
   69 West Washington, 15th Floor
   Chicago, Illinois 60602
   312-603-0600

**If your request is for calculation of Credit for
Time Served:**

The Cook County Department of Corrections
maintains the actual records of incarceration.
Address all inquiries regarding this information to:

   ☐ Records Office
   Cook County Department of Corrections
   2700 S. California
   Division Five – Floor 1
   Chicago, Illinois 60608

*Note: The Office of the Clerk of the Circuit Court does not
determine the amount of time for credit served in custody.*

(Over for Additional Information)

Side 1

RE: Request, Petition, or Motion:

☐ If you wish the court to review your request, submit your petition or motion to this Office, send an original plus two (2) photocopies, please include a case number. We will schedule it on the court call for a Judicial consideration.

☐ After a judge rules on your matter, our Office will send you a notice of the judge's ruling.

☐ Your request, petition, or motion to the court was filed in the Criminal Division on:

☐ Your file stamped copy is enclosed (a copy must have been provided – see RE: Requests for Free Services below→).

☐ We will begin processing the document(s) received as of _____ and present to a judge for consideration.

☐ Your request, petition, or motion to the court was denied on

☐ Your request, petition, or motion to the court was granted on

☐ The next court date concerning this matter is

☐ We have no record of your request, petition, or motion to the court.

RE: Earlier correspondence(s):

☐ Please find attached copies of our Office's response of

☐ Please find attached copies of our Office's response of

☐ Please find attached copies of our Office's response of

RE: Case status:

☐ Please find enclosed the Circuit Court disposition(s) for case number _____ CR

☐ Please find enclosed the Circuit Court disposition(s) for case number _____ CR

☐ Please find enclosed the Circuit Court disposition(s) for case number _____ CR

☐ Please find enclosed the Circuit Court disposition(s) for case number _____ CR

RE: Freedom of Information Act (FOIA)

☐ Your request for information has been forwarded to our FOIA Officer, who will respond to you shortly

The Clerk of the Circuit Court of Cook County supports open government and an informed citizenry. While not subject to the Freedom of Information Act, see Copley Press Inc. v. Administrative Office of the Courts (1995), 271 Ill. App. 3d 548, appeal denied, 163 Ill. 2d. 551; see also Illinois Attorney General Opinion No. 99-05 (March 15, 1999). The official court records held by the Clerk of the Circuit Court of Cook County are open to any member of the public for inspection or to obtain copies at all times during regular hours of operation at the office having custody of the records to the extent allowed by the applicable statute, court rule or court order.

RE: Requests for Free Services:

Illinois law prohibits the Clerk of the Circuit Court from providing free copies of court documents.

☐ See the enclosed schedule that identifies all fines, fees, and costs pursuant to Illinois Compiled Statutes, 705 ILCS 105/27.2a, 705 ILCS 105/27.3a, and 705 ILCS 105/27.3c.

RE: Appeal and appellate court record:

☐ We received the notice of appeal on
☐ The State Appellate Defender was appointed on
☐ The State Appellate Defender picked up the common law record on appeal; please contact their offices (see address on side 1 of this form).
☐ The State Appellate Defender picked up the certified copy of the transcript; please contact their offices (see address on side 1 of this form).
☐ We will notify the Office of the State Appellate Defender upon completion of the records for the notice of appeal.
☐ We have no record of a notice of appeal for case number _____ CR

*In case of any questions, please write to:*

*Clerk of the Circuit Court of Cook County*
*Criminal Division Mail / Motions Section*
*2650 South California Avenue*
*Chicago, Illinois 60622*
*(773) 869-4045*

Side 2

Exhibit D

To: Dorothy Brown                    Office          Date     May 6,          200 07
    Clerk of The Circuit Court
    2650 S. California                                    RECEIVED
    Chicago, Il 60608
                                                       2007 MAY 14  PM 12: 14

                                                       CLERK OF CIRCUIT COURT
                                                           CRIMINAL DIVISION

From:  Kevin Patterson - A83515                        _____CLER
                                                                        BROWN
       100 Hillcrest Road

       East Moline, Illinois 61244-1159


Dear Ms. Brown

I am the above named person whom at this specific time am writing to you to obtain some very
important legal documents which are relevant to some issues I have that are outstanding and
that are subject to being investigated, because I am in dire need of certain records I felt
it best that I personally contact your office for my needs.

I am requesting that your office forward to me a copy of the below named documents:

            1). Copy of Indictment Return Sheets case # 98 cr 30064 _____

            2). Copy of true Bill of Indictments case # 98 cr 30064 _____

            3). Copy of the Clerks Disposition Printout # 98 cr 30064

            4). Return copy of this letter shown received.


your help and cooperation in sending me these documents will be very appreciated.
At the present moment I am unable to pay any and all such fee's for your service in these
very important matters and I request that you allow me to obtain said above requested legal
documents in a pauperis status, due to my present position being as it currently is at this
time I am incarcerated in the Illinois Department of Corrections as the above address truely
reveals, again your help in providing to me the above requested material would be very, very
much appreciated and I personally thank you for your time and service in the aforementioned.


                                          Sincerely and Respectfully Submitted

                                          Kevin Patterson


My personal information is as follows:

Date of Birth,  1/16/51

Soc. Sec No.#,  329  - 48  - 3912

I.R. Number #,  207100

SID. Number #, _____

KEVIN PATTERSON - A83315
100 HILLCREST Rd
EAST MOLINE, IL 61244-1159

QUAD CITIES IL P&DF
IL 612 1 T
09 MAY 2007 PM

DOROTHY BROWN - CLERK
CIRCUIT COURT of COOK COUNTY
2650 S. CALIFORNIA
CHICAGO, ILLINOIS
60608

DOROTHY BROWN
CLERK OF CIRCUIT COURT
CRIMINAL DIVISION

2007 MAY 14 PM 12:16
RECEIVED

# CALL

**★★ INFORMATION INDICTMENT RETURN SHEET ★★**

| CASE NO. | IR | DEFENDANT | NO. | ARRAIGNMENT DATE |
|---|---|---|---|---|

**98CR-30064**   207100     **KEVIN PATTERSON**     1     MEE

**12/21/1998**

GJ- 502   FBI-548629G    Sex: M Race: B DOB: 01/16/1951
ISB-    Add: 9642 S Lowe
CB-14010873      Chicago, IL 60628    98-1114318
RD/AR: C630222   Arrest Agy: C P D Area 1    AA 100
             Arrest Date: 10/01/1998
Hgt: 6'02"   Wgt: 175   Hair: BLK   Eyes: BRO
DIRECT INDICTMENT           11/30/1998
ASA: James Comroe          Unit: Branch 48

| Chg: | | | | |
|---|---|---|---|---|
| 1 | Attempt First Degree Murder | | | |
| | 720-5\8-4(720-5\9-1) | 000A735000 | Class: X |
| 2 | Agg Discharge Firearm/Occ Veh | | | |
| | 720-5\24-1.2(A)(2) | 0001214850 | Class: 1 |
| 3 | Attempt Armed Robbery | | | |
| | 720-5\8-4(720-5\18-2 | 00A1105000 | Class: 1 |
| 4 | Attempt Armed Robbery | | | |
| | 720-5\8-4(720-5\18-2 | 00A1105000 | Class: 1 |
| 5 | Attempt Armed Robbery | | | |
| | 720-5\8-4(720-5\18-2 | 00A1105000 | Class: 1 |
| 6 | Unlwfl Use Firearms/Felon | | | |
| | 720-5\24-1.1 | 0001214500 | Class: 3 |
| 7 | Unlwfl Use Firearms/Felon | | | |
| | 720-5\24-1.1 | 0001214500 | Class: 3 |
| 8 | Carry/Possess Firearm | | | |
| | 720-5\24-1(A)(4)1 | 0000010655 | Class: 4 |
| 9 | Carry/Possess Firearm In Public | | | |
| | 720-5\24-1(A)(10)1 | 0000010656 | Class: 4 |

RE: BAIL PREVIOUSLY SET $_____



N12-4-98

G.J. No.   502
GENERAL NO. 98 CR- 30064

------------------------------------

CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT
CRIMINAL DIVISION
November, 1998

------------------------------------

The People of the State of
Illinois
v.
Kevin Patterson 01
Jamal Akbar  02
AKA: Jamal Arbar

**ORIGINAL**
FILE COPY
DO NOT REMOVE

*******************
* INDICTMENT FOR *
*******************

ATT FIRST DEGREE MURDER ETC

------------------------------------

A TRUE BILL.

Foreman of the Grand Jury

==================================
WITNESSES
OFF. DWYER

_____
_____
_____
_____
_____
_____
_____

==================================
Filed _December 4_ , 19 98
_Aurelia Pucinski_ , Clerk
Bail $
==================================

1

1   IN RE:   PEOPLE VS. KEVIN PATTERSON, JAMAL AKBAR

2

3

4                           _ GJ NO.: 502

5                             ARR. DATE:  12/21/98

6                             98 CR 30064

7

8           BEFORE THE GRAND JURY OF COOK COUNTY

9                       NOVEMBER, 1998

10

11

12                   TRANSCRIPT OF TESTIMONY TAKEN IN

13  THE ABOVE-ENTITLED MATTER ON THE 30TH DAY OF

14  NOVEMBER, A.D. 1998.

15

16  PRESENT:   MR. JAMES COMROE

17             ASSISTANT STATE'S ATTORNEY

18

19  REPORTED BY:   CORDELIA BUSSE WERT

20                 CERTIFIED SHORTHAND REPORTER

21                 ILLINOIS LICENSE NO. 84-2985

22

23  LIST OF WITNESSES

24  OFFICER GREEMAN

2

1        THE FOREPERSON:   Would you raise your right

2    hand, please?

3                        (Witness duly sworn.)

4        MR. COMROE: .. This is November 502.   We are

5    asking FOR a True Bill against Jamal Akbar also

6    known as Jamal Arbar for attempt armed robbery and

7    for Kevin Patterson for attempt armed robbery,

8    aggravated discharge of a firearm, attempt first

9    degree murder, UUW by a felon for Kevin Patterson,

10   and UUW for Kevin Patterson.

11            The Grand Jury does have the right to

12   subpoena and question any person against whom the

13   State's Attorney is seeking a Bill of Indictment,.

14   or any other person, and to obtain and examine any

15   documents or transcripts relevant to the matter

16   being prosecuted by the State's Attorney.

17                        OFFICER GREEMAN,

18   having been first duly sworn, was examined and

19   testified as follows:

20                        EXAMINATION

21                            BY

22                      MR. COMROE:

23       Q.    Name, star, unit?

24       A.    I am Officer Paul Greeman, Star No.

Exhibit E



Law Office of the
## COOK COUNTY PUBLIC DEFENDER

69 W. WASHINGTON • 15ᵀᴴ FLOOR • CHICAGO, IL 60602 • (312)603-0600

Edwin A. Burnette • Public Defender

July 7, 2003

Mr. Kevin Patterson
Reg.  no. A-83515
Box 999
Illinois River Correctional Center
Rt. 9 West
Canton, IL 61520

Dear Mr. Patterson:

As we discussed at length this afternoon, I have determined that there is no merit to a rehearing petition or a petition for leave to the Illinois Supreme Court.

I have sent you a copy of the supreme court case that the appellate court cited from 1927 finding no fatal variance between an indictment charging an armed robbery from the "person" and the proof of an armed robbery from the "presence."

If you choose on your own to appeal to the Supreme Court, your petition is required by Supreme Court Rule to be one of the following:

> 1) to raise an issue conflicting with an opinion of another district or division in Illinois;
>
> 2) to raise an issue conflicting with a decision of the Illinois Supreme Court; or
>
> 3) a case of public importance.

As you know, the appellate court has granted you a new sentencing hearing.  Because of this, I must also advise you that if the supreme court agrees to hear your pro se petition, the supreme court could overturn the appellate court and decide that you are not entitled to a new sentencing hearing.  This could happen because the State would have nothing to lose by "cross-appealing" if the supreme court has already decided to hear the case.

1.

I am not saying that I think this would happen. I have already told you that I believe it is unlikely that the State would be petitioning the supreme court on its own. But there is some danger that you would have to re-fight the sentencing issue, especially because the appellate court addressed it under the "plain error" doctrine. This is simply something you should be aware-of (in the unlikely event that the Supreme Court chooses to hear your appeal of the attempt armed robbery conviction).

If you do choose to file a supreme court petition, it must be filed no later than July 24th and be sent to:

> Ms. Juleann Hornyak
> Supreme Court Clerk
> 200 E. Capitol Street
> Springfield, Illinois   62701

As you already know, I will also need to hear from you on July 10th by 3:00 p.m. so I can file the necessary paperwork on-time that I told you about over the telephone.

Sincerely,

Emily Eisner,
Assistant Public Defender

2.



Law Office of the
COOK COUNTY PUBLIC DEFENDER

69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312)603-0600

Edwin A. Burnette • Public Defender

July 10, 2003

Mr. Kevin Patterson
Reg. no. A-83515
Box 999
Illinois River Correctional Center
Rt. 9 West
Canton, IL 61520

Dear Mr. Patterson:

   I received your four phone messages from today and yesterday and have timely filed your "affidavit of intent" for you, as you requested.

      Enclosed please find your copy.  Your will need to include a copy of this "affidavit of intent" in the Appendix to your <u>pro se</u> petition in the Supreme Court.  (The Appendix must also include a copy of the appellate court's decision, and you will need to follow the format of Rule 315(a) as closely as possible, as I set-out for you in my last letter that you have now received).  As you know, your <u>pro se</u> petition is due no later than Thursday July 24th (that is, it must be post-marked by then).

      To answer your question, the appellate court is not actually ignoring or expanding or changing the legislature's definition of robbery or of attempt armed robbery.  Rather, the legislature has defined takings from the "person **or** presence" <u>in the alternative</u>, which is why you have the "or" language.  The legislature is saying that there are two ways to commit robbery (i.e. takings from the "person or presence") that really are not all that different most of the time, and are both considering robberies.  That is why the courts would unfortunately tend to view a variance from "person" to "presence" as not "material."  Put another way, the essence of robbery and attempt robbery (or attempt armed robbery) is the forceful intimidation of the alleged victim to scare him into parting with, or cause him to part with, something of value.  What the valuable property is--or where it is located--is not considered all that significant as far as the legislature's definition of the crime is concerned.

      The legislature prefers to give as broad a definition as

*3.*

possible (without being so broad as to run afoul of the due process clause) in order to rope-in as many violators or, more delicately-said, proscribe as many types of "robberies" as possible.

As I said in my last letter, your petition, which must be mailed no later than July 24th, must be sent to:

Ms. Juleann Hornyak
Supreme Court Clerk
200 E. Capitol Street
Springfield, Illinois  62701

This letter also must serve as a formal closing-out of my appellate file, but I shall continue to be here to answer your questions and calls.  I will also be here to make sure your case gets redocketed for your new sentencing hearing where you should be appointed a trial attorney to represent you.

Sincerely,

Emily Eisner,
Assistant Public Defender

```
STATE OF ILLINOIS  )
                   ) ss
COUNTY OF COOK     )
```

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT, FOURTH DIVISION

```
PEOPLE OF THE STATE OF ILLINOIS,     )
                                     )
     Plaintiff-Appellee,             )
                                     )
     vs.                             )     No. 02-0694
KEVIN PATTERSON,                     )
                                     )
     Defendant-Appellant.            )
```

### AFFIDAVIT OF INTENT TO FILE A PRO SE PETITION FOR LEAVE TO APPEAL TO THE ILLINOIS SUPREME COURT

Pursuant to Supreme Court Rule 315(b), EMILY EISNER, Assistant Public Defender for defendant-appellant KEVIN PATTERSON in the above-entitled cause, states as follows:

1.    That I have been the attorney for the defendant-appellant in the above-entitled cause.

2.    That on June 19, 2003, this Court granted the defendant-appellant a new sentencing hearing but affirmed his conviction.

3.    That he has informed me that he intends to file a pro se petition for leave to appeal from the part of this Court's judgment affirming his conviction.

4.    That he has authorized me to file this notice of intent.


By: _____
         EMILY EISNER
        For Kevin Patterson


SUBSCRIBED and SWORN TO
Before me this 10th day
of July, A.D., 2003.

_____
Notary Public



OFFICIAL SEAL
L'AMOUR HOLLOWAY-WHITE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-17-2008

5.

**NOTICE**
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same.

FOURTH DIVISION
June 19, 2003

No. 1-02-0694

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 30064 |
| | ) | |
| KEVIN PATTERSON, | ) | Honorable |
| | ) | Ronald A. Himel, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant Kevin Patterson was found
guilty of three counts of attempted armed robbery and unlawful
use of a weapon by a felon.  The trial court imposed a Class X
sentence of 18 years in prison.  On appeal, defendant contends
that there was a fatal variance between the indictment for
attempted armed robbery and the proof; namely, the indictment
charged taking property from the *person* of another while the
proof showed taking property from the *presence* of another.
Defendant further contends that although he was in the presence
of the three victims, he did not commit attempted armed robbery.
Defendant also asserts and the State concedes that defendant was
improperly sentenced under the Class X mandatory statute
provision.  730 ILCS 5/5-5-3(c)(8) (West 1998).  Defendant

1-02-0694

victims.  People v. Britt, 265 Ill. App. 3d 129, 154-55 (1994).
Here, there were three different victims, Beals, Jones and McGee,
and defendant was convicted of attempted armed robbery for each
victim involved (counts III, IV and V).  Therefore, the three
convictions for attempted armed robbery do not violate the one-
act-one-crime doctrine.

For all the foregoing reasons, we affirm defendant's three
convictions for attempted armed robbery, vacate the 18-year
sentence, and remand for a new sentencing hearing.

Affirmed in part; vacated in part and remanded.

KARNEZIS, J., with THEIS, P.J., and HARTMAN, J., concurring.

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

96900

December 3, 2003

Mr. Kevin Patterson
Reg. No. A-83515
P. O. Box 1900
Canton, IL 61520

No.  96900 – People State of Illinois, respondent, v. Kevin
          Patterson, petitioner.  Leave to appeal, Appellate
          Court, First District.

The Supreme Court today DENIED the petition for leave to
appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court
on December 26, 2003.

*B.c*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 007

PEOPLE OF THE STATE OF ILLINOIS

VS                              NUMBER 98CR3006401

KEVIN        PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| Date | Description | | Date | Extra |
|---|---|---|---|---|
| 02/04/02 | PUBLIC DEF APPTD FOR APPEAL | | 00/00/00 | |
| | HIMEL, RONALD A. | | | |
| 02/04/02 | DEF ADVISED OF RIGHT TO APPEAL | | 00/00/00 | |
| | HIMEL, RONALD A. | | | |
| 02/04/02 | LET MITTIMUS ISSUE/MITT TO ISS | | 00/00/00 | |
| | HIMEL, RONALD A. | | | |
| 02/04/02 | CHANGE PRIORITY STATUS | M | 00/00/00 | |
| | HIMEL, RONALD A. | | | |
| 02/06/02 | NOTICE OF APPEAL FILED, TRNSFR | | 00/00/00 | |
| 02/26/02 | NOTICE OF NOTICE OF APP MAILED | | 00/00/00 | |
| 02/26/02 | HEARING DATE ASSIGNED | | 03/01/02 | 1713 |
| 02/22/02 | REPT OF PRCDS ORD FR CRT RPT | | 00/00/00 | |
| 03/01/02 | PUBLIC DEF APPTD FOR APPEAL | | 00/00/00 | |
| | BIEBEL, PAUL JR. | | | |
| 03/01/02 | O/C FREE REPT OF PROCD ORD N/C | | 00/00/00 | |
| | BIEBEL, PAUL JR. | | | |
| 03/01/02 | MEMO OF ORDS & NOA PICKED-UP | | 00/00/00 | |
| | BIEBEL, PAUL JR. | | | |
| 03/20/02 | APPELLATE COURT NUMBER ASGND | | 00/00/00 | 02-0694 |
| 03/21/02 | COMMON LAW RECORD PREPARED | | 00/00/00 | |
| 03/27/02 | CLR RECD BY APP COUNSEL | | 00/00/00 | |
| | PUBLIC DEFENDER | | | |
| 06/11/02 | TRANS PROC REC/FILED CLKS OFF | | 00/00/00 | |
| 06/12/02 | REPORT OF PROCEEDINGS PREPARED | | 00/00/00 | |
| 06/14/02 | REPRT/PROCDS RECD BY APP ATTRY | | 00/00/00 | |
| | PUBLIC DEFENDER | | | |
| 06/14/02 | REPT OF PRCDS ORD FR CRT RPT | | 00/00/00 | |
| 08/01/02 | SUPP TRAN PRO REC/FILE CLK OFF | | 00/00/00 | |
| 08/05/02 | SUPPL REPORT OF PRCD PREPARED | | 00/00/00 | |
| 08/07/02 | SUPPL REC RECD BY APPL COUNSEL | | 00/00/00 | |
| | PUBLIC DEFENDER | | | |
| 08/28/03 | MANDATE FILED | | 09/09/03 | 1701 |
| 09/09/03 | CASE ASSIGNED | | 09/23/03 | 1731 |
| | CONVICTION AFFIRMED/RE-SENTENCING | | | |
| | WOOD, WILLIAM S. | | | |
| 09/12/03 | MANDATE FILED | | 09/23/03 | 1701 |
| ➤09/23/03 | MANDATE RECALLED | | 08/21/03 | |
| | BIEBEL, PAUL JR. | | | |

9.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 008

PEOPLE OF THE STATE OF ILLINOIS

                        VS                    NUMBER 98CR3006401

        KEVIN        PATTERSON

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
→09/23/03 DEFENDANT IN CUSTODY                        00/00/00
        IN I.D.O.C. CUSTODY
        DARCY, DANIEL P.
  09/23/03 PRISONER DATA SHEET TO ISSUE               00/00/00
        DARCY, DANIEL P.
  09/23/03 PUBLIC DEFENDER APPOINTED                  00/00/00
        DARCY, DANIEL P.
  09/23/03 MOTION DEFT - CONTINUANCE - MD             10/03/03
        DARCY, DANIEL P.
  10/03/03 SPECIAL ORDER                              00/00/00
        DEFENDANT'S APPEAL TO SUPREME COURT / NO JURIS ICITION
        DARCY, DANIEL P.
  10/03/03 SPECIAL ORDER                              00/00/00
        OFF CALL
        DARCY, DANIEL P.
  01/09/04 MANDATE FILED                              01/22/04 1701
  01/22/04 SPECIAL ORDER                              00/00/00
        CONVICTIONS AFFIRMED - RESENTENCING
        BIEBEL, PAUL JR.
  01/22/04 CASE ASSIGNED                              02/05/04 1731
        BIEBEL, PAUL JR.
  02/05/04 DEFENDANT IN CUSTODY                       00/00/00
        DARCY, DANIEL P.
  02/05/04 PRISONER DATA SHEET TO ISSUE               00/00/00
        DARCY, DANIEL P.
  02/05/04 PUBLIC DEFENDER APPOINTED                  00/00/00
        DARCY, DANIEL P.
  02/05/04 DEF REM CUST CC SHERIF                     00/00/00
        DARCY, DANIEL P.
  02/05/04 NO BAIL                                    00/00/00
        DARCY, DANIEL P.
  02/05/04 CONTINUANCE BY AGREEMENT                   02/23/04
        DARCY, DANIEL P.
  02/23/04 DEFENDANT IN CUSTODY                       00/00/00
        DARCY, DANIEL P.
  02/23/04 PRISONER DATA SHEET TO ISSUE               00/00/00
        DARCY, DANIEL P.

10.

# Exhibit 1



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

September 22, 2005

**RICHARD T. NIEMERG**
ASSISTANT APPELLATE DEFENDER

Mr. Kevin Patterson
Register No. A-83515
Taylorville Correctional Center
P.O. Box 900
Taylorville, IL  62568

Dear Mr. Patterson:

      I am writing in response to your letter dated September 12, 2005. In this letter your two primary questions were: (1) whether the 1987 conviction for armed robbery could be used as a qualifying offense for extended term sentencing; and (2) whether any of your other prior felony convictions could be used as qualifying offenses for extended term sentencing.

      In short, the 1987 conviction may be used as a qualifying offense for extended term sentencing because, excluding the six years you spent in prison, it occurred within ten years of the current conviction. As for the remaining offenses, if they are outside of the ten year requirement, excluding the time you spent in prison, then they may not be used as qualifying offenses for extended term sentencing. However, it should be noted that all of your prior felony convictions may be used as a qualifying offense for unlawful use of a weapon by a felon charge because there is no requirement that the predicate felony for unlawful use of a weapon by a felon occur within ten years.

      Which bring us to the double enhancement argument that you alluded to over the telephone and in your letter. No double enhancement occurred in your case. Generally, a factor implicit in the offense for which a defendant has been convicted cannot be used as an aggravating factor in sentencing for that offense. Stated differently, a single factor cannot be used both as an element of an offense and as a basis for imposing a harsher sentence than might otherwise have been imposed on that offense.

      Here, even if the 1987 conviction was used as the predicate felony for the unlawful use of a weapon by a felony conviction, it was not used to enhance your sentence on that offense so no double enhancement occurred. Moreover, any of your other prior felony convictions could have be used as the predicate offense for unlawful use of a weapon by a felon.

*1.*

You also questioned whether the appellate court would have sent the case back for resentencing if they knew you qualified for extended term. The answer is yes. Your sentence as a Class X offender was void, which required that you be resentenced.

Your final question regards what issues can be raised on appeal from your resentencing. As I stated during our last telephone conversation, this appeal would be limited to issues involving the resentencing hearing. The other issues, however, could be addressed in a post conviction petition.

As you are aware, I am leaving the Office of the State Appellate Defender. Since I was unable to complete your brief before my departure, your case will be transferred to another attorney in the office. I hope I was able to answer your questions and good luck to you in the future.

Sincerely,

RICHARD T. NIEMERG
Assistant Appellate Defender

2.



# OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

November 29, 2005

**DEBRA LOEVY-REYES**
ASSISTANT APPELLATE DEFENDER

Mr. Kevin Patterson
Register No. A-83515
Taylorville Correctional Center
P.O. Box 900
Taylorville, IL 62568

Dear Mr. Patterson:

I am glad you are pleased with the briefs filed in your case. I am writing to answer the questions posed in your letter of November 21, 2005.

First, unfortunately, I do believe you were eligible for an extended term sentence. Under the law in effect at the time of sentencing and at the time of the offense (you are allowed to pick either one), you can be sentenced to an extended term if: you were previously convicted of Class one or Class X felonies; this conviction was within ten years of the prior, excluding time spent in custody; and these charges are separate from your prior conviction. 735 ILCS 5/5-5-3.2(b)(1).

If I understand your question correctly, you are concerned because the same prior UUW by a felon conviction was used both to: (1) enhance one of the charges in your present case predicated on having a prior conviction, and (2) to justify an extended term sentence. This office has repeatedly tried to raise similar issues, arguing that the defendant was subjected to a "double enhancement," but we have consistently lost. *See, e.g., People v. Guevara* (enclosed).

In your case, the issue is far weaker because it appears that you were not even sentenced on an offense predicated on the prior UUW. It appears that count merged and you were sentenced on the armed robbery, which was not predicated on the UUW. Thus, there was no double enhancement because you only received one enhancement, the extended term sentence, based on the UUW. If I have not understood your question properly or not answered it, please let me know.

With regard to your additional impressive credentials, they were not part of the record, so I could not argue them on appeal. You certainly may make them a part of the record on remand if you are granted leave to proceed to second stage under the Post-Conviction Hearing Act.

You and I may disagree on the merits of the fatal variance argument presented by your attorneys. But take comfort that since your attorneys have already lost the argument that there was a fatal variance, there is no harm in my attacking it from the other side, saying that premising your defense on the argument was a grave strategy error.

I am not a trial attorney, so I do not know where your case will be assigned if your post-conviction petition is remanded, nor do I know whether you will be able to motion for a substitute judge. If you win a remand, you will be appointed counsel who can answer those questions. You can ask the court for a non-public defender attorney, but I do not know that the court will grant that request.

Finally, with regard to the "forged" signature on the complaint, the signature is not actually forged. If you look above and to the right of the signature of Timmy Jones, you will see a detective's initials. This is a common practice in the business world to signify that a person is signing on behalf of another person with that person's permission. Thus, it is not a forgery because the detective is alerting readers that he signed for Jones with Jones' permission and that Jones did not actually sign the document.

If you have any further questions, please do not hesitate to write. I will send you a copy of the State's briefs when I receive them.

Sincerely,

DEBRA LOEVY-REYES
Assistant Appellate Defender

4.

# Exhibit 2

1-10,

NOTICE
The text of this order may be
changed or corrected prior to the
time for filing of a Petition for
Rehearing or the disposition of
the same *Larry Reyes*

THIRD DIVISION
March 29, 2006

No. 1-04-2140

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 98 CR 30064 |
| | ) | |
| KEVIN PATTERSON, | ) | Honorable |
| | ) | Daniel P. Darcy, |
| Defendant-Appellant. | ) | Judge Presiding. |

O R D E R

Following a bench trial, defendant Kevin Patterson was convicted of unlawful use of a weapon by a felon and three counts of attempted armed robbery. Based on his criminal history, the trial court sentenced defendant to 18 years' imprisonment as a Class X offender. 730 ILCS 5/5-5-3(c)(8) (West 1998). On direct appeal, this court affirmed defendant's convictions, but vacated his sentence and remanded the cause for a new sentencing hearing because defendant was not, in fact, eligible for a Class X sentence. People v. Patterson, No. 1-02-0694 (2003) (unpublished order under Supreme Court Rule 23). On remand, a circuit court judge, other than the one who presided over defendant's trial, ordered a new presentence investigation report (PSI), conducted a new sentencing hearing, and resentenced defendant to 18 years' imprisonment under the extended-term sentencing statute. 730 ILCS 5/5-8-2(a)(3) (West 1998).

EXHIBIT- #2 - PAGE 1

1-04-2140

Defendant now appeals contending that this court should either reduce his sentence or remand his case for another resentencing hearing because, in determining his sentence, the trial court relied on its mistaken belief that defendant's prior convictions from the 1970s occurred in the 1990s, and consequently, failed to give adequate consideration to his potential for rehabilitation. Defendant also contends that his mittimus should be amended to reflect the correct number of days' credit he is due for time served in custody. We affirm.

At the resentencing hearing, both parties indicated that the information contained in defendant's PSI was correct. The State then asserted that although defendant was not eligible for a Class X sentence, he did qualify for an extended-term sentence. The prosecutor pointed out that the PSI showed that defendant had prior convictions for armed robbery, which were crimes of violence, and that in the instant case, he was convicted of three counts of attempted armed robbery and had fired a gunshot at one of the victims.

In mitigation, the defense presented testimony from Reverend Dr. Frank White, defendant's pastor, who testified that he has known defendant since 1999, at which time defendant gave him $200 to aid a group of children with a church trip. White further testified that defendant did volunteer work with the Community Administers Alliance teaching children how to use computers.



## OFFICE OF THE STATE APPELLATE DEFENDER
### FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET
24TH FLOOR
CHICAGO, ILLINOIS 60601
TELEPHONE: 312/814-5472
FAX: 312/814-1447**

MICHAEL J. PELLETIER
DEPUTY DEFENDER

April 3, 2006

DEBRA LOEVY-REYES
ASSISTANT APPELLATE
DEFENDER

Mr. Kevin Patterson
Register No. A-83515
Taylorville Correctional Center
P.O. Box 900
Taylorville, IL 62568

Dear Mr. Patterson:

I am sorry to inform you that your sentence has been affirmed by the Appellate Court. A copy of the court's opinion is enclosed. The Court has still not ruled on the dismissal of your post-conviction petition, which I think is by far your stronger case. While the sentencing appeal was a longshot, I am optimistic about your post-conviction appeal.

After reviewing the decision affirming your sentencing hearing, I have determined that there are no issues with sufficient legal merit to justify the continued representation of you by this Office on that case. Thus, your file for that case will now be closed. Of course, I will continue to represent you in your post-conviction appeal, and hopefully we will have a better result in that case.

In the event you wish to appeal the sentencing case further, you can do so on your own or with other counsel retained by you. The following pages describe the procedures necessary to urge higher courts to look at your case. There are several ways to proceed. You can ask the Appellate Court to look at your case again (petition for rehearing) or you can appeal directly to the Illinois Supreme Court (petition for leave to appeal) in Springfield. If the Illinois Supreme Court does not give you relief, you can write to the United States Supreme Court (petition for writ of certiorari). Depending on what arguments you are making, you might also be able to pursue relief through a federal habeas corpus petition. The filing deadline for each procedure is noted.

Good luck to you.

Sincerely,

DEBRA LOEVY-REYES
Assistant Appellate Defender

cc: Docketing cl18

3.

Letter 18,23

# I.    IMMEDIATE APPEALS

## FILING:

| What | Where | When | More Information On Pages: |
|---|---|---|---|
| 1. Petition for Rehearing | Steve Ravid, Clerk of the Appellate Court First Judicial District 160 North LaSalle Room S1400 Chicago, Illinois 60601 | on or before 4/14/06 | 2, 6 |
| 2. Petition for Leave to Appeal | Juleann Hornyak Clerk of the Supreme Court Supreme Court Building Springfield, IL 62706 | on or before 4/14/06 ; or 5/3 if you send the appellate court (Steve Ravid, Clerk of the Appellate Court, First Judicial District, 160 North LaSalle, Room S1400, Chicago, Illinois 60601) a notice of intent to file petition by 4/14/06 ; or within 21 days of the denial of your petition for rehearing (35 days if you send a notice of intent within 21 days). 2, 7, 9 |
| 3. Petition for Writ of Certiorari | Clerk of the United States Supreme Court Supreme Court Building Washington, D.C. 20543 | within 90 days of the denial of your petition for leave to appeal 2, 10 |

# II. LATER APPEALS

| What to File | Where to File | More Information On Pages: |
|---|---|---|
| 4. Petition for Post-Conviction Relief | Clerk of the Circuit Court of Cook County 2650 South California Chicago, IL 60608 | 3, 12 |
| 5. Petition for Habeas Corpus | Clerk of the United States District Court, Northern District of Illinois 219 South Dearborn, 20th Floor Chicago, IL 60604 | 4, 19 |
| 6. Petition for Executive Clemency | Prisoner Review Board 319 E. Madison, Suite A Springfield, IL 62701 | 5, 20 |



## SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

May 5, 2006

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-6185

Mr. Kevin Patterson
Reg. No. A-83515
P. O. Box 900
Taylorville, Illinois 62568

Re:   People State of Illinois, appellee, v. Kevin Patterson, appellant.
Appellate Court, First District, No. 1-04-2140.

Dear Mr. Patterson:

This will acknowledge receipt of your motion for an extension of time to file a petition for leave to appeal in the above-referenced cause on May 2, 2006.

You have been given until June 7, 2006, to file a timely petition for leave to appeal. It is suggested that your petition should contain a statement of the facts concerning your case, such as indictment number, crime, date and length of sentence and reasons why you feel you are entitled to review by the Supreme Court. A copy of the Appellate Court decision and, if applicable, the order denying your petition for rehearing should be attached to your material, all of which should then be forwarded to this office as soon as possible.

In the event your petition is not timely, you should include with your petition a motion for leave to file a late petition for leave to appeal, explaining the reasons why you were unable to timely file.

A copy of each document should be served on the Attorney General of the State of Illinois (Hon. Lisa Madigan, Attorney General, Criminal Appeals Division, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601) and the State's Attorney of the county of conviction.

Your petition for leave to appeal should be brought to the Court under Supreme Court Rule 315, a copy of which is enclosed for your information.   **Please note the 20-page limitation.**

Very truly yours,

*Juleann Hornyak*
JULEANN HORNYAK, Clerk

JH:jak
Enclosure                    *5.*

# Exhibit 3

NOTICE

The text of this order may be changed or corrected prior to the time for filing of a Petition for Rehearing or the disposition of the same.

THIRD DIVISION
May 31, 2006

No. 1-05-0847

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 98 CR 30064 |
| | ) | |
| KEVIN PATTERSON, | ) | Honorable Daniel P. Darcy, Judge Presiding. |
| Defendant-Appellant. | ) | |

O R D E R

Defendant Kevin Patterson appeals the circuit court's summary dismissal of his post-conviction petition for relief under the Post-Conviction Hearing Act (the Act) (725 ILCS 5/122-1 et seq. (West 2004)). On appeal, defendant contends that his petition sufficiently stated the gist of three separate constitutional claims: (1) trial counsel denied his right to testify after he made a timely request to testify at his trial; (2) trial counsel was ineffective for failing to present certain exculpatory evidence that would have supported his defense theory, and instead relied upon an untenable legal theory; and (3) appellate counsel was ineffective for failing to argue that defendant was deprived a fair trial by the trial court's bias. We affirm.

Following a bench trial, defendant was convicted of three

EXHIBIT #3- PAGE 1-

1-05-0847

counts of attempted armed robbery and unlawful use of a weapon by
a felon.  The court sentenced defendant as a Class X offender to
18 years' imprisonment.

On direct appeal, this court affirmed defendant's
convictions, vacated his 18-year Class X sentence because he was
ineligible for a Class X sentence, and remanded for a new
sentencing hearing.  People v. Patterson, No. 1-02-0694 (June 19,
2003) (unpublished order under Supreme Court Rule 23).  On
remand, the trial court sentenced defendant to an extended-term
sentence of 18 years' imprisonment and we affirmed the judgment.
People v. Patterson, No. 1-04-2140 (March 29, 2006) (unpublished
order under Supreme Court Rule 23).

In December 2004, defendant filed a pro se post-conviction
petition, alleging four different claims of ineffective
assistance of trial counsel and multiple claims of ineffective
assistance of appellate counsel.  In relevant part, defendant
specifically contended that his trial attorney was ineffective by
denying him the opportunity to testify after he asked to testify.

Defendant attached to his petition a detailed 45-page
memorandum in support of his specific allegations.  In addition,
defendant attached 54 "exhibits," including numerous police
reports related to his case, various excerpts from his trial and
appellate record, an affidavit from Theresa Smith (defendant's
sister), and letters and other correspondence between defendant

IN THE APPELLATE COURT
OF ILLINOIS
FIRST JUDICIAL DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,       )
                                           )
                Plaintiff-Appellee,        )
                                           )
v.                                         )  No. 1-05-0847
                                           )
KEVIN PATTERSON,                           )
                                           )
                Defendant-Appellant.       )

ORDER

This cause coming on to be heard on defendant-appellant's petition for
rehearing, the Court being fully advised in the premises;

IT IS HEREBY ORDERED that the petition for rehearing is ~~allowed~~/denied.

DATED: _____

ORDER ENTERED

JUN 2 7 2006

APPELLATE COURT, FIRST DISTRICT

RECEIVED

JUN 2 8 2006

DOCKETING DEPARTMENT
State Appellate Defender, 1st District

_____
JUSTICE

_____
JUSTICE

_____
JUSTICE

Westlaw.

857 N.E.2d 680 (Table)

Page 1

221 Ill.2d 663, 857 N.E.2d 680 (Table), 306 Ill.Dec. 281
(Cite as: 221 Ill.2d 663, 857 N.E.2d 680 (Table))

People v. Patterson
Ill. 2006.
(The decision of the Court is referenced in the
North Eastern Reporter in a table captioned "
Supreme Court of Illinois Dispositions of Petitions
for Leave to Appeal".)
Supreme Court of Illinois
People
v.
Kevin Patterson
NO. 102994

SEPTEMBER TERM, 2006
September 27, 2006

Lower Court: No. 1-05-0847

Disposition: Denied.

Ill. 2006.
People v. Patterson
221 Ill.2d 663, 857 N.E.2d 680 (Table), 306
Ill.Dec. 281

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT A

102994

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 27, 2006


Ms. Debra Loevy-Reyes
Assistant Appellate Defender
203 North LaSalle Street
24th Floor
Chicago, IL 60601

No. 102994 - People State of Illinois, respondent, v. Kevin
           Patterson, petitioner.  Leave to appeal, Appellate
           Court, First District.

    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

    The mandate of this Court will issue to the Appellate Court

on November 2, 2006.



RECEIVED
SEP 2 8 2006

DOCKETING DEPARTMENT
State Appellate Defender, 1st District



## OFFICE OF THE STATE APPELLATE DEFENDER
## FIRST JUDICIAL DISTRICT

**203 NORTH LASALLE STREET**
**24TH FLOOR**
**CHICAGO, ILLINOIS 60601**
**TELEPHONE: 312/814-5472**
**FAX: 312/814-1447**

**MICHAEL J. PELLETIER**
DEPUTY DEFENDER

October 3, 2006

**DEBRA LOEVY-REYES**
ASSISTANT APPELLATE DEFENDER

Mr. Kevin Patterson
Register No. A-83515
Taylorville Correctional Center
P.O. Box 900
Taylorville, IL 62568

Dear Mr. Patterson:

Enclosed find a copy of the Supreme Court's order denying our petition for leave to appeal. I am disappointed that the court did not choose to review your case, as I am sure you are. Unfortunately, I have reviewed your case and have determined that there are no issues with sufficient legal merit to justify the continued representation of you by this office. Thus, your file will now be closed. However, in the event you wish to appeal your case further, you can do so on your own or with other counsel retained by you. The following pages describe the procedures necessary to urge other courts to look at your case.

There are several ways to proceed. You can write to the United States Supreme Court (petition for writ of certiorari). Depending on what arguments you are making, you might also be able to pursue relief through a post-conviction petition and a federal habeas corpus. The filing deadline for each procedure is noted.

I am truly sorry I could not be of further assistance. It has been a pleasure working with you. Good luck to you.

Sincerely,

DEBRA LOEVY-REYES
Assistant Appellate Defender

cc: Docketing cl20
    SADA No. 100724

6.

Letter 20

# I. IMMEDIATE APPEALS

| What | Where | When | More Information On Pages: |
|------|-------|------|---------------------------|
| 1. Petition for Writ of Certiorari | Clerk of the United States Supreme Court Supreme Court Building Washington, D.C. 20543 | within 90 days of the denial of your petition for leave to appeal | 2, 6 |

# II. LATER APPEALS

| What to File | Where to File | More Information On Pages: |
|--------------|---------------|---------------------------|
| 2. Petition for Post-Conviction Relief | Clerk of the Circuit Court of Cook County 2650 South California Chicago, IL 60608 | 2, 8 |
| 3. Petition for Habeas Corpus | Clerk of the United States District Court, Northern District of Illinois 219 South Dearborn, 20th Floor Chicago, IL 60604 | 4, 15 |
| 4. Petition for Executive Clemency | Prisoner Review Board 319 E. Madison, Suite A Springfield, IL 62701 | 4, 16 |

7.