IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel.   KEVIN PATTERSON | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | No. 07 C 6853 |
| GENE JUNGWIRTH, Warden,   East Moline Correctional Center, | ) ) ) | The Honorable Joan D. Gottschall, |
| Respondent. | ) | Judge Presiding. |

## REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS

Respondent GENE JUNGWIRTH has moved this Court to dismiss petitioner's Petition for Writ of Habeas Corpus because the petition is untimely under 28 U.S.C. § 2244(d)(1)(A). (Doc. 11). In support of that motion, and in response to petitioner's argument in opposition to that motion (Doc. 14), respondent states as follows:

1.  As respondent set forth in his motion to dismiss, the instant habeas petition, filed no earlier than November 16, 2007, is untimely. (*See* Doc. 11). Petitioner's conviction became final on March 3, 2004, when the time expired to file a petition for a writ of certiorari in the Supreme Court. *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002). After that date, 266 days lapsed prior to petitioner's filing a collateral attack in state court on November 24, 2004, which stopped the clock under § 2244(d)(2). (Doc. 11, Ex. C). An additional 415 days then lapsed between the conclusion of petitioner's postconviction proceedings

on September 27, 2006 (*id*., Ex. E) and his filing the instant federal habeas petition on November 16, 2007. (Doc. 1). In short, a total of 681 days lapsed after the limitations period began running under § 2244(d)(1)(A), making the instant petition untimely by 316 days. *See* 28 U.S.C. § 2244(d)(1).

    2.    Petitioner's response advances three arguments why his petition should not be dismissed as time-barred. First, he maintains that the state created an obstacle to his filing a federal habeas petition by denying his requests for documents pursuant to the Illinois Freedom of Information Act. (Doc. 14 at 3-4). Construing petitioner's response generally, respondent assumes that he is arguing that under 28 U.S.C. § 2244(d)(1)(B), the limitations period did not begin until the state-created impediment was removed, or, in the alternative, that he is entitled to equitable tolling due to the Chicago Police Department's denial of his request for information. Second, petitioner argues that he received ineffective assistance of counsel, and that the 266 days that lapsed between his conviction becoming final and his filing a postconviction petition should be equitably tolled. (*Id.* at 4). Finally, petitioner claims that he is actually innocent, and is thus entitled to equitable tolling. (*Id.* at 2, 7). None of these arguments withstand scrutiny.

    3.    Section 2244(d)(1)(A), not 2244(d)(1)(B), defines the onset of the limitations period in this case. Petitioner argues that the Chicago Police Department's denial of his freedom of information request was a state-created impediment to timely filing. (Doc. 14 at 3-4). But the city's denial of his request for documents did not *prevent* him from filing a habeas petition. Petitioner could have

filed his petition and provided sufficient factual support for his putative claims without the documents he requested from the police department.  *See Lloyd v. Vannatta*, 296 F.3d 630, 634 (7th Cir. 2002) (time limit contained in § 2244(d)(1)(B) did not apply because State's failure to provide petitioner with a transcript did not prevent him from timely filing a habeas petition).  Here, as in *Lloyd*, this point is proven by the fact that petitioner was able to raise his putative claims without the benefit of the documents he requested.  *See Lloyd*, 296 F.3d at 633.  In addition, a number of petitioner's claims bear no relation to these documents, such as his claims that trial and appellate counsel were ineffective, the trial court was biased, and his sentence is constitutionally excessive.  (*See* Doc. 1 at 6-8).  Thus, the limitations period began on March 3, 2004, the date on which petitioner's conviction became final, *see* 28 U.S.C. § 2244(d)(1)(A), and petitioner's claims are time-barred absent equitable tolling.

    4.    Petitioner's remaining arguments concern equitable tolling.  In extraordinary circumstances, AEDPA's limitations period may be equitably tolled.  *Williams v. Sims*, 390 F.3d 958, 959 (7th Cir. 2004).  Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed.  *See, e.g., Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"); *accord, e.g., Williams*, 390 F.3d at 960 (doctrine of

equitable tolling is applicable to "situations in which, without fault by the defendant, the plaintiff is *unable* to sue within the statutory period") (emphasis added).

5.　　Petitioner has not shown diligence in pursuing his rights. He permitted 266 days to lapse prior to filing a collateral attack in state court and then permitted an additional 415 days to lapse between the conclusion of his postconviction proceedings and his filing the instant federal habeas petition. (Doc. 11 at 5). This does not constitute diligence in pursuing his rights. *See, e.g., Wilson v. Battles*, 302 F.3d 745, 749 (7th Cir. 2002).

6.　　Petitioner has also failed to show that some extraordinary circumstance prevented timely filing. Petitioner first claims that the denial of his freedom of information request means that the limitations period should be equitably tolled. (Doc. 14 at 3-4). As previously explained, this did not prevent him from filing a federal habeas petition, and thus does not give rise to equitable tolling. *Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) (circumstance must actually prevent a petitioner from filing a federal habeas petition to warrant equitable tolling) (citing *Lloyd*, 296 F.3d at 634); *see also Williams*, 390 F.3d at 960 (petitioner must be unable to sue within statutory deadline).

7.　　Petitioner further argues, again, construed generously, that he is entitled to equitable tolling because his attorney on direct appeal did not notify him that the limitations period would run between the date his conviction became final and the date he filed a state postconviction petition. (Doc. 14 at 4). This argument

4

fails for three reasons. First, even if all of the time between his conviction becoming final and his filing a postconviction petition were equitably tolled, the petition would still be time-barred because petitioner allowed 415 days to lapse between the conclusion of his postconviction proceedings and his filing the instant federal habeas petition. (Doc. 11 at 3-4). This argument also fails because petitioner's counsel on direct appeal did not actually prevent him from filing a federal habeas petition. Whatever effect this alleged ineffective assistance had on petitioner's direct appeal in state court, there is no evidence that the scope of his attorney's engagement included a federal habeas action, and thus petitioner was free to file a timely pro se federal habeas petition. *See Powell*, 415 F.3d at 728 (circumstance must actually prevent a petitioner from filing a federal habeas petition to warrant equitable tolling); *see also Williams*, 390 F.3d at 960. The third reason this argument fails is that a public defender is not a state actor when performing an attorney's adversarial role. *Polk County v. Dodson*, 454 U.S. 312, 320 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"). In circumstances where the constitution guarantees a right to effective counsel, an attorney's errors may be attributed to the State; however, there is no constitutional right to effective counsel on collateral attack, and thus counsel's putative errors are attributable to petitioner, not the State. *Johnson v. McBride*, 381 F.3d 587, 590 (7th Cir. 2004) (collecting cases); *see also Powell*, 415 F.3d at 728 (noting that "without state action, there can be no state-created impediment" to timely filing).

8.      Finally, petitioner maintains that his claims of actual innocence entitle him to equitable tolling. (Doc. 14 at 2, 6). However, "'actual innocence' is unrelated to the statutory timeliness rules.'" *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005) (citing *Gildon v. Bowen*, 384 F.3d 883 (7th Cir. 2004)); *see also Gildon*, 384 F.3d at 887 ("neither the Supreme Court nor this court has ever applied the actual innocence exception to overcome the failure to timely file under § 2244").

**Conclusion**

For the foregoing reasons, and for the reasons set forth in respondent's motion to dismiss, this Court should grant respondent's motion and dismiss the instant petition with prejudice. If the Court determines that petitioner's habeas petition is not time-barred under AEDPA, respondent respectfully requests 30 days from the Court's order denying this motion to address the merits and/or the procedural defaults of petitioner's claims in a subsequent submission.

March 14, 2008                      Respectfully submitted,

                                            LISA MADIGAN
                                            Attorney General of Illinois

                                By:  s/Eric W. Truett
                                            ERIC W. TRUETT, Bar # 6291213
                                            Assistant Attorney General
                                            100 W. Randolph Street, 12th Floor
                                            Chicago, Illinois 60601-3218
                                            PHONE: (312) 814-4684
                                            FAX: (312) 814-2253
                                            E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on March 14, 2008, I electronically filed respondent's **REPLY IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system; and I hereby certify that on the same date, I mailed by United States Postal Service the above-referenced document to the following non-registered party:

Kevin Patterson, A83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, Illinois 61244

                                    Respectfully submitted,

                                    LISA MADIGAN
                                    Attorney General of Illinois

By:   s/Eric W. Truett
        ERIC W. TRUETT, Bar # 6291213
        Assistant Attorney General
        100 W. Randolph Street, 12th Floor
        Chicago, Illinois 60601-3218
        PHONE: (312) 814-4684
        FAX: (312) 814-2253
        E-MAIL: etruett@atg.state.il.us