
# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. KEVIN PATTERSON, | ) ) ) | |
| Petitioner, | ) | Case No. 07 C 6853 |
| v. | ) ) | |
| GENE JUNGWIRTH, Warden, | ) ) | Judge Joan B. Gottschall |
| Respondent. | ) | |

## ORDER

Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner Kevin Patterson was convicted of unlawful use of a weapon by a felon and three counts of attempted armed robbery, and was sentenced as a Class X offender to eighteen years' imprisonment. On direct appeal, the state appellate court affirmed petitioner's convictions but vacated his sentence and ordered resentencing because petitioner was not eligible for a Class X sentence. On remand, a different trial court judge conducted a new sentencing hearing and resentenced petitioner to eighteen years' imprisonment. On appeal following resentencing, petitioner argued that the state appellate court should either reduce his sentence or remand for a third sentencing hearing. The state appellate court affirmed. Petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court that was denied on December 3, 2003. On November 24, 2004, petitioner filed a pro se postconviction petition in the state trial court. The trial court dismissed the petition and the appellate court affirmed on May 31, 2006. The Illinois Supreme Court denied petitioner's PLA on September 27, 2006. On November 16, 2007[1], petitioner filed his federal habeas petition under 28 U.S.C. §

---

[1] Petitioner's petition is signed and dated November 16, 2007. Petitioner claims that he did not actually mail the petition until November 27, 2007. Because this discrepancy does not alter the court's analysis in any way, the court will assume that the earlier date is the relevant

2254. Respondent has moved to dismiss the petition as untimely. For the reasons stated below, that motion is granted.

Congress has established a one-year limitations period governing motions for collateral relief under 28 U.S.C. § 2254. The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

If petitioner's limitations period is calculated from the date his "judgment of conviction" became final, his petition is untimely. As the respondent points out, petitioner's conviction became final on March 3, 2004, the date on which the time expired to file a petition for a writ of certiorari to the United States Supreme Court. *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (limitations period under Section 2244(d)(1)(A) begins to run after 90-day period during which a state prisoner may file petition for writ of certiorari). Petitioner waited 266 days, or until November 24, 2004, to file his state postconviction petition. Pursuant to 28 U.S.C. § 2244(d)(2), the period during which his state postconviction petition was pending does not count in calculating the one-year period. Therefore, the time between November 24, 2004 and September 27, 2006 (the date on which the Illinois Supreme Court denied his PLA) is tolled. However, petitioner allowed

---

date.

another 415 days to lapse before he filed his federal habeas petition on November 16, 2007. Adding the 266 days (time between final conviction and filing of state postconviction petition) to the 415 days (time between state postconviction petition and filing of federal habeas petition), petitioner allowed a total of 681 days to elapse, which makes his federal habeas petition untimely.

Petitioner's only other option is to show that one of the other starting points listed in 28 U.S.C. § 2244(d)(1) applies here. To that end, petitioner argues that the state created an obstacle to his filing a federal habeas petition by denying his requests for documents pursuant to the Illinois Freedom of Information Act. Respondent counters by arguing that the Chicago Police Department's ("CPD") denial of his request for documents did not prevent him from filing a habeas petition. Petitioner could have, respondent argues, filed his petition and provided sufficient factual support for his putative claims without the documents he requested from the police department. Respondent points to *Lloyd v. Van Natta*, 296 F.3d 630 (7th Cir. 2002) for support. In *Lloyd*, the Seventh Circuit held that there was no state impediment to filing a petition merely because the state failed to provide the petitioner with a copy of his trial transcript. 296 F.3d at 633. Respondent points out that petitioner, who apparently never received the documents he requested, was able to file the instant petition without them.

The court agrees that the reasoning in *Lloyd* applies in this case. In discussing what kind of impediment is necessary to qualify under 28 U.S.C. § 2244(d)(1)(B), the Seventh Circuit has stressed that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd*, 296 F.3d at 633 (emphasis in original). In this case, petitioner has not shown that the state created an impediment which prevented him from filing his federal habeas petition. As was the case in *Lloyd*, petitioner in fact filed his federal habeas

petition without use of the documents. As the Seventh Circuit made clear in *Lloyd*,, petitioner could have, and should have, filed his federal habeas petition and then utilized the discovery mechanisms in place for federal habeas petitioners. 296 F.3d at 633

Next, petitioner argues that he should receive the benefit of equitable tolling for a number of reasons. Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). As an initial matter, the Seventh Circuit has not explicitly acknowledged that equitable tolling is available to a § 2254 petitioner. *Modrowski v. Mote*, 322 F.3d 965, 967 n.2 (7th Cir. 2003) (reserving issue of whether the enumerated statutory tolling provisions for § 2254 indicates a congressional intent to replace the common law doctrine of equitable tolling); *Nolan v. United States*, 358 F.3d 480, 483-84 (7th Cir. 2004) (stating that "it is unclear what room remains for importing the judge-made doctrine of equitable tolling into § 2254 claims, given the express tolling provisions incorporated in the statute"). In any event, the court need not decide the issue here as petitioner has failed to show any extraordinary circumstances that would justify tolling in this case.

First, petitioner argues that equitable tolling is justified in this case because the CPD failed to provide him with certain documents he requested. As noted above, the Seventh Circuit has yet to find an extraordinary circumstance that would warrant equitable tolling in the collateral relief context. *See Modrowski*, 322 F.3d at 967 (holding that attorney incapacity does not warrant equitable tolling); *Lloyd*, 296 F.3d at 633 (ruling that lack of access to trial transcripts does not

warrant tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's negligence does not warrant tolling); *Marcello*, 212 F.3d at 1010 (ruling that tolling was not justified by opaque law and death of attorney's father). Relying again on the similarities between this case and *Lloyd*, the court notes that the Seventh Circuit rejected the argument in *Lloyd* that the state's failure to provide a copy of the trial transcript warranted tolling. *Lloyd*, 296 F.3d at 633. Based on this holding, and the litany of cases in which the Seventh Circuit failed to find "extraordinary circumstance[s]" necessary to justify tolling, the court cannot conclude that the failure of the CPD to turn over requested documents was so extraordinary as to justify tolling. Nor can petitioner show that the alleged "impediment" actually prevented him from filing his habeas petition. In fact, petitioner did file his petition without having received the documents. Petitioner's tolling argument, based on the missing documents, fails.

Next, petitioner argues that tolling is warranted because he received ineffective assistance of counsel. Specifically, he contends that his attorney on direct appeal did not notify him that the limitations period would run between the date his conviction became final and the date he filed a state postconviction petition. This argument is not persuasive for two reasons. One, as respondent points out, even if all of the time between his conviction becoming final and his filing his postconviction petition were equitably tolled, the petition would still be time-barred because petitioner allowed 415 days to lapse between the conclusion of his postconviction proceedings and his filing the instant federal habeas petition. Second, the Seventh Circuit has held that attorney negligence does not warrant tolling. *Taliani*, 189 F.3d at 598 (rejecting tolling argument where petitioner's attorney miscalculated the limitations period because of inadequate research). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must

'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski*, 322 F.3d at 968. For both these reasons, tolling is not applicable here.

Finally, petitioner claims that he is actually innocent, and is thus entitled to equitable tolling. The Seventh Circuit has already rejected such an argument. *Araujo v. Chandler*, 435 F.3d 678, 681 (7th Cir. 2005) (holding that actual innocence is not a freestanding exception to the time limits in Section 2244(d)).

## Conclusion

For all the reasons explained above, respondent's motion to dismiss is granted.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 16, 2008