IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

JUN 2 0 2008 aew
Jun 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES OF AMERICA EX REL
KEVIN PATTERSON
    PETITIONER

    V

GENE JUNGWIRTH, WARDEN
    RESPONDENT

CASE NO. 07 C 6853

THE HONORABLE
JOAN D. GOTTSCHALL
JUDGE PRESIDING

## MOTION FOR RELIEF FROM JUDGEMENT

NOW COMES KEVIN PATTERSON, PRO-SE and PETITIONER
IN the ABOVE NUMBERED CAUSE PURSUANT to F.R.A.P
Rule 60 (b) REQUESTING this HONORABLE COURT to
RECONSIDER the finding outlined IN it's ORDER ISSUED
ON MAY 16, 2008, dismissing PETITIONERS habeas
APPEAL. IN SUPPORT of PETITIONERS MOTION, he STATES
as follows.

1) KEVIN PATTERSON, PRO-SE is the PETITIONER IN the
CAUSE before this COURT UNDER CASE NO. 07 C 6853.

2) ON 5-16-08, this HONORABLE COURT GRANTED
RESPONDENTS MOTION to DISMISS PETITIONERS
habeas corpus APPEAL PETITION AS UNTIMELY.

3) In determining the period and amount of time which elasped that gave rise to the seemingly untimely filing of Petitioners habeas petition, the court that Petitioners conviction became final on the state level on March 3, 2004. This date included the date the Illinois Supreme Courts order on case No. 96900, dated 12-3-03. This order seemed to have denied Petitioner's appeal based on the court's discretionary review authority, (see Exhibit "A"), along with the 90 day period during which a state prisoner could file a petition for writ of certiorari pursuant to 28 USC 2244 (d)(1).

4) In 2007, Petitioner requested and received a copy of the certified statement of conviction/disposition to attach to his habeas petition. On page 008, (see Exhibit "B") of the disposition) the entry dated 10-03-03 states that the Petitioner's appeal to the Illinois Supreme Court was dismissed for lack of Jurisdiction rather than discretionary review).

5) The notice received from the clerk of the Illinois Supreme Court stated only that the petition for leave to appeal was denied. A standard form denial when the court invokes it's discretionary review authority,

6) THE PETITION to the ILLINOIS SUPREME COURT WAS filed with the direction AND ASSISTANCE of PETITIONER's ATTORNEY IN AUGUST, 2003 APPEALING the AFFIRMED PORTION of his APPEAL, CASE NO. 02-0694. PETITIONER's ATTORNEY, ASST. PUBLIC DEFENDER EMILY EISNER GAVE PETITIONER directions (SEE EXHIBIT C,D) and filed the NECESSARY AFFIDAVIT of INTENT PURSUANT to RULE 315 (b) for PETITIONER. (SEE EXHIBIT "E")

7) PETITIONER WAS MISLEAD by his ATTORNEY, EMILY EISNER Who directed this PETITIONER to file a frivolous APPEAL to the ILLINOIS SUPREME COURT, SINCE the SENTENCE of PETITIONER's CONVICTION had been VACATED and the CASE had BEEN REMANDED BACK to the CIRCUIT COURT for RESENTENCING.
The PETITIONER WAS further MISLEAD by the denial ORDER from the SUPREME COURT.

8) THERE WAS NO FINALITY ON PETITIONERS direct APPEAL until after his RESENTENCING HEARING ON JUNE 17, 2004 (SEE EXHIBIT "B", pg.009) AND the SUBESQUENT APPEAL that followed UNDER CASE NO. 04-2140.

9) The 266 days the RESPONDENT RELYS on to SUPPORT their CONTENTION THAT PETITIONERS

APPEAL WAS UNTIMELY NEVER OCCURED. AT
ALL TIMES DURING THAT PERIOD, PETITIONER WAS
GOING THROUGH COURT PROCEDURES PURSUANT TO
HIS DIRECT APPEAL.

10). ON DECEMBER 2, 2004 PETITIONER FILED A POST
CONVICTION PETITION IN THE CIRCUIT COURT OF COOK
COUNTY (SEE EXHIBIT "B" PG.010). AT THE TIME
OF FILING OF THIS PETITION, THE PETITIONER'S
DIRECT APPEAL FROM HIS RESENTENCING WAS
STILL PENDING.

11) ON FEBRUARY 25, 2005 PETITIONERS POST CONVICTION
PETITION WAS DENIED AND A TIMELY NOTICE OF
APPEAL WAS FILED ON 3-16-05. (SEE EXHIBIT
"B", PG 011)

12) THE STATE APPELLATE DEFENDERS OFFICE WAS
ASSIGNED TO REPRESENT THE PETITIONER ON
BOTH APPEALS, HIS DIRECT APPEAL (AFTER THE
RESENTENCING, CASE NO (04-2140) AND HIS
POST CONVICTION APPEAL (05-0847).
ASSISTANT APPELLATE DEFENDER DEBRA
LOENY-REYES WAS ASSIGNED TO BOTH APPEALS.

13) AFTER RESENTENCING, PETITIONER WAS RETURNED
TO THE ILLINOIS DEPARTMENT OF CORRECTIONS AND
ULTIMATELY PLACED AT THE TAYLORVILLE CORRECTIONAL
CENTER IN AUGUST, 04.

14) PETITIONER WAS REPRESENTED by COUNSEL DEBRA LOEUY-REYES ON his RESENTENCING APPEAL UNTIL MARCH 29, 2006, the APPELLATE COURT AFFIRMANCE OF PETITIONER'S RESENTENCING APPEAL.

15) PETITIONER ATTEMPTED to APPEAL his RESENTENCING APPEAL to the Illinois SUPREME COURT. BUT due to the ABSENCE OF A REGULAR LIBRARIAN, this CREATED AN IMPEDIMENT which PREVENTED this PETITIONER FROM EFFECTUATING A TIMELY APPEAL to the ILLINOIS SUPREME COURT ON APPEAL (CASE NO. 04-2190.

16) TAYLORVILLE CORRECTIONAL CENTER (TCC) WAS without A REGULAR LIBRARIAN FROM 12-31-05 UNTIL PETITIONER'S TRANSFER TO EAST MOLINE CORRECTIONAL CENTER (EMCC) APRIL 25, 2007.

17) FROM 12-31-05 to APRIL 25, 2007, the TIME PETITIONER COULD GET ACCESS to the LAW LIBRARY diminished to LESS THAN AN HOUR A WEEK IN MANY INSTANCES. LAW BOOKS WERE STOLEN AND CASE LAW WAS RIPPED FROM LAW BOOKS.

18) BEFORE PETITIONER WAS FORCED to pro-se LITIGATE his APPEAL, URGENCY WAS NOT AN ISSUE. WHEN his APPEAL ATTORNEY WITHDREW FROM his APPEAL, CASE NO. 04-2190, PETITIONER ATTEMPTED TO APPEAL to the ILL SUP CT. HE EVEN FILED A MOTION FOR EXTENSION OF TIME. (SEE EXHIBIT "F")

19) PETITIONER WAS STILL UNABLE to file his APPEAL
IN THE ILL. SUPREME COURT. SO, WHEN THE
MANDATE WAS ISSUED FROM THE SUPREME COURT
ON PETITIONERS POST CONVICTION APPEAL, PETITIONER,
FOCUSED ATTENTION ON PREPARING a federal
habeas PETITIIN (SEE EXHIBIT "G")

20) PETITIONER REQUESTED A TRANSFER FROM TCC
to EMCC specifically for better ACCESS to a
law library facility. THE REQUEST WAS GRANTED
and PETITIONER WAS TRANSFER to EMCC ON
4-25-07.

21) AT EMCC, ONE LIBRARIAN IS EMPLOYED. THE
library is OPEN ON TUESDAY'S, THURSDAY and
friday FROM COUNT CHECK (BETWEEN 1:30-2PM)
UNTIL 2:45PM and AFTER EVENING MEAL
(BETWEEN 5:30-6PM) to 7:30 PM, and ON
WEDNESDAY DURING THE ABOVE EVENING hours
ONLY. THE library is closed DURING THE
LIBRARIAN'S off days, MONDAYS AND holidays.

22) FROM 4-25-07 to the filing of PETITIONER's
habeas petition, the library WAS closed a total
of #21 days due to the librarians off days.
FIVE (5) days IN OCTOBER, "07" the INSTITUTION
WAS ON LOCKDOWN. (SEE Exhibit "H")

23) The Petitioner Applied diligence in every situation that required his conformity to court deadlines and due dates when it was situationally feasible to do so.

24) Petitioner further asserts that if not for the unforseen circumstance of the Taylorville librarian leaving thus creating the uncertainty, inconsistency and often failure to open the law library, any untimliness of filing his appeal in the federal courts would not have occured. Walker v Norris 436 F.3d 1026

Wherefore, Petitioner ask this Honorable court to grant this Petitioner equitable tolling due to circumstances outside of his control and to vacate it's previous judgement dismissing Petitioner's appeal.

/ss/ Kevin Patterson
Kevin Patterson

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

96900

December 3, 2003


Mr. Kevin Patterson
Reg. No. A-83515
P. O. Box 1900
Canton, IL 61520


No.    96900    People State of Illinois, respondent, v. Kevin
               Patterson, petitioner.  Leave to appeal, Appellate
               Court, First District.


The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.


The mandate of this Court will issue to the Appellate Court

on December 26, 2003.


Exhibit "A"



Law Office of the
## COOK COUNTY PUBLIC DEFENDER

69 W. WASHINGTON • 15TH FLOOR • CHICAGO, IL 60602 • (312)603-0600

Edwin A. Burnette • Public Defender

July 7, 2003

Mr. Kevin Patterson
Reg. no. A-83515
Box 999
Illinois River Correctional Center
Rt. 9 West
Canton, IL 61520

Dear Mr. Patterson:

As we discussed at length this afternoon, I have determined that there is no merit to a rehearing petition or a petition for leave to the Illinois Supreme Court.

I have sent you a copy of the supreme court case that the appellate court cited from 1927 finding no fatal variance between an indictment charging an armed robbery from the "person" and the proof of an armed robbery from the "presence."

If you choose on your own to appeal to the Supreme Court, your petition is required by Supreme Court Rule to be one of the following:

> 1) to raise an issue conflicting with an opinion of another district or division in Illinois;
>
> 2) to raise an issue conflicting with a decision of the Illinois Supreme Court; or
>
> 3) a case of public importance.

As you know, the appellate court has granted you a new sentencing hearing. Because of this, I must also advise you that if the supreme court agrees to hear your pro se petition, the supreme court could overturn the appellate court and decide that you are not entitled to a new sentencing hearing. This could happen because the State would have nothing to lose by "cross-appealing" if the supreme court has already decided to hear the case.

Exhibit "C"
Pg. 1 of 2

I am not saying that I think this would happen.  I have already told you that I believe it is unlikely that the State would be petitioning the supreme court on its own.  But there is some danger that you would have to re-fight the sentencing issue, especially because the appellate court addressed it under the "plain error" doctrine.  This is simply something you should be aware-of (in the unlikely event that the Supreme Court chooses to hear your appeal of the attempt armed robbery conviction).

If you do choose to file a supreme court petition, it must be filed no later than July 24th and be sent to:

> Ms. Juleann Hornyak
> Supreme Court Clerk
> 200 E. Capitol Street
> Springfield, Illinois  62701

As you already know, I will also need to hear from you on July 10th by 3:00 p.m. so I can file the necessary paperwork on-time that I told you about over the telephone.

Sincerely,

Emily Eisner,
Assistant Public Defender

Exhibit "C"
pg. 2 of 2



**Law Office of the**
**COOK COUNTY PUBLIC DEFENDER**

69 W. WASHINGTON • 15ᵀᴴ FLOOR • CHICAGO, IL 60602 • (312)603-0600

Edwin A. Burnette • Public Defender

July 10, 2003

Mr. Kevin Patterson
Reg.  no. A-83515
Box 999
Illinois River Correctional Center
Rt. 9 West
Canton, IL 61520

Dear Mr. Patterson:

I received your four phone messages from today and yesterday
and have timely filed your "affidavit of intent" for you, as you
requested.

Enclosed please find your copy.  Your will need to include
a copy of this "affidavit of intent" in the Appendix to your <u>pro
se</u> petition in the Supreme Court.  (The Appendix must also
include a copy of the appellate court's decision, and you will
need to follow the format of Rule 315(a) as closely as possible,
as I set-out for you in my last letter that you have now
received).  As you know, your <u>pro se</u> petition is due no later
than Thursday July 24ᵗʰ (that is, it must be post-marked by
then).

To answer your question, the appellate court is not actually
ignoring or expanding or changing the legislature's definition of
robbery or of attempt armed robbery.  Rather, the legislature has
defined takings from the "person **or** presence" <u>in the alternative</u>,
which is why you have the "or" language.  The legislature is
saying that there are two ways to commit robbery (i.e. takings
from the "person or presence") that really are not all that
different most of the time, and are both considering robberies.
That is why the courts would unfortunately tend to view a
variance from "person" to "presence" as not "material."  Put
another way, the essence of robbery and attempt robbery (or
attempt armed robbery) is the forceful intimidation of the
alleged victim to scare him into parting with, or cause him to
part with, something of value.  What the valuable property is--or
where it is located--is not considered all that significant as
far as the legislature's definition of the crime is concerned.

The legislature prefers to give as broad a definition as

*Exhibit "D"*
*Pg. 1 of 2*

possible (without being so broad as to run afoul of the due process clause) in order to rope-in as many violators or, more delicately-said, proscribe as many types of "robberies" as possible.

As I said in my last letter, your petition, which must be mailed no later than July 24th, must be sent to:

Ms. Juleann Hornyak
Supreme Court Clerk
200 E. Capitol Street
Springfield, Illinois  62701

This letter also must serve as a formal closing-out of my appellate file, but I shall continue to be here to answer your questions and calls.  I will also be here to make sure your case gets redocketed for your new sentencing hearing where you should be appointed a trial attorney to represent you.

Sincerely,

Emily Eisner,
Assistant Public Defender

Exhibit "D"
Pg 2 of 2

STATE OF ILLINOIS    )
                     )  ss
COUNTY OF COOK       )

IN THE APPELLATE COURT, STATE OF ILLINOIS
FIRST DISTRICT, FOURTH DIVISION

PEOPLE OF THE STATE OF ILLINOIS,    )
                                    )
    Plaintiff-Appellee,            )
                                    )
    vs.                            )    No. 02-0694
KEVIN PATTERSON,                    )
                                    )
    Defendant-Appellant.           )

## AFFIDAVIT OF INTENT TO FILE A PRO SE PETITION FOR LEAVE TO APPEAL TO THE ILLINOIS SUPREME COURT

Pursuant to Supreme Court Rule 315(b), EMILY EISNER, Assistant Public Defender for defendant-appellant KEVIN PATTERSON in the above-entitled cause, states as follows:

1. That I have been the attorney for the defendant-appellant in the above-entitled cause.

2. That on June 19, 2003, this Court granted the defendant-appellant a new sentencing hearing but affirmed his conviction.

3. That he has informed me that he intends to file a pro se petition for leave to appeal from the part of this Court's judgment affirming his conviction.

4. That he has authorized me to file this notice of intent.

By: _____
       EMILY EISNER
       For Kevin Patterson

SUBSCRIBED and SWORN TO
Before me this 10th day
of July, A.D., 2003.

_____
Notary Public



OFFICIAL SEAL
L'AMOUR HOLLOWAY-WHITE
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-17-2008

Exhibit "E"



# SUPREME COURT OF ILLINOIS
SUPREME COURT BUILDING
SPRINGFIELD 62701

May 5, 2006

**JULEANN HORNYAK**
CLERK OF THE COURT
(217) 782-2035

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(217) 524-8132

**FIRST DISTRICT OFFICE**
20TH FLOOR
160 N. LASALLE ST.
CHICAGO 60601
(312) 793-1332

TELECOMMUNICATIONS DEVICE
FOR THE DEAF
(312) 793-8185

Mr. Kevin Patterson
Reg. No. A-83515
P. O. Box 900
Taylorville, Illinois 62568

Re:  People State of Illinois, appellee, v. Kevin Patterson, appellant.
Appellate Court, First District, No. 1-04-2140.

Dear Mr. Patterson:

This will acknowledge receipt of your motion for an extension of time to file a petition for leave to appeal in the above-referenced cause on May 2, 2006.

You have been given until June 7, 2006, to file a timely petition for leave to appeal. It is suggested that your petition should contain a statement of the facts concerning your case, such as indictment number, crime, date and length of sentence and reasons why you feel you are entitled to review by the Supreme Court. A copy of the Appellate Court decision and, if applicable, the order denying your petition for rehearing should be attached to your material, all of which should then be forwarded to this office as soon as possible.

In the event your petition is not timely, you should include with your petition a motion for leave to file a late petition for leave to appeal, explaining the reasons why you were unable to timely file.

A copy of each document should be served on the Attorney General of the State of Illinois (Hon. Lisa Madigan, Attorney General, Criminal Appeals Division, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601) and the State's Attorney of the county of conviction.

Your petition for leave to appeal should be brought to the Court under Supreme Court Rule 315, a copy of which is enclosed for your information. **Please note the 20-page limitation.**

Very truly yours,

*Juleann Hornyak*

JULEANN HORNYAK, Clerk

*Exhibit "F"*

JH:jak
Enclosure

102994

**SUPREME COURT OF ILLINOIS**
**CLERK OF THE COURT**
SUPREME COURT BUILDING
SPRINGFIELD, ILLINOIS 62701
(217) 782-2035

September 27, 2006

Ms. Debra Loevy-Reyes
Assistant Appellate Defender
203 North LaSalle Street
24th Floor
Chicago, IL 60601

No. 102994 - People State of Illinois, respondent, v. Kevin
           Patterson, petitioner.  Leave to appeal, Appellate
           Court, First District.

    The Supreme Court today DENIED the petition for leave to

appeal in the above entitled cause.

    The mandate of this Court will issue to the Appellate Court

on November 2, 2006.



RECEIVED
SEP 2 8 2006

*DOCKETING DEPARTMENT*
State Appellate Defender, 1st District

Exhibit "G"

7-3-07            1 day Bauily        4

7-5 +6-07         2 day  1 week 2-6
                         only

7-27- 07          1 day  Fri

7-31 - 07         1 day  Fri      4  5

8- 1-2-3 -07      3 days  Wed, Thurs
                          Fri

9- 25- 26-27-28   4 days  1 week   5  4
                          Sept 24-28

11- 6-7-8-9, 2001  4 days  1 week   5  4
                           nov 5-9

11- 20- 21- 22       2 days  Tues Wed   6  4
               23            1 week Thurs

Exhibit "H"

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS      Page 001

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 98CR3006401

KEVIN        PATTERSON

## CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
with the Clerk of the Circuit Court.

Charging the above named defendant with:

```
  720-5/9-1(A)(1)              F (ATT)MURDER/INTENT TO KILL/INJ
  720-5/24-1.2(A)(2)           F      AGG DISCHARGE FIREARM/OCC
A 720-5/8-4 (720-5/18-1(A)     F      ATTEMPT ARMED ROBBERY
  720-5/18-2(A)                F (ATT)ARMED ROBBERY
  720-5/18-2(A)                F (ATT)ARMED ROBBERY
  720-5/24-1.1(A)              F      FELON POSS/USE WEAPON/FIR
  720-5/24-1.1(A)              F      FELON POSS/USE WEAPON/FIR
  720-5/24-1(A)(4)             F      CARRY/POSSESS FIREARM/1ST
  720-5/24-1(A)(10)            F      CARRY/POSSES FIREARM IN P
```
The following disposition(s) was/were rendered before the Honorable Judge(s):


```
12/04/98 IND/INFO-CLK OFFICE-PRES JUDGE        12/21/98 1701
     98CR3006401 ID# CR100821510
12/21/98 CASE ASSIGNED                         12/21/98 1731
     FITZGERALD, THOMAS R.
12/21/98 DEFENDANT ON BOND
     HIMEL, RONALD A.
12/21/98 PUBLIC DEFENDER APPOINTED
     HIMEL, RONALD A.
12/21/98 MOTION FOR DISCOVERY                          F        1
     HIMEL, RONALD A.
12/21/98 CONTINUANCE BY AGREEMENT              01/15/99
     HIMEL, RONALD A.
01/15/99 CONTINUANCE BY AGREEMENT              02/22/99
     HIMEL, RONALD A.
02/22/99 DEFENDANT ON BOND
     HIMEL, RONALD A.
02/22/99 CONTINUANCE BY AGREEMENT              03/25/99
     HIMEL, RONALD A.
03/25/99 DEFENDANT ON BOND
     DARCY, DANIEL P.
03/25/99 CONTINUANCE BY AGREEMENT              04/29/99
     DARCY, DANIEL P.
```

*Exhibit "B"*
*pages 1-12*

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 002

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 98CR3006401

KEVIN        PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
04/29/99 DEFENDANT ON BOND
        HIMEL, RONALD A.
04/29/99 CONTINUANCE BY AGREEMENT                06/15/99
        HIMEL, RONALD A.
06/15/99 CONTINUANCE BY AGREEMENT                07/22/99
        HIMEL, RONALD A.
07/22/99 DEFENDANT ON BOND
        HIMEL, RONALD A.
07/22/99 CONTINUANCE BY AGREEMENT                08/13/99
        HIMEL, RONALD A.
08/13/99 MOTION DEFT - CONTINUANCE - MD          09/30/99
        HIMEL, RONALD A.
09/30/99 DEFENDANT ON BOND
        HIMEL, RONALD A.
09/30/99 CONTINUANCE BY AGREEMENT                11/10/99
        HIMEL, RONALD A.
11/10/99 DEFENDANT ON BOND
        GARCIA, RODOLFO
11/10/99 CONTINUANCE BY AGREEMENT                12/15/99
        GARCIA, RODOLFO
12/15/99 DEFENDANT ON BOND                       00/00/00
        HIMEL, RONALD A.
12/15/99 CONTINUANCE BY AGREEMENT                01/28/00
        HIMEL, RONALD A.
01/28/00 DEFENDANT ON BOND                       00/00/00
        HIMEL, RONALD A.
01/28/00 CONTINUANCE BY AGREEMENT                03/02/00
        HIMEL, RONALD A.
03/02/00 DEFENDANT ON BOND                       00/00/00
        HIMEL, RONALD A.
03/02/00 CONTINUANCE BY AGREEMENT                04/05/00
        HIMEL, RONALD A.
04/05/00 DEFENDANT ON BOND                       00/00/00
        HIMEL, RONALD A.
04/05/00 CONTINUANCE BY AGREEMENT                04/17/00
        HIMEL, RONALD A.
04/17/00 DEFENDANT ON BOND                       00/00/00
        HIMEL, RONALD A.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 003

PEOPLE OF THE STATE OF ILLINOIS

VS                              NUMBER 98CR3006401

KEVIN       PATTERSON

### CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION

| | | |
|---|---|---|
| 04/17/00 CONTINUANCE BY AGREEMENT | 05/08/00 | |
| HIMEL, RONALD A. | | |
| 05/08/00 CONTINUANCE BY AGREEMENT | 06/15/00 | |
| HIMEL, RONALD A. | | |
| 06/15/00 CONTINUANCE BY AGREEMENT | 07/24/00 | |
| HIMEL, RONALD A. | | |
| 07/24/00 DEFENDANT ON BOND | 00/00/00 | |
| HIMEL, RONALD A. | | |
| 07/24/00 CONTINUANCE BY AGREEMENT | 08/29/00 | |
| HIMEL, RONALD A. | | |
| 08/29/00 WITNESSES ORDERED TO APPEAR | 00/00/00 | |
| HIMEL, RONALD A. | | |
| 08/29/00 CONTINUANCE BY AGREEMENT | 10/05/00 | |
| HIMEL, RONALD A. | | |
| 10/05/00 DISCOVERY ANSWER FILED | 00/00/00 | 2 |
| HIMEL, RONALD A. | | |
| 10/05/00 CONTINUANCE BY AGREEMENT | 11/08/00 | |
| HIMEL, RONALD A. | | |
| 11/08/00 DEFENDANT ON BOND | 00/00/00 | |
| HIMEL, RONALD A. | | |
| 11/08/00 CONTINUANCE BY AGREEMENT | 12/15/00 | |
| HIMEL, RONALD A. | | |
| 12/15/00 DEFENDANT ON BOND | 00/00/00 | |
| HIMEL, RONALD A. | | |
| 12/15/00 CONTINUANCE BY AGREEMENT | 01/26/01 | |
| HIMEL, RONALD A. | | |
| 01/26/01 DEFENDANT ON BOND | 00/00/00 | |
| HIMEL, RONALD A. | | |
| 01/26/01 CONTINUANCE BY AGREEMENT | 03/06/01 | |
| HIMEL, RONALD A. | | |
| 03/06/01 DEFENDANT ON BOND | 00/00/00 | |
| HIMEL, RONALD A. | | |
| 03/06/01 CONTINUANCE BY AGREEMENT | 04/11/01 | |
| HIMEL, RONALD A. | | |
| 04/11/01 DEFENDANT ON BOND | 00/00/00 | |
| HIMEL, RONALD A. | | |
| 04/11/01 CONTINUANCE BY AGREEMENT | 05/14/01 | |
| HIMEL, RONALD A. | | |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 004

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 98CR3006401

KEVIN          PATTERSON

           CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

   I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
05/14/01 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
05/14/01 WITNESSES ORDERED TO APPEAR           00/00/00
      HIMEL, RONALD A.
05/14/01 CONTINUANCE BY AGREEMENT              07/02/01
      HIMEL, RONALD A.
07/02/01 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
07/02/01 WITNESSES ORDERED TO APPEAR           00/00/00
      HIMEL, RONALD A.
07/02/01 CONTINUANCE BY AGREEMENT              08/13/01
      HIMEL, RONALD A.
08/13/01 DEFENDANT ON BOND                     00/00/00
      FLEMING, JOHN J.
08/13/01 CONTINUANCE BY AGREEMENT              08/17/01
      FLEMING, JOHN J.
08/17/01 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
08/17/01 WITNESSES ORDERED TO APPEAR           00/00/00
      HIMEL, RONALD A.
08/17/01 CONTINUANCE BY AGREEMENT              09/24/01
      HIMEL, RONALD A.
09/24/01 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
09/24/01 WITNESSES ORDERED TO APPEAR           00/00/00
      HIMEL, RONALD A.
09/24/01 MOTION STATE - CONTINUANCE -MS        11/02/01
      HIMEL, RONALD A.
11/02/01 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
11/02/01 WITNESSES ORDERED TO APPEAR           00/00/00
      HIMEL, RONALD A.
11/02/01 CONTINUANCE BY AGREEMENT              11/06/01
      HIMEL, RONALD A.
11/06/01 DEFENDANT ON BOND                     00/00/00
      HIMEL, RONALD A.
11/06/01 PLEA OF NOT GUILTY                    00/00/00
      HIMEL, RONALD A.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS     Page 005

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 98CR3006401

    KEVIN        PATTERSON

            CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/06/01 JURY WAIVED                              00/00/00
        HIMEL, RONALD A.
11/06/01 WITNESSES ORDERED TO APPEAR              00/00/00
        HIMEL, RONALD A.
11/06/01 CONTINUANCE BY AGREEMENT                 11/14/01
        HIMEL, RONALD A.
11/14/01 WITNESSES ORDERED TO APPEAR              00/00/00
        HIMEL, RONALD A.
11/14/01 TRIAL COMENCED AND CONTINUED             11/21/01
        HIMEL, RONALD A.
11/21/01 DEFENDANT ON BOND                        00/00/00
        HIMEL, RONALD A.
11/21/01 PLEA OF NOT GUILTY                       00/00/00
        HIMEL, RONALD A.
11/21/01 FINDING OF NOT GUILTY           C001 00/00/00
        HIMEL, RONALD A.
11/21/01 FINDING OF NOT GUILTY           C002 00/00/00
        HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY               C003 00/00/00
        HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY               C004 00/00/00
        HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY               C005 00/00/00
        HIMEL, RONALD A.
11/21/01 FINDING OF GUILTY               C006 00/00/00
        HIMEL, RONALD A.
11/21/01 JGMT ON FINDING/VERDICT/PLEA             00/00/00 F
        HIMEL, RONALD A.
11/21/01 BAIL REVOKED                             00/00/00
        HIMEL, RONALD A.
11/21/01 DEF REM CUST CC SHERIF                   00/00/00
        HIMEL, RONALD A.
11/21/01 DEFENDANT IN CUSTODY                     00/00/00
        HIMEL, RONALD A.
11/21/01 PRISONER DATA SHEET TO ISSUE             00/00/00
        HIMEL, RONALD A.
11/21/01 PRE-SENT INVEST. ORD, CONTD TO           00/00/00
        HIMEL, RONALD A.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 006

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 98CR3006401

     KEVIN        PATTERSON

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
11/21/01 CASH BOND REFUND TO ATTORNEY      B001 00/00/00
         HIMEL, RONALD A.
11/21/01 CONTINUANCE BY AGREEMENT               12/19/01
         HIMEL, RONALD A.
11/30/01 CASH BOND REFUND TO ATTORNEY      B001 00/00/00 1346986
11/30/01 CBR PROCSED FRWD ACCT DEP              00/00/00
         D6997413 $4,500
12/19/01 DEFENDANT IN CUSTODY                   00/00/00
         HIMEL, RONALD A.
12/19/01 PRISONER DATA SHEET TO ISSUE           00/00/00
         HIMEL, RONALD A.
12/19/01 MOTION DEFENDANT - NEW TRIAL           00/00/00 D        2
         HIMEL, RONALD A.
12/19/01 PRE-SENT INVEST. ORD, CONTD TO         00/00/00
         HIMEL, RONALD A.
12/19/01 CONTINUANCE BY AGREEMENT               01/25/02
         HIMEL, RONALD A.
12/20/01 CBR DESIGNATED PROVIDER MONIES         00/00/00 1406132
12/20/01 CBR PROCSED FRWD ACCT DEP              00/00/00
         D6995604 $2,250
01/25/02 DEFENDANT IN CUSTODY                   00/00/00
         HIMEL, RONALD A.
01/25/02 PRISONER DATA SHEET TO ISSUE           00/00/00
         HIMEL, RONALD A.
01/25/02 CONTINUANCE BY AGREEMENT               02/04/02
         HIMEL, RONALD A.
02/04/02 DEFENDANT IN CUSTODY                   00/00/00
         HIMEL, RONALD A.
02/04/02 MOTION DEFENDANT - NEW TRIAL           00/00/00 D        2
         HIMEL, RONALD A.
02/04/02 DEF SENTENCED ILLINOIS DOC        C003 00/00/00
              18 YRS
         HIMEL, RONALD A.
02/04/02 CREDIT DEFENDANT FOR TIME SERV         00/00/00
              97 DYS
         HIMEL, RONALD A.
02/04/02 SPECIAL ORDER                          00/00/00
         DEFT SENTENCED AS CLASS X MANDATORY BECAUSE OF BACKGROUND.
         HIMEL, RONALD A.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 007

PEOPLE OF THE STATE OF ILLINOIS

                    VS              NUMBER 98CR3006401

     KEVIN      PATTERSON

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/04/02 PUBLIC DEF APPTD FOR APPEAL          00/00/00
        HIMEL, RONALD A.
02/04/02 DEF ADVISED OF RIGHT TO APPEAL       00/00/00
        HIMEL, RONALD A.
02/04/02 LET MITTIMUS ISSUE/MITT TO ISS       00/00/00
        HIMEL, RONALD A.
02/04/02 CHANGE PRIORITY STATUS          M    00/00/00
        HIMEL, RONALD A.
02/06/02 NOTICE OF APPEAL FILED, TRNSFR       00/00/00
02/26/02 NOTICE OF NOTICE OF APP MAILED       00/00/00
02/26/02 HEARING DATE ASSIGNED                03/01/02 1713
02/22/02 REPT OF PRCDS ORD FR CRT RPT         00/00/00
03/01/02 PUBLIC DEF APPTD FOR APPEAL          00/00/00
        BIEBEL, PAUL JR.
03/01/02 O/C FREE REPT OF PROCD ORD N/C       00/00/00
        BIEBEL, PAUL JR.
03/01/02 MEMO OF ORDS & NOA PICKED-UP         00/00/00
        BIEBEL, PAUL JR.
03/20/02 APPELLATE COURT NUMBER ASGND         00/00/00 02-0694
03/21/02 COMMON LAW RECORD PREPARED           00/00/00
03/27/02 CLR RECD BY APP COUNSEL              00/00/00
        PUBLIC DEFENDER
06/11/02 TRANS PROC REC/FILED CLKS OFF        00/00/00
06/12/02 REPORT OF PROCEEDINGS PREPARED       00/00/00
06/14/02 REPRT/PROCDS RECD BY APP ATTRY       00/00/00
        PUBLIC DEFENDER
06/14/02 REPT OF PRCDS ORD FR CRT RPT         00/00/00
08/01/02 SUPP TRAN PRO REC/FILE CLK OFF       00/00/00
08/05/02 SUPPL REPORT OF PRCD PREPARED        00/00/00
08/07/02 SUPPL REC RECD BY APPL COUNSEL       00/00/00
        PUBLIC DEFENDER
08/28/03 MANDATE FILED                        09/09/03 1701
09/09/03 CASE ASSIGNED                        09/23/03 1731
        CONVICTION AFFIRMED/RE-SENTENCING
        WOOD, WILLIAM S.
09/12/03 MANDATE FILED                        09/23/03 1701
09/23/03 MANDATE RECALLED                     08/21/03
        BIEBEL, PAUL JR.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS    Page 008

PEOPLE OF THE STATE OF ILLINOIS

VS                          NUMBER 98CR3006401

KEVIN      PATTERSON

CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois, and keeper of the records and seal thereof do hereby certify that the electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
→09/23/03 DEFENDANT IN CUSTODY                      00/00/00
        IN I.D.O.C. CUSTODY
        DARCY, DANIEL P.
  09/23/03 PRISONER DATA SHEET TO ISSUE             00/00/00
        DARCY, DANIEL P.
  09/23/03 PUBLIC DEFENDER APPOINTED                00/00/00
        DARCY, DANIEL P.
  09/23/03 MOTION DEFT - CONTINUANCE - MD           10/03/03
        DARCY, DANIEL P.
  10/03/03 SPECIAL ORDER                            00/00/00
        DEFENDANT'S APPEAL TO SUPREME COURT / NO JURIS ICITION
        DARCY, DANIEL P.
  10/03/03 SPECIAL ORDER                            00/00/00
        OFF CALL
        DARCY, DANIEL P.
  01/09/04 MANDATE FILED                            01/22/04 1701
  01/22/04 SPECIAL ORDER                            00/00/00
        CONVICTIONS AFFIRMED - RESENTENCING
        BIEBEL, PAUL JR.
  01/22/04 CASE ASSIGNED                            02/05/04 1731
        BIEBEL, PAUL JR.
  02/05/04 DEFENDANT IN CUSTODY                     00/00/00
        DARCY, DANIEL P.
  02/05/04 PRISONER DATA SHEET TO ISSUE             00/00/00
        DARCY, DANIEL P.
  02/05/04 PUBLIC DEFENDER APPOINTED                00/00/00
        DARCY, DANIEL P.
  02/05/04 DEF REM CUST CC SHERIF                   00/00/00
        DARCY, DANIEL P.
  02/05/04 NO BAIL                                  00/00/00
        DARCY, DANIEL P.
  02/05/04 CONTINUANCE BY AGREEMENT                 02/23/04
        DARCY, DANIEL P.
  02/23/04 DEFENDANT IN CUSTODY                     00/00/00
        DARCY, DANIEL P.
  02/23/04 PRISONER DATA SHEET TO ISSUE             00/00/00
        DARCY, DANIEL P.

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 009

PEOPLE OF THE STATE OF ILLINOIS

                VS                    NUMBER 98CR3006401

    KEVIN         PATTERSON

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/23/04 PUBLIC DEFENDER APPOINTED              00/00/00
        DARCY, DANIEL P.
02/23/04 CONTINUANCE BY AGREEMENT               03/18/04
        DARCY, DANIEL P.
03/18/04 DEFENDANT IN CUSTODY                   00/00/00
        MEYER, WAYNE
03/18/04 PRISONER DATA SHEET TO ISSUE           00/00/00
        MEYER, WAYNE
03/18/04 PRE-SENT INVEST. ORD, CONTD TO         00/00/00
        MEYER, WAYNE
03/18/04 CONTINUANCE BY AGREEMENT               04/20/04
        MEYER, WAYNE
04/20/04 DEFENDANT IN CUSTODY                   00/00/00
        DARCY, DANIEL P.
04/20/04 PRISONER DATA SHEET TO ISSUE           00/00/00
        DARCY, DANIEL P.
04/20/04 CONTINUANCE BY AGREEMENT               05/20/04
        DARCY, DANIEL P.
05/20/04 DEFENDANT IN CUSTODY                   00/00/00
        DARCY, DANIEL P.
05/20/04 PRISONER DATA SHEET TO ISSUE           00/00/00
        DARCY, DANIEL P.
05/20/04 CONTINUANCE BY AGREEMENT               06/17/04
        DARCY, DANIEL P.
06/17/04 DEFENDANT IN CUSTODY                   00/00/00
        DARCY, DANIEL P.
06/17/04 DEF SENTENCED ILLINOIS DOC     C003 00/00/00
        RESENTENCED
                18 YRS
        DARCY, DANIEL P.
06/17/04 CREDIT DEFENDANT FOR TIME SERV         00/00/00
                864 DYS
        DARCY, DANIEL P.
08/19/04 NOTICE OF APPEAL FILED, TRNSFR         00/00/00
08/19/04 NOTICE OF NOTICE OF APP MAILED         00/00/00
08/19/04 HEARING DATE ASSIGNED                  08/27/04 1713
09/01/04 APPELLATE COURT NUMBER ASGND           00/00/00 04-2140

```
            IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 010

        PEOPLE OF THE STATE OF ILLINOIS

                    VS                      NUMBER 98CR3006401

        KEVIN        PATTERSON

              CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
08/27/04 ILL STATE APPELLATE DEF APPTD          00/00/00
      BIEBEL, PAUL JR.
08/27/04 O/C FREE REPT OF PROCD ORD N/C         00/00/00
      BIEBEL, PAUL JR.
08/27/04 MEMO OF ORDS & NOA PICKED-UP           00/00/00
      BIEBEL, PAUL JR.
09/15/04 COMMON LAW RECORD PREPARED             00/00/00
09/16/04 REPT OF PRCDS ORD FR CRT RPT           00/00/00
10/04/04 CLR RECD BY APP COUNSEL                00/00/00
      STATE APPELLATE DEFENDER
12/07/04 SPECIAL ORDER                          00/00/00 F       2
      MOTION IN ARREST OF JUDGEMENT & C.L.R.
12/07/04 HEARING DATE ASSIGNED                  12/10/04 1731
12/10/04 SPECIAL ORDER                          00/00/00
      CLERK TO SEND COPY OF COMPLAINT FOR P.H. FILED ON 10/3/98 & P.T. MOTIONS
      PANTLE, KATHLEEN M.
12/10/04 SPECIAL ORDER                          00/00/00
      OFF CALL
      PANTLE, KATHLEEN M.
12/02/04 POST-CONVICTION FILED                  00/00/00
12/02/04 HEARING DATE ASSIGNED                  12/16/04 1701
12/16/04 CASE ASSIGNED                          12/16/04 1731
      BIEBEL, PAUL JR.
12/16/04 CONTINUANCE BY ORDER OF COURT          12/29/04
      DARCY, DANIEL P.
12/29/04 CONTINUANCE BY ORDER OF COURT          01/07/05
      DARCY, DANIEL P.
01/07/05 CONTINUANCE BY ORDER OF COURT          01/14/05
      DARCY, DANIEL P.
01/14/05 CONTINUANCE BY ORDER OF COURT          01/28/05
      DARCY, DANIEL P.
01/27/05 REPT OF PRCDS ORD FR CRT RPT           00/00/00
01/28/05 CONTINUANCE BY ORDER OF COURT          02/18/05
      DARCY, DANIEL P.
02/07/05 TRANS PROC REC/FILED CLKS OFF          00/00/00
02/17/05 REPRT/PROCDS RECD BY APP ATTRY         00/00/00
      STATE APPELLATE DEFENDER
```

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS          Page 011

PEOPLE OF THE STATE OF ILLINOIS

                    VS                    NUMBER 98CR3006401

     KEVIN         PATTERSON

          CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

     I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
02/18/05 CONTINUANCE BY ORDER OF COURT            02/28/05
         DARCY, DANIEL P.
02/15/05 REPORT OF PROCEEDINGS PREPARED           00/00/00
02/25/05 POST-CONV PETITION DENIED                00/00/00
         MOTION FIVOLOUS AMD PATENTLY WITHOT MERIT, AND PROCEED IN FORMUA PAUPERIS
         DARCY, DANIEL P.
02/28/05 PREVIOUS ORDER TO STAND                  02/25/05
         OFF CALL
         DARCY, DANIEL P.
02/28/05 NOTIFICATION SENT TO DEFENDANT           00/00/00
03/16/05 NOTICE OF APPEAL FILED, TRNSFR           00/00/00
03/21/05 NOTICE OF NOTICE OF APP MAILED           00/00/00
03/21/05 HEARING DATE ASSIGNED                    03/25/05 1713
03/25/05 ILL STATE APPELLATE DEF APPTD            00/00/00
         BIEBEL, PAUL JR.
03/25/05 O/C FREE REPT OF PROCD ORD N/C           00/00/00
         BIEBEL, PAUL JR.
03/25/05 MEMO OF ORDS & NOA PICKED-UP             00/00/00
         BIEBEL, PAUL JR.
04/06/05 APPELLATE COURT NUMBER ASGND             00/00/00 05-0847
05/19/05 REPT OF PRCDS ORD FR CRT RPT             00/00/00
05/24/05 CLR RECD BY APP COUNSEL                  00/00/00
         STATE APPELLATE DEFENDER
06/29/05 SUPP TRAN PRO REC/FILE CLK OFF           00/00/00
07/13/05 SUPPL REPORT OF PRCD PREPARED            00/00/00
07/14/05 SUPPL REC RECD BY APPL COUNSEL           00/00/00
         STATE APPELLATE DEFENDER
08/10/05 REPT OF PRCDS ORD FR CRT RPT             00/00/00
08/11/05 TRANS PROC REC/FILED CLKS OFF            00/00/00
08/13/05 REPORT OF PROCEEDINGS PREPARED           00/00/00
08/19/05 REPRT/PROCDS RECD BY APP ATTRY           00/00/00
         STATE APPELLATE DEFENDER
07/06/06 MANDATE FILED                            07/18/06 1701
07/18/06 REVIEW COURT AFFIRMANCE                  00/00/00
         BROWN, MICHAEL
07/18/06 CASE ASSIGNED                            07/21/06 1731
         TO CORRECT MITT
         BROWN, MICHAEL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS        Page 012

PEOPLE OF THE STATE OF ILLINOIS

                    VS                      NUMBER 98CR3006401

    KEVIN        PATTERSON

        CERTIFIED STATEMENT OF CONVICTION / DISPOSITION

    I, DOROTHY BROWN, Clerk of the Circuit Court of Cook County, Illinois,
and keeper of the records and seal thereof do hereby certify that the
electronic records of the Circuit Court of Cook County show that:

The States Attorney of Cook County filed an INDICTMENT/INFORMATION
07/21/06 SPECIAL ORDER                      00/00/00
      CORRECTED MITT TO ISSUE PER APPLATE CT
      DARCY, DANIEL P.
11/17/06 MANDATE FILED                      12/01/06 1701
12/01/06 REVIEW COURT AFFIRMANCE            00/00/00
      BIEBEL, PAUL JR.

                              I hereby certify that the foregoing has
                              been entered of record on the above
                              captioned case.
                              Date 05/16/07

                              _____
                                    DOROTHY BROWN
                          CLERK OF THE CIRCUIT COURT OF COOK COUNTY

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA ex rel. | ) | |
| KEVIN PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 07 C 6853 |
| v. | ) | |
| | ) | |
| GENE JUNGWIRTH, Warden, | ) | |
| | ) | Judge Joan B. Gottschall |
| Respondent. | ) | |

## ORDER

Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner Kevin

Patterson was convicted of unlawful use of a weapon by a felon and three counts of attempted armed

robbery, and was sentenced as a Class X offender to eighteen years' imprisonment. On direct

appeal, the state appellate court affirmed petitioner's convictions but vacated his sentence and

ordered resentencing because petitioner was not eligible for a Class X sentence. On remand, a

different trial court judge conducted a new sentencing hearing and resentenced petitioner to eighteen

years' imprisonment. On appeal following resentencing, petitioner argued that the state appellate

court should either reduce his sentence or remand for a third sentencing hearing. The state appellate

court affirmed. Petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court

that was denied on December 3, 2003. On November 24, 2004, petitioner filed a pro se

postconviction petition in the state trial court. The trial court dismissed the petition and the appellate

court affirmed on May 31, 2006. The Illinois Supreme Court denied petitioner's PLA on September

27, 2006. On November 16, 2007[1], petitioner filed his federal habeas petition under 28 U.S.C. §

---

[1] Petitioner's petition is signed and dated November 16, 2007. Petitioner claims that he did not actually mail the petition until November 27, 2007. Because this discrepancy does not alter the court's analysis in any way, the court will assume that the earlier date is the relevant

2254. Respondent has moved to dismiss the petition as untimely. For the reasons stated below, that motion is granted.

Congress has established a one-year limitations period governing motions for collateral relief under 28 U.S.C. § 2254. The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

If petitioner's limitations period is calculated from the date his "judgment of conviction" became final, his petition is untimely. As the respondent points out, petitioner's conviction became final on March 3, 2004, the date on which the time expired to file a petition for a writ of certiorari to the United States Supreme Court. *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (limitations period under Section 2244(d)(1)(A) begins to run after 90-day period during which a state prisoner may file petition for writ of certiorari). Petitioner waited 266 days, or until November 24, 2004, to file his state postconviction petition. Pursuant to 28 U.S.C. § 2244(d)(2), the period during which his state postconviction petition was pending does not count in calculating the one-year period. Therefore, the time between November 24, 2004 and September 27, 2006 (the date on which the Illinois Supreme Court denied his PLA) is tolled. However, petitioner allowed

---

date.

2

another 415 days to lapse before he filed his federal habeas petition on November 16, 2007. Adding the 266 days (time between final conviction and filing of state postconviction petition) to the 415 days (time between state postconviction petition and filing of federal habeas petition), petitioner allowed a total of 681 days to elapse, which makes his federal habeas petition untimely.

Petitioner's only other option is to show that one of the other starting points listed in 28 U.S.C. § 2244(d)(1) applies here. To that end, petitioner argues that the state created an obstacle to his filing a federal habeas petition by denying his requests for documents pursuant to the Illinois Freedom of Information Act. Respondent counters by arguing that the Chicago Police Department's ("CPD") denial of his request for documents did not prevent him from filing a habeas petition. Petitioner could have, respondent argues, filed his petition and provided sufficient factual support for his putative claims without the documents he requested from the police department. Respondent points to *Lloyd v. Van Natta*, 296 F.3d 630 (7th Cir. 2002) for support. In *Lloyd*, the Seventh Circuit held that there was no state impediment to filing a petition merely because the state failed to provide the petitioner with a copy of his trial transcript. 296 F.3d at 633. Respondent points out that petitioner, who apparently never received the documents he requested, was able to file the instant petition without them.

The court agrees that the reasoning in *Lloyd* applies in this case. In discussing what kind of impediment is necessary to qualify under 28 U.S.C. § 2244(d)(1)(B), the Seventh Circuit has stressed that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd*, 296 F.3d at 633 (emphasis in original). In this case, petitioner has not shown that the state created an impediment which prevented him from filing his federal habeas petition. As was the case in *Lloyd*, petitioner in fact filed his federal habeas

3

petition without use of the documents. As the Seventh Circuit made clear in *Lloyd*,, petitioner could have, and should have, filed his federal habeas petition and then utilized the discovery mechanisms in place for federal habeas petitioners. 296 F.3d at 633

Next, petitioner argues that he should receive the benefit of equitable tolling for a number of reasons. Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). As an initial matter, the Seventh Circuit has not explicitly acknowledged that equitable tolling is available to a § 2254 petitioner. *Modrowski v. Mote*, 322 F.3d 965, 967 n.2 (7th Cir. 2003) (reserving issue of whether the enumerated statutory tolling provisions for § 2254 indicates a congressional intent to replace the common law doctrine of equitable tolling); *Nolan v. United States*, 358 F.3d 480, 483-84 (7th Cir. 2004) (stating that "it is unclear what room remains for importing the judge-made doctrine of equitable tolling into § 2254 claims, given the express tolling provisions incorporated in the statute"). In any event, the court need not decide the issue here as petitioner has failed to show any extraordinary circumstances that would justify tolling in this case.

First, petitioner argues that equitable tolling is justified in this case because the CPD failed to provide him with certain documents he requested. As noted above, the Seventh Circuit has yet to find an extraordinary circumstance that would warrant equitable tolling in the collateral relief context. *See Modrowski*, 322 F.3d at 967 (holding that attorney incapacity does not warrant equitable tolling); *Lloyd*, 296 F.3d at 633 (ruling that lack of access to trial transcripts does not

4

warrant tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's negligence does not warrant tolling); *Marcello*, 212 F.3d at 1010 (ruling that tolling was not justified by opaque law and death of attorney's father). Relying again on the similarities between this case and *Lloyd*, the court notes that the Seventh Circuit rejected the argument in *Lloyd* that the state's failure to provide a copy of the trial transcript warranted tolling. *Lloyd*, 296 F.3d at 633. Based on this holding, and the litany of cases in which the Seventh Circuit failed to find "extraordinary circumstance[s]" necessary to justify tolling, the court cannot conclude that the failure of the CPD to turn over requested documents was so extraordinary as to justify tolling. Nor can petitioner show that the alleged "impediment" actually prevented him from filing his habeas petition. In fact, petitioner did file his petition without having received the documents. Petitioner's tolling argument, based on the missing documents, fails.

Next, petitioner argues that tolling is warranted because he received ineffective assistance of counsel. Specifically, he contends that his attorney on direct appeal did not notify him that the limitations period would run between the date his conviction became final and the date he filed a state postconviction petition. This argument is not persuasive for two reasons. One, as respondent points out, even if all of the time between his conviction becoming final and his filing his postconviction petition were equitably tolled, the petition would still be time-barred because petitioner allowed 415 days to lapse between the conclusion of his postconviction proceedings and his filing the instant federal habeas petition. Second, the Seventh Circuit has held that attorney negligence does not warrant tolling. *Taliani*, 189 F.3d at 598 (rejecting tolling argument where petitioner's attorney miscalculated the limitations period because of inadequate research). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must

5

'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski*, 322 F.3d at 968. For both these reasons, tolling is not applicable here.

Finally, petitioner claims that he is actually innocent, and is thus entitled to equitable tolling. The Seventh Circuit has already rejected such an argument. *Araujo v. Chandler*, 435 F.3d 678, 681 (7th Cir. 2005) (holding that actual innocence is not a freestanding exception to the time limits in Section 2244(d)).

### Conclusion

For all the reasons explained above, respondent's motion to dismiss is granted.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:  May 16, 2008

6

IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

KEVIN PATTERSON

       PETITIONER

          v.

GENE JUNGWIRTH

       RESPONDENT

Case No. 07 C 6853

## PROOF/CERTIFICATE OF SERVICE

TO: *Asst. Attorney General*    TO:

*Eric. W. Truett*
*100 W. Randolph #12Fl*
*Chicago, IL 60601*

PLEASE TAKE NOTICE that on _____ JUNE 13, _____, 20 08 I have placed the documents listed below in the institutional mail at EAST MOLINE Correctional Center, properly addressed to the parties listed above for mailing through the United States Postal Service: _____

_____ MOTION FOR RELIEF OF JUDGEMENT _____

Pursuant to 28 USC 1746, 18 USC 1621 or 735 ILCS 5/109, I declare, under penalty of perjury, that I am a named party in the above action, that I have read the above documents, and that the information contained therein is true and correct to the best of my knowledge.

DATE: JUNE 13, 2008

/s/ *Kev. Patterson*
NAME: KEVIN PATTERSON
IDOC#: A-83515
EAST MOLINE Correctional Center
100 HILLCREST ROAD
EAST MOLINE , IL 61244

Form revised 4/3/02