**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUN 2 0 2008
Jun 20, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

KEVIN PATTERSON           ,  )
    PLAINTIFF-APPELLEE,       )
                              )
VS.                           )   CASE NO. 07 C 6853
                              )
GENE JUNGWIRTH           ,    )
    DEFENDANT-APPELLANT,      )

## NOTICE OF APPEAL

Notice is hereby given that ___KEVIN PATTERSON___, appeals to the United States District Court of Appeals for the Seventh Circuit from the judgment entered as follows:

[Judgment in favor of] ___RESPONDENT___;

[Type of Action] ___HABEAS CORPUS (APPEAL FROM STATE CONVICTION)___;

[Date of Judgment] ___MOTION TO DISMISS (GRANTED) 5/16/08___;

[Certificate of Appealability] ___granted/denied___;

Respectfully submitted

_Kev Patterson_
# A83515

SUBSCRIBED AND SWORN BEFORE ME THIS _13_ DAY OF _June_, 2008.

_Patricia J. Hendrickson_
NOTARY PUBLIC

OFFICIAL SEAL
PATRICIA J. HENDRICKSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 12-10-09

# SEVENTH CIRCUIT COURT OF APPEALS INFORMATION SHEET

Include the names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use a separate sheet if needed.

NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION DOCKET NUMBER:   07 cv 6853

| PLAINTIFF (Petitioner) | v. | DEFENDANT (Respondent) |
|---|---|---|
| Patterson/appellant | | Jungwirth/appellee |

(Use separate sheet for additional counsel)

| PETITIONER'S COUNSEL | | RESPONDENT'S COUNSEL | |
|---|---|---|---|
| Name | Kevin Patterson | Name | Eric W. Truett |
| Firm | pro-se   #A-83515 | Firm | Il. Atty General |
| Address | Moline -EMO<br>100 Hillcrest Rd.<br>East Moline, Il. 61244 | Address | 100 W. Randolph<br>12th Fl.<br>Chgo.IL. 60601 |
| Phone | | Phone | 312) 814-4684 |

| Other Information | | | |
|---|---|---|---|
| District Judge | Gottschall | Date Filed in District Court | 12/26/07 |
| Court Reporter | C.Kuemmeth   X-554-8931 | Date of Judgment | 5/19/08 |
| Nature of Suit Code | 530 | Date of Notice of Appeal | 6/20/08 |

COUNSEL:   Appointed [ ]   Retained [ ]   Pro Se [X]

FEE STATUS:   Paid [ ]   Due [X]   IFP [ ]

IFP Pending [ ]   U.S. [ ]   Waived [ ]

Has Docketing Statement been filed with the District Court Clerk's Office?   Yes [ ]   No [X]

If State/Federal Habeas Corpus (28 USC 2254/28 USC 2255), was Certificate of Appealability:

Granted [ ]   Denied [ ]   Pending [X]

If Certificate of Appealability was granted or denied, date of order: _____

If defendant is in federal custody, please provide U.S. Marshall number (USM#): _____

**IMPORTANT: THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(A).   Rev 04/01**

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6853 | **DATE** | 5/16/2008 |
| **CASE TITLE** | USA ex rel. Kevin Patterson vs. Jungwirth | | |

**DOCKET ENTRY TEXT**

Enter order. For the reasons explained in the attached order, respondent's motion to dismiss [11] is granted. Civil case terminated.

■ [ For further detail see separate order(s).]

Docketing to mail notices.
*Mail AO 450 form.

| | Courtroom Deputy Initials: | rj/es |
|---|---|---|

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ) <br> KEVIN PATTERSON, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> GENE JUNGWIRTH, Warden, ) <br> ) <br> Respondent. ) | Case No. 07 C 6853 <br><br> Judge Joan B. Gottschall |

## ORDER

Following a bench trial in the Circuit Court of Cook County, Illinois, petitioner Kevin Patterson was convicted of unlawful use of a weapon by a felon and three counts of attempted armed robbery, and was sentenced as a Class X offender to eighteen years' imprisonment. On direct appeal, the state appellate court affirmed petitioner's convictions but vacated his sentence and ordered resentencing because petitioner was not eligible for a Class X sentence. On remand, a different trial court judge conducted a new sentencing hearing and resentenced petitioner to eighteen years' imprisonment. On appeal following resentencing, petitioner argued that the state appellate court should either reduce his sentence or remand for a third sentencing hearing. The state appellate court affirmed. Petitioner filed a petition for leave to appeal ("PLA") to the Illinois Supreme Court that was denied on December 3, 2003. On November 24, 2004, petitioner filed a pro se postconviction petition in the state trial court. The trial court dismissed the petition and the appellate court affirmed on May 31, 2006. The Illinois Supreme Court denied petitioner's PLA on September 27, 2006. On November 16, 2007[1], petitioner filed his federal habeas petition under 28 U.S.C. §

---

[1] Petitioner's petition is signed and dated November 16, 2007. Petitioner claims that he did not actually mail the petition until November 27, 2007. Because this discrepancy does not alter the court's analysis in any way, the court will assume that the earlier date is the relevant

2254. Respondent has moved to dismiss the petition as untimely. For the reasons stated below, that motion is granted.

Congress has established a one-year limitations period governing motions for collateral relief under 28 U.S.C. § 2254. The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

If petitioner's limitations period is calculated from the date his "judgment of conviction" became final, his petition is untimely. As the respondent points out, petitioner's conviction became final on March 3, 2004, the date on which the time expired to file a petition for a writ of certiorari to the United States Supreme Court. *See, e.g., Anderson v. Litscher*, 281 F.3d 672, 674-75 (7th Cir. 2002) (limitations period under Section 2244(d)(1)(A) begins to run after 90-day period during which a state prisoner may file petition for writ of certiorari). Petitioner waited 266 days, or until November 24, 2004, to file his state postconviction petition. Pursuant to 28 U.S.C. § 2244(d)(2), the period during which his state postconviction petition was pending does not count in calculating the one-year period. Therefore, the time between November 24, 2004 and September 27, 2006 (the date on which the Illinois Supreme Court denied his PLA) is tolled. However, petitioner allowed

---

date.

another 415 days to lapse before he filed his federal habeas petition on November 16, 2007. Adding the 266 days (time between final conviction and filing of state postconviction petition) to the 415 days (time between state postconviction petition and filing of federal habeas petition), petitioner allowed a total of 681 days to elapse, which makes his federal habeas petition untimely.

Petitioner's only other option is to show that one of the other starting points listed in 28 U.S.C. § 2244(d)(1) applies here. To that end, petitioner argues that the state created an obstacle to his filing a federal habeas petition by denying his requests for documents pursuant to the Illinois Freedom of Information Act. Respondent counters by arguing that the Chicago Police Department's ("CPD") denial of his request for documents did not prevent him from filing a habeas petition. Petitioner could have, respondent argues, filed his petition and provided sufficient factual support for his putative claims without the documents he requested from the police department. Respondent points to *Lloyd v. Van Natta*, 296 F.3d 630 (7th Cir. 2002) for support. In *Lloyd*, the Seventh Circuit held that there was no state impediment to filing a petition merely because the state failed to provide the petitioner with a copy of his trial transcript. 296 F.3d at 633. Respondent points out that petitioner, who apparently never received the documents he requested, was able to file the instant petition without them.

The court agrees that the reasoning in *Lloyd* applies in this case. In discussing what kind of impediment is necessary to qualify under 28 U.S.C. § 2244(d)(1)(B), the Seventh Circuit has stressed that "the plain language of the statute makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition." *Lloyd*, 296 F.3d at 633 (emphasis in original). In this case, petitioner has not shown that the state created an impediment which prevented him from filing his federal habeas petition. As was the case in *Lloyd*, petitioner in fact filed his federal habeas

petition without use of the documents. As the Seventh Circuit made clear in *Lloyd*,, petitioner could have, and should have, filed his federal habeas petition and then utilized the discovery mechanisms in place for federal habeas petitioners. 296 F.3d at 633

Next, petitioner argues that he should receive the benefit of equitable tolling for a number of reasons. Under the common law doctrine, equitable tolling is available only if the plaintiff has been pursuing his rights diligently and an external impediment has prevented a complaint from being timely filed. *See e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling excuses an untimely filing when "[e]xtraordinary circumstances far beyond the litigant's control . . . prevented timely filing." *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). As an initial matter, the Seventh Circuit has not explicitly acknowledged that equitable tolling is available to a § 2254 petitioner. *Modrowski v. Mote*, 322 F.3d 965, 967 n.2 (7th Cir. 2003) (reserving issue of whether the enumerated statutory tolling provisions for § 2254 indicates a congressional intent to replace the common law doctrine of equitable tolling); *Nolan v. United States*, 358 F.3d 480, 483-84 (7th Cir. 2004) (stating that "it is unclear what room remains for importing the judge-made doctrine of equitable tolling into § 2254 claims, given the express tolling provisions incorporated in the statute"). In any event, the court need not decide the issue here as petitioner has failed to show any extraordinary circumstances that would justify tolling in this case.

First, petitioner argues that equitable tolling is justified in this case because the CPD failed to provide him with certain documents he requested. As noted above, the Seventh Circuit has yet to find an extraordinary circumstance that would warrant equitable tolling in the collateral relief context. *See Modrowski*, 322 F.3d at 967 (holding that attorney incapacity does not warrant equitable tolling); *Lloyd*, 296 F.3d at 633 (ruling that lack of access to trial transcripts does not

warrant tolling); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (holding that attorney's negligence does not warrant tolling); *Marcello*, 212 F.3d at 1010 (ruling that tolling was not justified by opaque law and death of attorney's father). Relying again on the similarities between this case and *Lloyd*, the court notes that the Seventh Circuit rejected the argument in *Lloyd* that the state's failure to provide a copy of the trial transcript warranted tolling. *Lloyd*, 296 F.3d at 633. Based on this holding, and the litany of cases in which the Seventh Circuit failed to find "extraordinary circumstance[s]" necessary to justify tolling, the court cannot conclude that the failure of the CPD to turn over requested documents was so extraordinary as to justify tolling. Nor can petitioner show that the alleged "impediment" actually prevented him from filing his habeas petition. In fact, petitioner did file his petition without having received the documents. Petitioner's tolling argument, based on the missing documents, fails.

Next, petitioner argues that tolling is warranted because he received ineffective assistance of counsel. Specifically, he contends that his attorney on direct appeal did not notify him that the limitations period would run between the date his conviction became final and the date he filed a state postconviction petition. This argument is not persuasive for two reasons. One, as respondent points out, even if all of the time between his conviction becoming final and his filing his postconviction petition were equitably tolled, the petition would still be time-barred because petitioner allowed 415 days to lapse between the conclusion of his postconviction proceedings and his filing the instant federal habeas petition. Second, the Seventh Circuit has held that attorney negligence does not warrant tolling. *Taliani*, 189 F.3d at 598 (rejecting tolling argument where petitioner's attorney miscalculated the limitations period because of inadequate research). "The rationale is that attorney negligence is not extraordinary and clients, even if incarcerated, must

'vigilantly oversee,' and ultimately bear responsibility for, their attorneys' actions or failures." *Modrowski*, 322 F.3d at 968. For both these reasons, tolling is not applicable here.

Finally, petitioner claims that he is actually innocent, and is thus entitled to equitable tolling. The Seventh Circuit has already rejected such an argument. *Araujo v. Chandler*, 435 F.3d 678, 681 (7th Cir. 2005) (holding that actual innocence is not a freestanding exception to the time limits in Section 2244(d)).

## Conclusion

For all the reasons explained above, respondent's motion to dismiss is granted.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED: May 16, 2008

6

# United States District Court
## Northern District of Illinois
### Eastern Division

Kevin Patterson                 **JUDGMENT IN A CIVIL CASE**

         v.                                          Case Number: 07 C 6853

Jungwirth

☐      Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■      Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that respondent's motion to dismiss is granted. Civil case terminated.

                                                            Michael W. Dobbins, Clerk of Court

Date: 5/16/2008                                     _____
                                                            /s/ Rhonda Johnson, Deputy Clerk

APPEAL, ASHMAN, HABEAS, TERMED

# United States District Court
## Northern District of Illinois - CM/ECF LIVE, Ver 3.2.1 (Chicago)
## CIVIL DOCKET FOR CASE #: 1:07-cv-06853
### Internal Use Only

Patterson v. Jungwirth  
Assigned to: Honorable Joan B. Gottschall  
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 12/26/2007  
Date Terminated: 05/16/2008  
Jury Demand: None  
Nature of Suit: 530 Prisoner: Habeas Corpus  
Jurisdiction: Federal Question

**Petitioner**

**Kevin Patterson**  
*United States of America ex rel.*

represented by **Kevin Patterson**  
A-83515  
Moline - EMO  
100 Hillcrest Road  
East Moline, IL 61244  
PRO SE

V.

**Respondent**

**Gene Jungwirth**

represented by **Eric W Truett**  
Illinois Attorney General  
100 W. Randolph  
12th Floor  
Chicago, IL 60601  
312-814-4684  
Email: etruett@atg.state.il.us  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Service List**

represented by **Chief of Criminal Appeals**  
Attorney General's Office  
100 West Randolph - 12 Floor  
Chicago, IL 60601  
*ATTORNEY TO BE NOTICED*

**Prisoner Correspondence - Internal Use Only**  
Email: Prison1_ILND@ilnd.uscourts.gov  
*TERMINATED: 01/08/2008*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/04/2007 | 1 | RECEIVED Petition for Writ of Habeas Corpus and 1 copy by Kevin Patterson. (Attachments: # 1 Exhibit C# 2 Exhibit 3# 3 Exh#3) (Poor Quality Original - Paper Document on File.) (td, ) (Entered: 12/06/2007) |
| 12/04/2007 | 3 | APPLICATION by Petitioner Kevin Patterson for leave to proceed in forma pauperis (Exhibits). (td, ) (Entered: 12/06/2007) |
| 12/04/2007 | 4 | MOTION by Petitioner Kevin Patterson for appointment of counsel. (td, ) (Entered: 12/06/2007) |
| 12/04/2007 | 5 | POST MARKED envelope for initiating document by Kevin Patterson (Document not scanned) (aew, ) (Entered: 12/13/2007) |
| 12/05/2007 | 2 | CIVIL Cover Sheet. (td, ) (Entered: 12/06/2007) |
| 12/06/2007 |  | MAILED copy of petition for writ of habeas corpus to Chief of Criminal Appeals via certified mail, article number 7006 0100 0001 7313 8236. (td, ) (Entered: 12/06/2007) |
| 12/19/2007 | 6 | RETURN of U.S. Post Office Receipt, article number 7006 0100 0001 7313 8236, received on 12/10/2007. (td, ) (Entered: 12/21/2007) |
| 12/26/2007 | 7 | (Court only) RECEIPT regarding payment of filing fee paid; on 12/26/2007 in the amount of $5.00, receipt number 1116079. (td, ) (Entered: 01/02/2008) |
| 12/26/2007 | 8 | PETITION for writ of habeas corpus filed by Kevin Patterson against Gene Jungwirth Filing fee $ 5. (Attachments: # 1 Exhibit C# 2 Exhibit 3# 3 Exh#3) (Poor Quality Original - Paper Document on File.) (td, ) (Entered: 01/02/2008) |
| 01/08/2008 | 9 | MINUTE entry before Judge Joan B. Gottschall :Petitioner, Kevin Patterson, has filed a petition for habeas corpus relief pursuant to 28 U.S.C. section 2254, and has paid the $5 filing fee. 7 Petitioner's motion to proceed in forma pauperis 3 is denied as moot. Respondent is ordered to answer the petition or otherwise plead within 30 days from the date this order is entered on the docket. Petitioner's motion for appointment of counsel 4 is denied without prejudice.Mailed notice (gej, ) (Entered: 01/10/2008) |
| 01/14/2008 | 10 | ATTORNEY Appearance for Respondent Gene Jungwirth by Eric W Truett (Truett, Eric) (Entered: 01/14/2008) |
| 01/24/2008 | 11 | MOTION by Respondent Gene Jungwirth to dismiss (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E)(Truett, Eric) (Entered: 01/24/2008) |
| 01/24/2008 | 12 | NOTICE of Motion by Eric W Truett for presentment of motion to dismiss 11 before Honorable Joan B. Gottschall on 1/31/2008 at 09:30 AM. (Truett, Eric) (Entered: 01/24/2008) |
| 01/31/2008 | 13 | MINUTE entry before Judge Joan B. Gottschall :Briefing schedule as to MOTION by Respondent Gene Jungwirth to dismiss 11 is as follows : |

| | | |
|---|---|---|
| | | Responses due by 3/3/2008. Replies due by 3/17/2008. Ruling by mail. Mailed notice (rj, ) (Entered: 02/01/2008) |
| 03/11/2008 | 14 | RESPONSE to Respondents motion to dismiss 11 by Petitioner Kevin Patterson (Exhibits). (Poor Quality Original - Paper Document on File) (td, ) (Entered: 03/13/2008) |
| 03/11/2008 | 15 | NOTICE of Motion by Kevin Patterson for presentment of Response to Respondents motion to dismiss 14 . (Poor Quality Original - Paper Document on File) (td, ) (Entered: 03/13/2008) |
| 03/14/2008 | 16 | REPLY by Respondent Gene Jungwirth to Response 14 *to Respondent's Motion to Dismiss* (Truett, Eric) (Entered: 03/14/2008) |
| 05/16/2008 | 17 | MINUTE entry before the Honorable Joan B. Gottschall: Enter order. For the reasons explained in the attached order, respondent's motion to dismiss 11 is granted. Civil case terminated. Mailed notice (gmr, ) (Entered: 05/19/2008) |
| 05/16/2008 | 18 | ORDER Signed by the Honorable Joan B. Gottschall on 5/16/2008. (gmr, ) (Entered: 05/19/2008) |
| 05/16/2008 | 19 | ENTERED JUDGMENT. (gmr, ) (Entered: 05/19/2008) |
| 06/20/2008 | 20 | NOTICE of appeal by Kevin Patterson regarding orders 18 , 19 , 17 (Fee Due). (dj, ) (Entered: 06/23/2008) |
| 06/20/2008 | 21 | CERTIFICATE of appealability/application for certificate of Probable Cause (dj, ) (Entered: 06/23/2008) |
| 06/20/2008 | 22 | MOTION by Petitioner Kevin Patterson for certificate of appealability (dj, ) (Entered: 06/23/2008) |
| 06/20/2008 | 23 | MOTION by Petitioner Kevin Patterson for relief from judgment.(dj, ) (Entered: 06/23/2008) |