IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | | |
|---|---|---|
| KEVIN PATTERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 07 C 6853 |
| | ) | |
| GENE JUNGWIRTH, Warden, | ) | The Honorable |
| Pontiac Correctional Center, | ) | Joan B. Gottschall |
| | ) | Judge Presiding. |
| Respondent. | ) | |

_____

## RESPONSE TO PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Respondent files this Response to petitioner's motion for relief from judgment (Doc. 23) and states as follows:

1. This Court dismissed petitioner's federal habeas petition on May 16, 2008 because it was time-barred under 28 U.S.C. § 2244(d). (Doc. 17). The Court entered judgment in favor of respondent that same day. (Doc. 18). On June 20, 2008, petitioner filed a motion for relief from judgment. (Doc. 23). Because this motion was filed more than 10 days after the entry of judgment, it is governed by Fed. R. Civ. P. 60. *See, e.g., Helm v. Resolution Trust Corp.*, 43 F.3d 1163, 1166-67 (7th Cir. 1995). This Court should deny the motion because Rule 60 is not a substitute for a timely appeal, and petitioner has not identified any basis under Rule 60 for this Court to afford him relief from judgment. *See, e.g., Stoller v. Pure Fishing, Inc.*, 528 F.3d 478, 480 (7th Cir. 2008) ("A Rule 60(b) motion is not a

substitute for appeal") (citing *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)); *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 577 (7th Cir. 1997)); *accord Cash v. Illinois Div. of Mental Health*, 209 F.3d 695, 698 (7th Cir. 2000) ("The rule is not an alternate route for correcting simple legal errors. Rather, it exists to allow courts to overturn decisions where 'special circumstances' justify an 'extraordinary remedy.'") (quoting *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)).

### Rule 60(b) Provides Limited Grounds For Relief From Judgment

2. A habeas petitioner may seek relief from judgment under Fed. R. Civ. P. 60(b) provided that it is not the equivalent of a "second or successive habeas petition." *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). Petitioner's motion appears procedurally proper under *Crosby* because he is challenging as erroneous the Court's determination that his claims are time-barred. *See id.* at 535-36 ("Because petitioner's Rule 60(b) motion challenges only the District Court's previous ruling on the AEDPA statute of limitations, it is not the equivalent of a successive habeas petition."). This does not mean, however, that relief from judgment is warranted. To the contrary, petitioner's claims do not fall into any of the narrow Rule 60(b) categories and should instead be raised in a timely appeal.

3. Rule 60(b) provides that "[o]n motion and upon such terms as are just, the court may relieve a party . . . . from a final judgment . . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time

to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

4. Petitioner's motion does not identify which Rule 60(b) grounds support relief from judgment. Generously construed, and framed in the language of Rule 60(b), petitioner's motion advances two arguments : (1) the court and respondent erred in calculating the date on which judgment became final under Section 2244(d)(1)(A) (*see* Doc. 23 at 3), which may support relief pursuant to Rules 60(b)(1) and (b)(3), respectively; and (2) additional evidence supports petitioner's original request for equitable tolling and thus relief is available under Rules 60(b)(2) or (b)(6). Neither claim is well-founded.

### This Court Correctly Determined That The Petition Is Time-Barred Absent Equitable Tolling.

5. Petitioner's conviction was affirmed on direct appeal but the state appellate court vacated his sentence. (Doc. 11, Exh. A). Petitioner then filed a petition for leave to appeal (PLA) to the Supreme Court of Illinois challenging his conviction while he awaited resentencing. The Supreme Court of Illinois denied leave on December 3, 2003. Petitioner did not file a petition for a writ of certiorari to the United States Supreme Court prior to the March 3, 2004 deadline. Based on

these facts, respondent argued and this Court agreed that petitioner's judgment of conviction became final on March 3, 2004. (Doc 11 at 5); (Doc. 18 at 2-3).

6.　Petitioner argues that this Court and respondent erred in determining that the limitations period began on March 3, 2004. (Doc. 23 at 3). Petitioner maintains that the judgment was not final until June 7, 2006, the date on which time expired to seek leave to appeal to the Illinois Supreme Court following the state appellate court decision affirming his new sentence. (*Id.*); (*see also id.*, Exh. F). Phrased in the language of Rule 60(b), it appears that petitioner is arguing that relief from judgment is warranted either under Rule 60(b)(1) because the court made a mistake in calculating the date on which judgment became final under Section 2244(d)(1)(A) or under Rule 60(b)(3) because respondent made the same error. (Doc. 23 at 3). Either formulation of this argument fails for three reasons: (1) the judgment was correct even if respondent or this Court erroneously calculated the date on which judgment became final; (2) respondent and this Court correctly calculated that date; and (3) respondent's allegation of error is a pure question of law that is not the proper subject of a Rule 60(b) motion.

7.　Relief from judgment is not warranted because petitioner's allegation of error, even if correct, does not undermine the judgment. The latest date on which petitioner's conviction became final was June 7, 2006, the date on which time expired for him to file a PLA following his resentencing appeal.[1] (Doc. 23, Exh. F).

---

[1] Respondent confirmed with the Clerk of the Supreme Court of Illinois that petitioner did not file a petition for leave to appeal following his resentencing

4

In granting respondent's motion to dismiss, this Court held that 415 days lapsed between September 27, 2006, the date on which petitioners' state postconviction proceedings were no longer pending and the § 2244(d)(2) tolling period ended, and November 16, 2007, the earliest date on which the instant habeas petition was filed. (Doc. 18 at 3). Thus, even if petitioner is correct that his judgment of conviction became final in 2006 instead of 2004, he still has not accounted for the 415 untolled days between the conclusion of petitioner's postconviction proceedings in state court and his filing the instant petition.

8.    In any event, this Court properly held that petitioner's judgment of conviction became final on March 3, 2004. Petitioner maintains that the remand for resentencing means that the limitations period did not begin until his challenge to his sentence was concluded in 2006. (Doc. 23 at 4). Petitioner offers no citation in support of his understanding of § 2244(d)(1)(A). When respondent argued that the conviction was final on March 3, 2004, he staked out a legal position embracing a claim-by-claim approach to § 2244(d), whereby the limitations period on a claim relating to petitioner's conviction may begin at a different point in time than a claim relating to his sentence. *See, e.g., Burrell v. United States*, 467 F.3d 160, 164 (2d Cir. 2006); *Fielder v. Varner*, 379 F.3d 113, 120 (3d Cir. 2004); *United States v. Wilson*, 256 F.3d 217, 219-20 (4th Cir. 2004). Petitioner was free to disagree with

---

appeal, even after receiving an extension of time to June 7, 2006 in which to file one. Since he did not seek relief in the state's highest court, he is not entitled to an additional 90 days for the time during which he could have sought review in the United States Supreme Court. *See, e.g., Schoffner v. Hulick*, No. 06-CN-0626-DRH, 2007 WL 2301310, *3 (S.D. Ill. Aug. 9, 2007) (citing *Anderson*, 281 F.3d at 674-75).

respondent's position, *see, e.g., Lewis v. Maine*, 254 F. Supp. 2d 159 (D. Me. 2003), as this is an unsettled question in the Seventh Circuit, but he did not do so in his response, and is not entitled to relitigate this issue under the auspices of Rule 60(b). *See, e.g., Cash*, 209 F.3d at 698 (motion for relief from judgment is not a substitute for a timely appeal).

9. Petitioner cryptically argues that his attorney mislead him into filing a PLA, which then, for unstated reasons, means that his conviction did not become final until his appeal following resentencing was concluded. (Doc. 23 at 3 ("[Petitioner] was mislead by his attorney Emily Eisner who directed [him] to file a frivolous appeal to the Illinois Supreme Court, since the sentence of petitioner's conviction had been vacated.")). Even if true, this fact is of no significance. If petitioner had not filed a PLA with respect to his conviction, that judgment would have become final when time to appeal expired, months before the Supreme Court of Illinois actually denied leave to appeal. And, even if this claim were relevant, it is factually baseless. A July 7, 2003 letter from appellate counsel stated her opinion that "there is no merit to a rehearing petition or a petition for leave to the Illinois Supreme Court. (*Id*., Exh. C). This letter makes clear that, in spite of appellate counsel's belief that further appeal was not justified, petitioner could do so on his own. (*Id.* ("[i]f you choose on your own to appeal to the Supreme Court, your petition is required to be one of the following . . . ."). Appellate counsel's July 10, 2003 letter provides additional evidence that petitioner chose to appeal, stating that she filed an affidavit of intent to appeal "as [petitioner] requested." (*Id.*, Exh. D).

6

Thus, any suggestion that counsel mislead petitioner, or that his filing a PLA on direct appeal resulted in his claims being time-barred, is not well-founded.

### This Court Correctly Determined That Petitioner Is Not Entitled To Equitable Tolling.

10. Petitioner's response raised a number of equitable tolling arguments that this Court rejected in granting respondent's motion to dismiss. (Doc. 14 at 6-7); (Doc. 18 at 4-6). He now asserts new arguments in support of his claim for equitable tolling. Couched in the language of Rule 60(b), it appears that petitioner is arguing that newly-discovered evidence warrants relief under Rule 60(b)(2) or that these arguments support relief under Rule 60(b)(6)'s "catch-all" provision.

11. Relief from judgment is not warranted under Rule 60(b)(2) because the allegations concerning the prison law library, even if true, do not constitute "newly discovered evidence." Petitioner had knowledge of the alleged deficiency in the prison law library at the time he filed his response. (Doc. 23 at 6-7 (stating that petitioner requested a transfer in 2007 "specifically for better access to a law library facility")). And he was aware that he could argue that such circumstances might give rise to equitable tolling, given that he raised a number of equitable tolling defenses in his response. (Doc. 14 at 5-6). Petitioner's failure to raise this claim in his response to the motion to dismiss does not justify relief pursuant to Rule 60(b)(2). *See, e.g., Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1434 (7th Cir. 1996).

12. Petitioner has also failed to demonstrate that relief from judgment is warranted under Rule 60(b)(6). Supreme Court caselaw has "required a movant

7

seeking relief under Rule 60(b)(6) to show 'extraordinary circumstances' justifying the reopening of a final judgment." *Crosby*, 545 U.S. at 535 (citing, *e.g.*, *Ackermann v. United States*, 340 U.S. 193, 199 (1950)). Petitioner has not shown extraordinary circumstances that justify reopening of the judgment or that warrant equitable tolling. To the contrary, numerous cases hold that prison lockdowns and limited library access are normal incidents of prison life. *See, e.g., Ruiz v. Herrea*, No. 99 C 3572, 2000 WL 1273448, *5 (N.D. Ill. Sept. 6, 2000); *Posada v. Schomig*, 64 F.Supp.2d 790, 796 (C.D. Ill. 1999) ("Petitioner's fairly 'run-of-the-mill' claims that he was misled by his appellate counsel and that the prison was sometimes on lockdown do not establish 'extraordinary circumstances' justifying equitable tolling."); *Murphy v. Runnels*, No. No. 05 C 00186, 2006 WL 2785522, *7 (E.D. Cal. Sept. 26, 2006) ("In general, unpredictable lockdowns or library closures do not constitute extraordinary circumstances warranting equitable tolling"); *id.* (noting that the petitioner "failed to demonstrate that the lockdowns he experienced, and the resulting limited law library access, substantially interfered with the entire year [he] had to file his federal petition"); *Corrigan v. Barbery*, 371 F.Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library, and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); *Lindo v. Lefever*, 193 F.Supp.2d 659, 663 (E.D.N.Y. 2002) ("[t]ransfers between prison facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court

documents do not qualify as extraordinary circumstances"); *Saldana v. Artuz*, No. 99 C 5089, 2000 WL 1346855, *2 (S.D.N.Y. Sept. 19, 2000) (rejecting petitioner's equitable tolling claim — based partly on contention that petitioner spent six months on lockdown and had difficulty accessing library books — noting that "[h]ardships associated with prison conditions do not constitute the rare circumstances under which equitable tolling is granted"); *Atkins v. Harris*, No. 98 C 3188, 1999 WL 13719, *2 (N.D. Cal. Jan. 7, 1999) ("[L]ockdowns, restricted library access and transfers do not constitute extraordinary circumstances sufficient to equitably toll the [AEDPA] statute of limitations. Prisoners familiar with the routine restrictions of prison life must take such matters into account when calculating when to file a federal [habeas] petition . . .").

      13.    Even if petitioner had demonstrated "extraordinary circumstances" that might entitle him to equitable tolling, it does not follow that he has shown "extraordinary circumstances" that warrant relief from judgment. Rule 60(b)(6) demands that a litigant be diligent in presenting his arguments to the district court; a person cannot show "extraordinary circumstances" on the basis of an argument that he could have presented to the court prior to its entering judgment. *Cf. Crosby*, 545 U.S. at 537. Petitioner could have raised these equitable tolling arguments in his response to respondent's motion to dismiss; as noted above, petitioner's statement that he requested a prison transfer in order to obtain a better law library is proof of his prior knowledge of the conditions on which he bases his new equitable tolling argument.

14.     Thus, petitioner has shown neither "extraordinary circumstances" that would warrant equitable tolling nor "extraordinary circumstances" to satisfy Rule 60(b)(6)'s stringent limitation on relief from judgment.

## **CONCLUSION**

This Court should deny petitioner's motion for relief from judgment. Should this Court grant petitioner's motion, respondent respectfully requests 30 days from the Court's order granting the motion to address the merits and/or procedural defaults of the claims in a subsequent submission.

August 15, 2008                                        Respectfully submitted,

                                                                                            LISA MADIGAN
                                                                                           Attorney General of Illinois

                                                                    By:   s/Eric W. Truett
                                                                            ERIC W. TRUETT BAR # 6291213
                                                                            Assistant Attorney General
                                                                            100 W. Randolph Street., 12th Floor
                                                                            Chicago, Illinois 60601-3218
                                                                            PHONE: (312) 814-4684
                                                                            FAX: (312) 814-2253
                                                                            E-MAIL: etruett@atg.state.il.us

CERTIFICATE OF SERVICE

I hereby certify than on August 15, 2008, I electronically filed respondent's **RESPONSE TO PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same day mailed a copy of this response via the United States Postal Service to the following non-CM/ECF user:

Kevin Patterson
No. A83515
East Moline Correctional Center
100 Hillcrest Road
East Moline, Illinois 61244

           Respectfully submitted,

           LISA MADIGAN
           Attorney General of Illinois

By:  s/Eric W. Truett
      ERIC W. TRUETT, Bar # 6291213
      Assistant Attorney General
      100 W. Randolph Street, 12th Floor
      Chicago, Illinois 60601-3218
      PHONE: (312) 814-4684
      FAX: (312) 814-2253
      E-MAIL: etruett@atg.state.il.us